1   Joaquin Andres Acosta

2   PO Box 2889

3   Big Bear Lake, California

4

5

6

7                   United States District Court
                411 W. Fourth Street, Santa Ana, California
8              Central District of California - Eastern Division

9

10   Joaquin   Andres   Acosta,   my   heirs,    No. ED 5:18-cv-00369-CJC-ADS
     successors, assigns and agents
11
                                                 Notice and Motion to Enter Defaults of:
     v.
12
                                                 United States of America;
13   United States of America,
                                                 United States Attorney General;
14   U.S. Forestry San Bernardino National
     Forest,                                     U.S. Forestry San Bernardino National
15                                               Forest;
     United States Attorney General,
16                                               Mark  R.  Snyder,  and  his  domestic
     United States Deputy Attorney Anwar         partner/spouse,
17   Khan, and his domestic partner/spouse,
                                                 Eileen  M.  Decker,  and  her  domestic
18   Mark  R.  Snyder,  and  his  domestic       partner/spouse,
     partner/spouse,
19                                               Deveree  Kopp,  and  her  domestic
     Eileen  M.  Decker,  and  her  domestic     partner/spouse,  as  they've  individually
20   partner/spouse,                             failed  to  answer  or  defend  against  the
                                                 lawsuits filed against them;
21   Joseph  B.  Widman,  and  his  domestic
     partner/spouse,                             Motion to Enter Defaults:
22                                               Memorandum of Points and Authorities;
     Deveree  Kopp,  and  her  domestic          Certificate of Service;
23   partner/spouse,                             Proposed Order.
                                                             8
24   unknown men/women, and each of their
     assumed/presumed betrothed/spouse and or    Date: ⅩAugust, 2018
25   domestic partners who assisted the above    Time: 10:00 a.m.
     identified individuals,
26                                               Hon. Autumn D. Spaeth.
     Etc., Etc., Etc.                            ADS_Chambers@cacd.uscourts.gov
27                                               United States Magistrate/Judge.

28

### Notice of Motion

PLEASE TAKE NOTICE that Claimants Joaquin Andres Acosta, my heirs, successors, assigns and/or agents will move this Court on August 9/ 2018, for (1) Entries of Defaults; and, for Default judgments by Court of the following parties:

United States of America;

United States Attorney General;

U.S. Forestry San Bernardino National Forest;

Mark R. Snyder, and his domestic partner/spouse,

Eileen M. Decker, and her domestic partner/spouse,

Joseph B. Widman, and his domestic partner/spouse,

Deveree Kopp, and her domestic partner/spouse,

as they've individually failed to answer or defend against the lawsuits filed against them within the time allowed.

The motion will be made in Courtroom 6B before Hon. Autumn D. Spaeth, United States Magistrate/Judge, located at 411 West Fourth Street, Santa Ana, California, 92701. This motion entries of defaults are made pursuant Federal Civil Rule 55(a) because the clerk has failed to enter said defaults in timely manner as required by law; and, for default judgment pursuant Rule 55(b)(2). This is also based on the California Code of Civil Procedure §585(a), and/or §585(b); Code of Civil Procedure §§585(b), 585(c), 989, etc. Each of the foregoing rules and procedures shall address the Defendants/Respondents individual failures to answer or defend against the lawsuits filed and served upon them.

The motion is based on this Notice of Motion, the motion itself, including all attached memoranda and authorities set forth therein, the pleadings, motions and records in these matters, and upon such other documentary evidence and arguments presented as the hearing.

Pursuant Local Rule 7-5, the undersigned attempted to communicated with purported

1  defendants/respondents counsel, United States Attorney and or one of their assistants,  who

2  identified himself/herself as: Richard Park, on July 3, 2018. Richard Park failed to answer

3  telephone call or return call.  And another call was placed on July 9, 2018.

4

5  This __12__ day of July, A.D. in the Year of Our Lord, two thousand eighteen.

6

7  _Joaquín Andrés Acosta_

8  Joaquín Andrés Acosta

**MOTION**

or

I hereby move the court on the ~~First~~ day of August 2018, to:

(1) Enter defaults of non responding defendants:

United States of America;

United States Attorney General;

U.S. Forestry San Bernardino National Forest;

Mark R. Snyder, and his domestic partner/spouse,

Eileen M. Decker, and her domestic partner/spouse,

Joseph B. Widman, and his domestic partner/spouse,

Deveree Kopp, and her domestic partner/spouse,

as they've individually been served a summons and claims, and have failed to answer or defend against the lawsuits filed against them within the time allowed.

I hereby am entitled to the following relief:

Entries of defaults of

United States of America
United States Attorney General;
U.S. Forestry San Bernardino National Forest;
Mark R. Snyder, and his domestic partner/spouse,
Eileen M. Decker, and her domestic partner/spouse,
Deveree Kopp, and her domestic partner/spouse,

Based on the federal rules of civil procedure, rules 55(a); Civil Code of Procedure, rule 585(a) and/or 585 (b), and identifying cases that support such rulings.

By: _Joaquin Andres Acosta_

Joaquin Andres Acosta.

Page 1 of 1

## Memorandum of Points and Authorities

### I. Introduction.

These actions arose from (1) an unlawful arrest, (2) unlawful seizure of my person and property without the benefit of a warrant (3) malicious prosecution, (4) trial without a jury-though demanded (on January 27, 2017), and many other unlawful actions/crimes committed against me as identified in my claims by the United States of America, U.S. Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp, United States Deputy Attorney Anwar Khan, Eileen M. Decker, Joseph B. Widman. The matter arose in August 2015, in Big Bear Mountain where I was performing my individual/community duty of performing fire suppression activities with equipment that I owned/still own, and was closest to the scene, which, under federal regulations, I was not liable criminally or civilly. U.S.D.C. CDC, No. CVB No. FAEY000Q/CC71, charged with 36 C.F.R. §261.9(a).

I was erroneously charged on August 23, 2015 under 36 C.F.R. 261.9(a). In spite of me requiring my right in writing for a "trial by jury," under the Seventh Article in Amendment, because the controversy exceeded twenty dollars. The offense I was charged with (though acquitted) was a Class B misdemeanor, with punishment for the offense of imprisonment of not more than six months, and a fine of not more than $5,000, and restitution of more than $46,000 dollars. In spite of the Constitutional requirement of my right to Trial by Jury, Judge Sheri M. Pym unconstitutionally and under color of authority gave me a bench trial violating my right to "trial by jury." After the Trial, I was acquitted by Magistrate/judge Sheri Pym, of all of the criminal charges in January 2017. In Judge Pym's very own words: "...the regulations at issue provide for an exception for all of the offenses listed in 36 C.F.R. Part 261: " the government was seeking a substantial amount of restitution...None of these prohibitions apply to any person engaged in fire suppression actions." 36 C.F.R. §261.1(d)....although defendants actions were unauthorized, the plain language of §261.1(d) does not except only persons in authorized fire suppression actions:

1  it simply excepts from Part 261's prohibitions "any person engaged in fire suppression

2  actions"...defendant's actions werre, under all the circumstances, they are fairly characterized

3  as legitimate fire suppression actions within the plain meaning of §261.1(d)....the court

4  concludes the government has not proved beyond a reasonable doubt that defendant was not

5  engaged in fire suppression actions...the court finds defendant Joaquin A. Acosta not guilty."

6

7  When I presented my defense at arraignment of 36 C.F.R. §261.1b, and to the United States

8  Attorney, and all of the United States employees (Anwar Khan, Mark R. Snyder, Deveree

9  Kopp, Eileen Decker, and Joseph B. Widman), who were present, that I was expressly

10  exempt from being charged, the Court, prosecution and these employees kept the case

11  moving in a witch hunt fashion.  Each knew that I could not be prosecuted, but they

12  intentionally ignored the law, and held me for a year and a half only to try me and being

13  acquitted.  Their actions were and as demonstrated in this action, and motion, done in bad

14  faith and intentional, meant to deprive me of my rights.  Hence, the present lawsuits against.

15  them; Hence, the present continued efforts by the United States to deprive me of my rights

16  in this lawsuits by any means possible.

17  **II. Entries of Defaults**

18

19      Federal Rules of Civil Procedure, Rule 55 - Default; Default Judgment,  provides:

20

21          (a) Entering a Default. When a party against whom a judgment for affirmative
           relief is sought has failed to plead or otherwise defend, and that failure is
22          shown by affidavit or otherwise, the clerk must enter the party's default.

23          (b) (2) By the Court. In all other cases, the party must apply to the court for a
24          default judgment.

25          (d) (d) Judgment Against the United States. A default judgment may be
26          entered against the United States, its officers, or its agencies only if the
           claimant establishes a claim or right to relief by evidence that satisfies the
27          court.

28

In this matter, the United States of America, U.S. Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp, Eileen M. Decker, Joseph B. Widman were served summonses and claims.

**A. 45 Day Extension Granted to United States, U.S. Forestry San Bernardino National Forest, Mark R. Snyder and Deveree Kopp Only.**

Further, it appears that the Assistant United States Attorney Richard M. Park has appeared and filed an 45 day Ex parte motion for an extension of time to answer, for United States of America, U.S. Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp. PARK was granted his motion.

Further, PARK purportedly received authorization from the Attorney General or his delegate to represent SNYDER and KOPP in their individual/personal capacity lawsuits filed against them. However, I have not seen or been presented with any "delegation of authority" for the United States to represent SNYDER or KOPP in this matter, and believe non exists.

Further, Eileen M. Decker was served, and failed to answer by May 6, 2018.

Further, I filed a request for entry of default on the Ninth day of May, 2018.

Further, the clerk of the court on the Eleventh day of may failed and refused to enter said default giving the implausible excuse: The clerk cannot enter the requested relief as Order Approving Ex Parte Application For an Extension of Time To File Answer Or Motion was granted by Magistrate/Judge Karen L. Stevenson until June 19, 2018 to answer, move or otherwise respond to Plaintiff's complaint.

Further, the Requests for Entries of Defaults were labeled in the Court's docket as "motions," not as requests. The same have and were placed on pacer and remains mis-identified as "motions", when clearly they were not.

**B. Eileen Decker Nor Joseph B. Widman  Were Not  Included  in  the 45 Day Extension.**

1    Further, Eileen Decker was not part of the Ex Parte Motion for An Extension of time.

2    Therefore, said denial was a denial of my substantial right to enter default against Decker;

3    and, this is a continued Obstruction of Justice committed by the clerk.

4

5    **C. Clerks Have Continually Rejecting To Perform Their Duties Under Rule 55(a)**

6    Further, shortly after the rejection by the clerk, I called and spoke with the clerk. She

7    looked up the case, after I pointed out that the Ex parte order did not include Decker. She

8    said "there's nothing I can do." I did my best to motivate her to do her job, but said

9    motivational suggestions did not pass the barrier, from her ears to her brain.

10

11   **D. AUSA'S Notice of Motion (to Dismiss) Is Fatally Defective and Must Be**

12   **Stricken with Prejudice.**

13   Further, On 6/19/2018 a purported NOTICE OF MOTION AND MOTION TO

14   DISMISS CASE was filed by Assistant United States Attorney, Richard Park.

15

16   Further, after receiving the purported NOTICE OF MOTION AND MOTION, the

17   DECLARATION IN SUPPORT, A PROPOSED ORDER AND PROOF OF SERVICE I

18   examined and read the Caption page for the DATE AND TIME OF HEARING, but it was

19   absent. I performed some research on the matter, and discovered that procedure, rules of

20   Court and Local Rules required complete compliance with all set forth thereunder. I also

21   found state and federal cases and authorities which mentioned that any Notice of Motion that

22   does not contain a date and time, and other things such as a judge's name, place of hearing,

23   when the action was filed, and trial date were fatally defective, as each of the items if known

24   are always required to be on the face of the pleading itself. All of these were absent.

25   Further, on Thursday, June 26, 2018, I called the Clerks office to see if any hearing

26   date was set. Clerk said "there are no dates reserved for the motion to dismiss."

27

28

1    Further, there are/were no dates on www.pacer.gov confirming a hearing for the
2  Motion to Dismiss.

3    Further, this motion is brought concurrent with a motion to strike the notice
4  of motion, and motion, memorandum, declaration and proof of service, based on the
5  failure of the defendants failure to comply with procedure, rules of court regarding
6  giving proper notice, which law, procedure and rules requires including a date and time
7  for the hearing of the motion. The _date and time are absent in the Notice_, and therefore
8  said _Notice is fatally defective, and must be stricken with prejudice_.

9

10  The Assistant United States Attorney, Richard M. Park filed in BAD FAITH, a
11  Notice and Motion to Dismiss, that failed to contain a hearing date and time. The Rules
12  of Procedure require that a hearing date and time along with other requirements be complied
13  with. Here, this did not happen. If fact where the caption states DATE and TIME, it
14  contained to following:    "Hearing Date/Time"
15                            [Under Submission].

16

17    This **Notice is fatally defective**, since Procedure requires a hearing date and time to
18  be set on the face of the pleading itself, but is absent. See C. R. C. , Rule 3.1110, and Cal.
19  Pretrial Practice and Forms §4:64.

20

21  **C.R.C. Rule 3.1110 (amended 2017) provides:**

22
23    (a) Notice of motion. A notice of motion must state in the opening paragraph the
     nature of the order being sought and the grounds for issuance of the order.

24
25    (b) Date of hearing and other information. The first page of each paper must specify
     immediately below the number of the case:

26
27      (1) The **date, time, and location** ..of any scheduled hearing and the name of
       the hearing judge, if ascertainable.;
28

*a*

(2) the nature or title of any attached document other than an exhibit;

(3) The date of filing of the action; and;

(4) The trial date, if set.

Pursuant California Rules of Court, Rule 3.1110, the Contents of the Notice must state: When the hearing will be held (court date, and time); The grounds upon which it will be made; and, the papers, if any upon which it is to be based. The date of the hearing was not indicated otherthanwise "UNDER SUBMISSION." This does not qualify for the date requirement under Rule 3.1110(b)(1).

**California Pretrial Practice and Forms §4:64: Contents of Notices.**

The notice of a motion, other than for a new trial, must state:

- When the hearing will be held (court, date, and time);
- The grounds upon which it will be made; and
- The papers, if any, upon which it is to be based.
- [C.C.P. §1010; C.R.C. 3.1110]

The said Notice filed on 6-19-2018, failed to comply with C.C.P. §1010, and C.R.C. Rule 3.1110.

Moreover, California Code of Civil Procedure, Section 1010, requires all of the following:

Notices must be in writing, and the notice of a motion, other than for a new trial, must state when (the motion is to be heard)(emphasis mine.), and the grounds upon which it will be made, and the papers, if any, upon which it is to be based. If any such paper has not previously been served upon the party to be notified and was not filed by him, a copy of such paper must accompany the notice. Notices and other papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code. No bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served upon any party whose default has been duly entered or who has not appeared in the action or proceeding. (Amended by Stats. 1935, Ch. 722.)

Moreover, the Notice where it was supposed to indicate when the motion would be

1 | heard stated:      "Hearing Date/Time"

2 |                    [Under Submission].

3 |
4 |      Said Notice is fatally defective because it failed to comply with the Code of Civil

   | Procedure §1010, as it failed to contain the **date when the hearing was scheduled and to**
5 |
   | **be heard**. In this case, no scheduling of the motion happened.  Said Notice is defective and
6 |
7 | must be stricken with prejudice.

8 |      Further, since the respondents purported "Notice" <u>failed to include the Hearing Date</u>,

9 | and Time is fails and is **wholly inadequate and fatally defective**, according respectively to

10 | *Galleria Plus, Inc., v. Hanmi Bank*, 179 Cal.App. 4th 535, 101 Cal.Rptr. 3d 803 (2009);

11 | *Li v. Majestic Industrial Hills LLC* (2009) 177 Cal.App.4th 585, 591, 99 Cal.Rptr.3d 334.

12 | See also California Pretrial Practice and Forms §4:64: Contents of Notices; also see

13 | C.C.P. §1010; and, C.R.C. 3.1110.

14 |      *Galleria Plus, Inc. v. Hanmi Bank*, 179 Cal.App.4th 535, 101 Cal. Rptr. 3d 803 2009
15 |      Cal App LEXIS 1856 (Cal. App., 2009):  **If the document <u>fails to specify when the</u>**
16 |      **<u>motion will be made</u>, it is <u>fatally defective</u>**.

17 |      *Li v. Majestic Industrial Hills LLC* (2009) 177 Cal.App.4th 585, 591, 99 Cal.Rptr.3d
18 |      334.  "...a notice of a motion "must state when ... it will be made....".

19 |      "failure to comply with technical form as well as failure to state with particularity
20 |      grounds of motion will lead to dismissal of motion." *Riley v. Northwestern Bell Tel.*
21 |      *Co.*, 1 F.3d 725, 726-727 (8th Cir. 1993).

22 |      "Notice given by moving party was insufficient". *Arreola Rand v. Rowland*, 113 F.3d
23 |      1520, 1522-24 (9th Cir. 1997)

24 |
25 |      Further, the notice and motion to dismiss was submitted in bad faith for failure to give

   | fair notice.
26 |
27 |      Further, We do not believe it was done inadvertently, or by mistake, but was a
28 |

1  Strategic Decision not to place the date and time of the motion.  It was not "excusable

2  neglect" *Slaughter v. Southern Talc Co.*, 919 F.2d 304 (5th Cir. 1990)- "affidavits that not

3  filed by deadline properly rejected because they were the result of strategic decision by the

4  party, not excusable neglect."

5

6  **E. The Notice and Motion to Dismiss were filed in Bad Faith.**

7  
        Further, the Court must enter the defaults as Sanction for BAD FAITH conduct.

8

9  
        Moreover, when we spoke to Richard M. Park (AUSA) on 9th day of July, 2018, he

10  said "we always file Notices and Motions without setting a date and time all the time." We

11  did mention that this is a failure to comply with law, state and federal procedures, Rules of

12  Court, and Local Rules.  He continued with "there's nothing wrong with the way we file

13  these types of motions," yet he hung the telephone up on us, and when we called again, he

14  did not pick up the telephone.  So we left a message, which was not returned.

15

16  
        Moreover, when we spoke to Richard M. Park (AUSA) on 9th day of July, 2018,

17  about us wanting him to withdraw his fatally defective Notice and Motion, because said

18  Notice did not meet all the requirements (C.C.P. §1010, and C.R.C. 3.110, and the

19  requirements of meet and confers, and he said "we always file Notices and Motions without

20  setting a date and time all the time."  We did mention that this was and is a failure to comply

21  with law, state and federal procedures, Rules of Court, and California Procedure (C.C.P.

22  §1010, and Rules (C.R.C. 3.110) ).  He continued with "there's nothing wrong with the way

23  we file these types of motions."  When we told him if he did not withdraw the fatally

24  defective Notice and Motion to Dismiss, we will be filing a Motion to Strike.  At this point

25  he immediately without warning  hung the telephone up on us.  We then called him again.

26  He did not pick up the telephone, so we left a message, which was not and has not been

27  returned.

28

12

**F.  Purpose of Default Procedures**

**Civil Procedure Before Trial (Rutter Group California Practice Guide):**

> **6:10.  PURPOSE OF DEFAULT PROCEDURES**: Default proceedings protect diligent parties from delay and uncertainty caused by unresponsive parties. A default ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.* (7th Cir. 1996) 73 F3d 711, 716 (internal quotes omitted); *Boland v. Yoccabel Const. Co., Inc.* (D DC 2013 293 FRD 13, 17–default protects diligent party from "interminable delay and continued uncertainty as to his rights".

**Civil Procedure Before Trial (Rutter Group California Practice Guide) - Default as Sanction for "Bad Faith" Conduct**, §6:12.1, provides:

> Courts also have inherent equitable power to sanction a party or counsel for "bad faith" conduct in litigation. *Roadway Express, Inc., v. Piper*, (1980) 447 U.S. 752, 764-786, 100 S.Ct. 2455, 2463-2464; and §17.690 ff.

> This Court must enter defaults as they have in "bad faith" filed a motion knowing that it was fatally defective and adequate, as it was a Strategic Decision not to place the date and time for hearing of the motion.  It was not "excusable neglect" *id. Slaughter, supra.*

In compliance with the federal and state meet and confer requirements, I complied by calling the Assistant United States Attorney, Richard Park's Office on July 3, 2018 and July 9, 2018 to discuss my Motion to Strike.  When he did not answer on or after July 3rd, I left a voice mail regarding my wish to discuss my filing a Motion to Strike and Entry of Defaults (and withdrawi ng his motion to dismiss).  Since placing the call, he and no other person from his Office has returned my call.

**IV.  Conclusions.**

Defendants/Respondents United States of America, U.S. Forestry San Bernardino

1  National Forest, United States Attorney General, Assistant United States Attorney Anwar

2  Khan, Mark R. Snyder, Deveree Kopp, Joseph B. Widman, Eileen Decker are sued.

3

4      The Assistant United States Attorney, Richard M. Park filed an ex parte motion asking

5  for a 45 day extension, without having first having a meet and confer that met the

6  requirements of "in person or by telephone".  Therefore, said meet and confer requirement

7  was not met, making the Ex parte motion void/voidable. Said motion was made in bad faith.

8

9      Said 45 day extension was granted to United States of America, U.S. Forestry San

10  Bernardino National Forest, United States Attorney General, Mark R. Snyder, Deveree

11  Kopp.

12

13      Defendants/non-respondents, the United States of America, U.S. Forestry San

14  Bernardino National Forest, Attorney General, in their joint Notice and Motion to Dismiss,

15  said Notice failed meet and to comply with the requirements of C.C.P. §1010, and C.R.C.

16  3.110 which requires notice to include a date for the hearing of the motion.  When we spoke

17  with Richard M. Park on July 9, 2018 about us wanting him to withdraw his fatally defective

18  Notice and Motion, because said Notice did not meet all the requirements (C.C.P. §1010, and

19  C.R.C. 3.110, and the requirements of meet and confers, and he said "we always file Notices

20  and Motions without setting a date and time all the time." We did mention that this was and

21  is a failure to comply with law, state and federal procedures, Rules of Court, and Local Rules

22  (C.C.P. §1010, C.R.C. 3.110).  We also did mention that we did not consent to any hearing

23  dates being set, and did not consent to any hearings based on the defective Notice. He

24  continued with "there's nothing wrong with the way we file these types of motions." We also

25  said "we are requiring you to file another Notice. Which he refused. Further, we said, "if you

26  do not withdraw the defective Notice and Motion we'll be filing a Motion to Strike.  When

27  we mentioned this, he hung the telephone up on us, and when we called again, he did not

28  pick up the telephone. So we left a message, which was not returned. Therefore, the Notice

14

1   was filed in bad faith, and is fatally defective, and must be stricken with prejudice.

2

3       Upon information and belief, We believe Defendants/(non)Respondents, Mark R.

4   Snyder, and Deveree Kopp, who are sued in their individual/personal capacities may have

5   requested the United States Attorney General for representation prior to the 45 day.

6   Moreover, there is no proof in the record of this happening.

7

8       Upon information and belief, We believe that the Defendants/(non-responding)

9   Respondents Mark R. Snyer and Deveree Kopp have not received authorization from the

10  Attorney General or his delegate, any authorization to be represented by the United States

11  Attorney, and believe non exists, as there is no proof in the record of this case for said

12  representation. Further, said fatally defective Notice and the Motion to Dismiss was either

13  filed without authority from the Attorney General, or was based on the local branch of the

14  United States Attorney's Office decision to represent SNYDER and KOPP despite no

15  authority was given. If this is the case, then SNYDER and KOPP's names must be stricken

16  from the Notice and Motion to Dismiss, as well.

17      If the motion is not granted We will be irreparably harmed.

18

19      We are (en) titled to relief as specified.

20
## V. Relief
21

22  1. Order the United States Attorney to Produce the Authority to Represent Mark R.

23  Snyder to represent Mark R. Snyder and Deveree Kopp.

24

25  2. Strike with prejudice, all of the following:

26      Notice of Motion to Dismiss Case;

27      Motion to Dismiss;

28      All declarations in support thereof;

15

1       Proof of Service supporting Notice and Motion to Dismiss Case;

2       Proposed Order.

3

4  3. Strike with prejudice defendant/non-respondent Mark. R. Snyder from:

5       Notice of Motion to Dismiss Case;

6       Motion to Dismiss Case;

7       All declarations in support thereof;

8       Proposed Order;

9       Proof of Service supporting Notice and Motion to Dismiss Case;

10  4. Strike defendant/non-respondent Deveree Kopp from:

11       Notice of Motion to Dismiss Case;

12       Motion to Dismiss Case;

13       All declarations in support thereof;

14       Proposed Order;

15       Proof of Service supporting Notice and Motion to Dismiss Case;

16  5. Issue a protective order prohibiting the United States Attorney from filing any renewed

17  or new motions to dismiss for the same party, or any other defendant/non responding party,

18  as the time for doing so has passed, and would be untimely.

19

20  6. Enter the defaults of:

21       United States of America,

22       U.S. Forestry San Bernardino National Forest,
         United States Attorney General,

23       Mark R. Snyder, and his domestic partner/spouse,

24       Eileen M. Decker, and her domestic partner/spouse,

25       Deveree Kopp, and her domestic partner/spouse,

26  though there was a Notice and Motion to Dismiss the Cases against these parties, Said

27  notices of motion are and remains defective, and since the Notice is fatally defective, upon

28  being stricken, it is required that my previous requests to enter default must be entered now

1   as a matter of law, and as a matter of right, as these parties have failed to Answer or Defend

2   against the lawsuits timely.

3

4   7. Any supplemental relief.

5

6   This _12_ day of July, A.D. in the Year of Our Lord, two thousand eighteen.

7

8                                           By: _____

9                                               Joaquin Andres acosta.

10  Annexations:

11      United States of America,
        U.S. Forestry San Bernardino National Forest,
        United States Attorney General,
12      Mark R. Snyder, and his domestic partner/spouse,
        Eileen M. Decker, and her domestic partner/spouse,
13      Deveree Kopp, and her domestic partner/spouse

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joaquin Andres Acosta<br>P.O Box 2889<br>Big Bear Lake, CA<br><br>TELEPHONE NO.:                FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br><br>ATTORNEY FOR *(Name)*:  Plaintiff in Pro-Per | |

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

STREET ADDRESS:  255 W. Temple Street
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  Central District of California

| PLAINTIFF/PETITIONER: JOAQUIN ANDRES ACOSTA et al. | CASE NUMBER:<br>EDCV18-00369 |
|---|---|
| DEFENDANT/RESPONDENT: UNITED STATES OF AMERICA et al. | |
| **PROOF OF SERVICE OF SUMMONS & COMPLAINT** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Notice of Judge Assignment and Reference to A United States Magistrate Judge
   d. ☐ Civil Case Cover Sheet & Addendum *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served): UNITED STATES ATTORNEY GENERAL*

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 950 PENNSYLVANIA AVENUE, NW, ROOM B-103, WASHINGTON D.C. 20530

5. I served the party (check proper box)
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*        (2) at *(time):*
   b. ☐ by substituted service. On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from *(city):*        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

18

| PLAINTIFF/PETITIONER: JOAQUIN ANDRES ACOSTA et al. | CASE NUMBER |
|---|---|
| | EDCV18-00369 |
| DEFENDANT/RESPONDENT: UNITED STATES OF AMERICA et al. | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section):*
    By Certified mail first class on 04/12/18 from Los Angeles, CA 90014

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Jesus Alvarez
  b. Address: 316 W. 2nd Street, Suite 1110, Los Angeles, CA 90012
  c. Telephone number: (213) 922-9400
  d. The fee for service was:
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner ☐ employee ☒ independent contractor.
      (ii) Registration No.: 6585
      (iii) County: Los Angeles

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 12, 2018

Jesus Alvarez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) ▶ _____ (SIGNATURE)

19

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Joaquin Andres Acosta<br>P.O. Box 2889<br>Big Bear, CA 92315<br>Attorney(s) for: Plaintiff in Pro-Per<br>Ref: | | | | FOR COURT USE ONLY |
|---|---|---|---|---|
| UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA | | | | |
| Plaintiff: JOAQUIN ANDRES ACOSTA et al.<br><br>Defendants: UNITED STATES OF AMERICA et al. | | | | |
| **PROOF OF MAILING** | HEARING DATE: | TIME: | | CASE NUMBER:<br>EDCV18-003669 CJC(KS) |

*At the time of mailing, I was at least 18 years old and not a party to the action:*

1. I mailed the following documents:
   - SUMMONS
   - COMPLAINT
   - NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

   *Addressed as follows:* *UNITED STATES ATTORNEY GENERAL*
   *950 PENNSYLVANIA AVENUE, NW, ROOM B-103*
   *WASHINGTON D.C. 20530*



Manner of Service: U.S. Postal Service First Class Mail (Certified Mail)

Date of Mailing: 04/12/2018

Place of Mailing: Los Angeles, California 90014

*I received this document(s) for service on (date):* 03/06/18

*Person serving:*
Gonzalo Ponce
*GLOBAL NETWORK LEGAL SUPPORT*
*316 W. 2nd Street, Suite 1110*
*Los Angeles, California 90012*
*(213) 922-9400*

a. *Fee for service $*
b. ☐ *Is not a Registered California Process Server*
c. ☒ *Is a Registered California Process Server*
d. ☒ *Employee or Independent Contractor*
   (1) *Registration No.* 2018065827
   (2) *County:* Los Angeles

6. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*


Date: April 12, 2018


**PROOF OF SERVICE BY MAIL**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ANDRES ACOSTA
P.O. BOX 2889
Big Bear Lake CA 92315

TELEPHONE NO.: 909-744-4500   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS:   3420 Twelfth Street
MAILING ADDRESS:   RIVERSIDE CA 92501-3819
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER: JAOQUIN ANDRES ACOSTA

DEFENDANT/RESPONDENT: MARK SNYDER

CASE NUMBER:
EDCV18-00369

| PROOF OF SERVICE | | Ref. No. or File No.:<br>18004048 |
|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. other (specify documents): SUMMONS IN A CIVIL ACTION ATTACHMENT
   ADDENDUM TO SUMMONS ADDITIONAL ATTACHMENTS 1 OF 22
   OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE   NOTICE

3. a. Party served: US FORESTRY SAN BERNARDINO NATIONAL FOREST
   b. ☐ Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

4. Address where the party was served:   802 S. TIPPECANOE Ave  SAN BERNARDINO CA 92408

5. I served the party
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on            (2) at
   b. ☒ by substituted service. On: 03/05/2018        at:  9:18 am      I left the documents listed in item 2 with or in the presence of:  LARRY LEE - ADMIN OFFICER
      1. ☒ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      2. ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      3. ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.
      4. ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies where left (Code Civ. Proc., § 415.20). I mailed the documents on:
         3/5/2018 from San Bernardino, CA
         ☐ a declaration of mailing is attached.
   d. ☐ by other means. Method              On:            at:

Requestor Copy

6. The "Notice to Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant
   b. ☐ as the person sued under the fictitious name of:
   c. ☐ as occupant
   d. ☐ On behalf of:
      under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)
      ☐ 416.20 (defunct corporation)
      ☐ 416.30 (joint stock company/association)
      ☐ 416.40 (association or partnership)
      ☐ 416.50 (public entity)
      ☐ 415.95 (business organization, form unknown)
      ☐ 416.60 (minor)
      ☐ 416.70 (ward or conservatee)
      ☐ 416.90 (authorized person)
      ☐ 415.46 (occupant)
      ☐ Other:

7. **Person who served papers**
   a. Name:              M. Tealer
   b. Address:           157 W. 5th Street 3rd Floor San Bernardino, CA 92415-0225
   c. Telephone number:  (909) 387-5700
   d. The fee for service was: $  40.00

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9. ☒ I am a California sheriff or marshall and I certify that the foregoing is true and correct.

Monday, March 5, 2018

John McMahon, Sheriff - Coroner
County of San Bernardino

By: _____
Sheriff's Authorized Agent

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ANDRES ACOSTA<br>P.O. BOX 2889<br>Big Bear Lake CA 92315<br><br>TELEPHONE NO.: 909-744-4500    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside |
|---|
| STREET ADDRESS:   3420 Twelfth Street |
| MAILING ADDRESS:   RIVERSIDE CA 92501-3819 |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: JAOQUIN ANDRES ACOSTA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MARK SNYDER | EDCV18-00369 |

| PROOF OF SERVICE | | Ref. No. or File No.:<br>18004048 |
|---|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    f. other *(specify documents)*: SUMMONS IN A CIVIL ACTION
    ADDENDUM TO SUMMONS
    ADDITIONAL ATTACHMENTS 1 OF 22
    NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

3.  a. Party served:  MARK SNYDER

    b. ☐ Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person
    under item 5b on whom substituted service was made):

4.  Address where the party was served:   602 S TIPPECANOE Ave  US FORESTRY SAN BERNARDINO SAN
    BERNARDINO CA 92408

5.  I served the party

    a. ☐ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to
    receive service of process for the party   (1) on                         (2) at:

    b. ☒ by substituted service.  On: 03/05/2018     at:  9:18 am     I left the documents listed in item 2 with or
    in the presence of:  LARRY LEE - ADMIN OFFICER

        1. ☒ (business) a person at least 18 years of age apparently in charge at the office or usual place of business
        of the person to be served. I informed him or her of the general nature of the papers.
        2. ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
        place of abode of the party. I informed him or her of the general nature of the papers.
        3. ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
        address of the person to be served, other than a United States Postal Service post office box. I informed
        him or her of the general nature of the papers.
        4. ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
        at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on.
        3/5/2018 from San Bernardino, CA
        ☐ a declaration of mailing is attached.

    d. ☐ by other means.  Method                      On:                    at:

23

6  The "Notice to Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant
   b. ☐ as the person sued under the fictitious name of:
   c. ☐ as occupant
   d. ☐ On behalf of:
      under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)
      ☐ 416.20 (defunct corporation)
      ☐ 416.30 (joint stock company/association)
      ☐ 416.40 (association or partnership)
      ☐ 416.50 (public entity)
      ☐ 415.95 (business organization, form unknown)
      ☐ 416.60 (minor)
      ☐ 416.70 (ward or conservatee)
      ☐ 416.90 (authorized person)
      ☐ 415.46 (occupant)
      ☐ Other:

7. **Person who served papers**
   a. Name:                M. Tealer
   b. Address:             157 W. 5th Street 3rd Floor San Bernardino, CA 92415-0225
   c. Telephone number:    (909) 387-5700
   d. The fee for service was: $   40.00

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9. ☒ I am a California sheriff or marshall and I certify that the foregoing is true and correct.

Monday, March 5, 2018

John McMahon, Sheriff - Coroner
County of San Bernardino

By: _____

Sheriff's Authorized Agent

24

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
**ANDRES ACOSTA**
P.O. BOX 2889
Big Bear Lake CA 92315

TELEPHONE NO.: 909-744-4500      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 3420 Twelfth Street
MAILING ADDRESS: RIVERSIDE CA 92501-3819
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER: JAOQUIN ANDRES ACOSTA

DEFENDANT/RESPONDENT: MARK SNYDER

| | |
|---|---|
| **PROOF OF SERVICE** | CASE NUMBER: **EDCV18-00369**<br>Ref. No. or File No.: 18004048 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   f. other (*specify documents*): SUMMONS IN A CIVIL ACTION
      ADDENDUM TO SUMMONS
      ADDITIONAL ATTACHMENTS 1 OF 22
      NOTICE OF JUDGE ASSIGNMENT AND REFERENCE TO A UNITED STATES MAGISTRATE JUDGE

3. a. Party served: **DEVEREE KOPP**
   b. ☐ Person (other than the party in item 3a) served on behalf of the entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):

4. Address where the party was served:   602 TIPPECANOE Ave  U.S FORESTRY SAN BERNARDINO SAN BERNARDINO CA 92408

5. I served the party
   a. ☐ by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on          (2) at
   b. ☒ by substituted service. On: 03/05/2018     at:  9:18 am     I left the documents listed in item 2 with or in the presence of:  LARRY LEE - ADMIN OFFICER
      1. ☒ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      2. ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      3. ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      4. ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on.
         3/5/2018 from San Bernardino, CA
         ☐ a declaration of mailing is attached.
   d. ☐ by other means.  Method          On:          at:

FOR COURT USE ONLY

Requestor Copy

25

6. The "Notice to Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant

   b. ☐ as the person sued under the fictitious name of:

   c. ☐ as occupant

   d. ☐ On behalf of:

     under the following Code of Civil Procedure section:

          ☐ 416.10 (corporation)

          ☐ 416.20 (defunct corporation)

          ☐ 416.30 (joint stock company/association)

          ☐ 416.40 (association or partnership)

          ☐ 416.50 (public entity)

          ☐ 415.95 (business organization, form unknown)

          ☐ 416.60 (minor)

          ☐ 416.70 (ward or conservatee)

          ☐ 416.90 (authorized person)

          ☐ 415.46 (occupant)

          ☐ Other:

7. Person who served papers

   a. Name:               M. Tealer

   b. Address:           157 W. 5th Street 3rd Floor San Bernardino, CA 92415-0225

   c. Telephone number:    (909) 387-5700

   d. The fee for service was: $   40.00

8. ☐ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

9. ☒ I am a California sheriff or marshall and I certify that the foregoing is true and correct.

Monday, March 5, 2018

John McMahon, Sheriff - Coroner
County of San Bernardino

By: _____

    Sheriff's Authorized Agent

26

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Joaquin Andres Acosta<br>P.O Box 2889<br>Big Bear Lake, CA | **FOR COURT USE ONLY** |

TELEPHONE NO.:          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*   Plaintiff in Pro-Per

**UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA**

STREET ADDRESS:  255 W. Temple Street
CITY AND ZIP CODE:  Los Angeles, CA 90012
BRANCH NAME:  Central District of California

| | |
|---|---|
| PLAINTIFF/PETITIONER: JOAQUIN ANDRES ACOSTA et al. | **CASE NUMBER:**<br>EDCV18-00369 |
| DEFENDANT/RESPONDENT: UNITED STATES OF AMERICA et al. | |
| **PROOF OF SERVICE OF SUMMONS & COMPLAINT** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service, I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Notice of Judge Assignment and Reference to A United States Magistrate Judge
   d. ☐ Civil Case Cover Sheet & Addendum *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):* EILEEN M. DECKER and her domestic partner/spouse

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Genoveva Ortega/ US Attorney's Office Clerk, Authorized to Accept Service of Process

4. Address where the party was served: 300 N. Los Angeles Street, Los Angeles, CA 90012

5. I served the party (check proper box)
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 03/06/18     (2) at *(time):* 11:28 am
   b. ☐ **by substituted service.** On *(date):*       at *(time):*       I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*       from *(city):*       or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

27

| PLAINTIFF/PETITIONER: JOAQUIN ANDRES ACOSTA et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: UNITED STATES OF AMERICA et al. | EDCV18-00369 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　　　(1) on *(date):*　　　　　　　(2) from *(city):*

　　　　(3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

　　　　(4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d. ☒  **by other means** *(specify means of service and authorizing code section):*
　　　　By Certified mail first class on 04/12/18 from Los Angeles, CA 90014

　　　　☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
　　a.  ☐  as an individual defendant.
　　b.  ☐  as the person sued under the fictitious name of *(specify):*
　　c.  ☐  as occupant.
　　d.  ☒  On behalf of *(specify):* UNITED STATES ATTORNEY GENERAL
　　　　under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☒ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
　　a.  Name:  Gonzalo Ponce
　　b.  Address:  316 W. 2nd Street, Suite 1110, Los Angeles, CA  90012
　　c.  Telephone number: (213) 922-9400
　　d.  The fee for service was:
　　e.  I am:
　　　　(1) ☐  not a registered California process server.
　　　　(2) ☐  exempt from registration under Business and Professions Code section 22350(b).
　　　　(3) ☒  a registered California process server:
　　　　　　(i)  ☐ owner  ☐ employee  ☒ independent contractor.
　　　　　　(ii)  Registration No.: 2018065827
　　　　　　(iii)  County:  Los Angeles

8.  ☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　　　or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 12, 2018

_____
　　　GONZALO PONCE
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
　　　　　　　　　　(SIGNATURE)

28

**<u>Certificate of Service</u>**

I, me, joaquin andres acosta, hereby certify that the Assistant United States Attorney, Richard M. Park, whom purports to represent the United States of America, U.S. Forestry San Bernardino, United States Attorney General, Mark R. Snyder and Deveree Kopp will receive this when the Clerk of the Court sends said Joaquin Andres Acosta: Notice of Motion, Motion for Entries of Default, Declaration of Joaquin Andres Acosta, Certificate of Service, and the Proposed Order by the Court's service by "NOTICE OF ELECTRONIC NOTIFICATION" shortly after received by the Clerk. Since the other non-responding defendants have failed to answer, Notice is not required to be given to them. Notice shall be given by the clerk.

This _____ day of July, in the Year of Our Lord, A.D. two thousand eighteen.

By:  _____
Joaquin Andres Acosta.

29