FILED

1  Joaquin Andres Acosta

2  PO Box 2889

3  Big Bear Lake, California

2018 OCT 10  PM 2: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

4

5

6                    United States District Court
                411 W. Fourth Street, Santa Ana, California
7                Central District of California - Eastern Division

8  Joaquin  Andres  Acosta,  my  heirs,       No. ED 5:18-cv-00369-CJC-ADS
   successors, assigns and agents

9  v.                                          Renewed Notices for Motion to Enter

10                                             Defaults, to Strike Motions to Dismiss; for

11 United States of America,                   Order of Prohibition of:

12 U.S. Forestry San Bernardino National       United States of America;
   Forest,

13 United States Attorney General,             United States Attorney General;

14 United States Deputy Attorney Anwar         U.S. Forestry San Bernardino National
   Khan, and his domestic partner/spouse,     Forest;
15

16 Mark  R.  Snyder,  and  his  domestic      Mark  R.  Snyder,  and  his  domestic
   partner/spouse,                            partner/spouse,

17 Eileen  M.  Decker,  and  her  domestic    Eileen  M.  Decker,  and  her  domestic
   partner/spouse,                            partner/spouse,
18

19 Joseph  B.  Widman,  and  his  domestic    Deveree  Kopp,  and  her  domestic
   partner/spouse,                            partner/spouse,  as  they've  individually
20                                             failed  to  answer  or  defend  against  the
   Deveree  Kopp,  and  her  domestic         lawsuits  filed  against  them;
21 partner/spouse,

22 unknown men/women, and each of their       Memorandum of Points and Authorities;
   assumed/presumed betrothed/spouse and      Certificate  of  Service;
23 or  domestic   partners who assisted the   Proposed Order.
   above identified individuals,
                                              Date: 14 November, 2018
24 Etc., Etc., Etc.                            Time: 10:00 a.m.

25                                             Hon. Autumn D. Spaeth.
                                              ADS_Chambers@cacd.uscourts.gov
26                                             United States Magistrate/Judge.

27

28

                                    Page -1-

## Notice of Motion

PLEASE TAKE FURTHER NOTICE:

(1)  That Claimants Joaquin Andres Acosta, my heirs, successors, assigns and/or agents hereby renew said Notice and Motions because the prior one was taken off calendar by Ms. Spaeth, and not ruled on since August 1st 2018.  I have also requested the Clerk to enter defaults on several occasions.  They told me that "by entering defaults, it's a career ending event."  The clerks on at least three times, refused to enter defaults, though they are obligated under Rule 55(a)..

(2) Claimants will move this Court on November 14th, 2018, for (1) Entries of Defaults; Strike respondents motion to dismiss; Issue Protective Order; by Court of the following parties:

> United States of America;
> United States Attorney General;
> U.S. Forestry San Bernardino National Forest;
> Mark R. Snyder, and his domestic partner/spouse,
> Eileen M. Decker, and her domestic partner/spouse,
> Joseph B. Widman, and his domestic partner/spouse,
> Deveree Kopp, and her domestic partner/spouse,

as they've individually failed to answer or defend against the lawsuits filed against them within the time allowed, even after getting extensions of time to do so.

The motion will be made in Courtroom 6B before Hon. Autumn D. Spaeth, United States Magistrate/Judge, located at 411 West Fourth Street, Santa Ana, California, 92701. This motion entries of defaults are made pursuant Federal Civil Rule 55(a) because the clerk has failed to enter said defaults in timely manner as required by law; and, for default judgment pursuant Rule 55(b)(2).  This is also based on the

California Code of Civil Procedure §585(a), and/or §585(b); Code of Civil Procedure §§585(b), 585(c), 989, and the Common Law of England. Each of the foregoing rules and procedures shall address the Defendants/Respondents individual failures to answer or defend against the lawsuits filed and served upon them.

The motion is based on this Notice of Motion, the motion itself, including all attached memoranda and authorities set forth therein, the pleadings, motions and records in these matters, and upon such other documentary evidence and arguments presented at the hearing.

Pursuant Local Rule 7-5, the undersigned attempted to communicated with purported defendants/respondents counsel, United States Attorney and or one of their assistants, who identified himself/herself as: Richard Park, on July 3, 2018. Richard Park failed to answer telephone call or return call. And another call was placed on July 9, 2018.

Recently, in order to comply with meet and confer, I called Mr. Park on three more occasions: On or about September 26th, 2018, October 3rd and 4th, 2018. Mr. Park refuses to return my telephone calls to discuss these issues. Mr. Park and his purported clients by failing to meet and confer, demonstrates that they do not care about following the rules regarding meets and conferring. Therefore, if he/they raise that no meet and confer happened before filing these motions, he/they waive all rights to object on the ground of failure to comply with meet and confer rules.

This __9__ day of October, A.D. in the Year of Our Lord, two-thousand-eighteen.

_Joaquin Andres Acosta_

Joaquin Andres Acosta

## MOTION

We shall move the court on the Fourteenth day of November, A.D., 2018, to:

(1) Enter defaults of non responding defendants:

> United States of America;
>
> United States Attorney General;
>
> U.S. Forestry San Bernardino National Forest;
>
> Mark R. Snyder, and his domestic partner/spouse,
>
> Eileen M. Decker, and her domestic partner/spouse,
>
> Joseph B. Widman, and his domestic partner/spouse,
>
> Deveree Kopp, and her domestic partner/spouse,

as they've individually been served a summons and claims, and have failed to answer or defend against the lawsuits filed against them within the time allowed; and, esp., after KOPP and SNYDER received extensions of time to Answer or defend; Strike Motions to Dismiss; Issue Protective Order.

I hereby am entitled to the following relief:

> Entries of defaults of
>
> > United States of America
> >
> > United States Attorney General;
> >
> > U.S. Forestry San Bernardino National Forest;
> >
> > Mark R. Snyder, and his domestic partner/spouse,
> >
> > Eileen M. Decker, and her domestic partner/spouse,
> >
> > Deveree Kopp, and her domestic partner/spouse.

Based on the federal rules of civil procedure, rules 55(a); Civil Code of Procedure, rule 585(a) and/or 585(b), or according to common law of England, and identifying cases that support such rulings.

By: _Joaquin Andres Acosta_

Joaquin Andres Acosta.

Page -4-

## Renewed Memorandum of Points and Authorities

### I. Renewed Introduction.

These actions arose from (1) an unlawful arrest, (2) unlawful seizure of my person and property without the benefit of a warrant (3) malicious prosecution, (4) trial without a jury-though demanded (on January 27, 2017), (5) failure to procure and information or indictment from a Grand Jury, as required pursuant the federal and state Constitutions; and many other unlawful actions/crimes committed against me as identified in my claims by the United States of America, U.S. Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp, United States Deputy Attorney Anwar Khan, Eileen M. Decker, Joseph B. Widman. The matter arose in August 2015, in Big Bear Mountain where I was performing my individual/community duty of performing fire suppression activities with equipment that I owned/still own, and was closest to the scene, which, under federal regulations, I was not liable criminally or civilly. U.S.D.C. CDC, No. CVB No. FAEY000Q/CC71, charged unlawfully with 36 C.F.R. §261.9(a).

I was erroneously charged on August 23, 2015 under 36 C.F.R. 261.9(a). In spite of me requiring my right in writing for a "trial by jury," under the Seventh Article in Amendment, because the controversy exceeded twenty dollars. The offense I was charged with (though acquitted) was a Class B misdemeanor, with punishment for the offense of imprisonment of not more than six months, and a fine of not more than $5,000, and requiring restitution of more than $46,000 dollars. In spite of the Constitutional requirement of my right to Trial by Jury, and my right to an Information or Indictment of a Grand Jury, Judge Sheri M. Pym unconstitutionally and under color of authority gave me a bench trial based on the complaint of a single individual, violating my right to "trial by jury," and my right to be charged criminally under an Information or Indictment by a Grand Jury. After the Trial, I

1 | was acquitted by Magistrate/judge Sheri Pym, of all of the criminal charges in
2 | January 2017. In Judge Pym's very own words supporting the purported criminal
3 | action and later Trial: "...the regulations at issue provide for an exception for all
4 | of the offenses listed in 36 C.F.R. Part 261: " the government was seeking a
5 | substantial amount of restitution...None of these prohibitions apply to any person
6 | engaged in fire suppression actions." 36 C.F.R. §261.1(d)....although defendants
7 | actions were unauthorized, the plain language of §261.1(d) does not except only
8 | persons in authorized fire suppression actions: it simply excepts from Part 261's
9 | prohibitions "any person engaged in fire suppression actions"...defendant's actions
10 | were, under all the circumstances, they are fairly characterized as legitimate fire
11 | suppression actions within the plain meaning of §261.1(d)....the court concludes the
12 | government has not proved beyond a reasonable doubt that defendant was not
13 | engaged in fire suppression actions...the court finds defendant Joaquin A. Acosta not
14 | guilty."

16 | Approximately fifteen days before the purported arraignment, I presented my defense
17 | in writing titled "SOVEREIGN'S ACTUAL and CONSTRUCTIVE NOTICE; and, ORDER
18 | DISMISSING CASE WITH PREJUDICE". As we are well aware, the People are
19 | Sovereign, and Sovereign Immunity is a Defense; and, cannot be sued except under
20 | two conditions: (1) Waiver of Sovereign Immunity, (2) Presentment or Indictment from
21 | a Grand Jury. None of the two occurred. However, my Secondary defense at the time
22 | of the purported arraignment was 36 C.F.R. §261.1b. Despite being required to obtain
23 | Sovereign Immunity, or getting an Information or Indictment from a Grand Jury, and
24 | failing to do so, the United States Attorney, and all of the United States employees,
25 | conspired with the following men/women/persons: Anwar Khan, Mark R. Snyder,
26 | Deveree Kopp, Eileen Decker, and Joseph B. Widman, each whom aided and abetted
27 | in the "witch hunt", without authority, each were present. They each knew at the time
28 | of the purported Arraignment, that I was expressly exempt from being charged. In

1   spite of the laws, and Sovereign Immunity that is an inherent Right in the United

2   States and especially in the Sovereign state of California, the Court, along with the

3   purported prosecution, these employees kept the case moving their witch hunt. Each

4   knew that I could not be prosecuted, but they intentionally ignored the law, and held

5   me for a year and a half only to try me and being acquitted. Their actions were

6   and as demonstrated in the previous action including identified in this action, and

7   motion, done in bad faith and intentional, meant to deprive me of my rights. Hence,

8   the present lawsuits against them; Hence, the present continued efforts by the United

9   States to deprive me of my rights in these lawsuits by any means possible.

10  ## II. Entries of Defaults

11

12      Federal Rules of Civil Procedure, Rule 55 - Default; Default Judgment, provides:

13          (a) Entering a Default. When a party against whom a judgment for affirmative

14      relief is sought has failed to plead or otherwise defend, and that failure is

15      shown by affidavit or otherwise, the clerk must enter the party's default.

16          (b) (2) By the Court. In all other cases, the party must apply to the court for a

17      default judgment.

18          (d) (d) Judgment Against the United States. A default judgment may be

19      entered against the United States, its officers, or its agencies only if the

20      claimant establishes a claim or right to relief by evidence that satisfies the

        court.

21

22      In this matter, the United States of America, U.S. Forestry San Bernardino National

23  Forest, Mark R. Snyder, and Deveree Kopp, Eileen M. Decker, Joseph B. Widman were

24  served summonses and claims, and they failed to answer or defend the lawsuits

25  against them.

26

27      According to the Common Law, I am authorized to file judgments against

28  them.

**A. 45 Day Extension Granted to United States, U.S. Forestry San Bernardino National Forest, Mark R. Snyder and Deveree Kopp Only.**

Further, it appears that the Assistant United States Attorney Richard M. Park has appeared and filed an 45 day Ex parte motion for an extension of time to answer, for United States of America, U.S. Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp. PARK was granted his motion.

Further, PARK purportedly received authorization from the Attorney General or his delegate to represent SNYDER and KOPP in their individual/personal capacity lawsuits filed against them. However, I have not seen or been presented with any "delegation of authority by the Attorney General or his delegate" for the United States to represent SNYDER or KOPP in this matter, and believe non exists.

Further, Eileen M. Decker was served, and failed to answer by May 6, 2018.

Further, I filed a request for entry of default on the Ninth day of May, 2018(see statement of facts).

Further, the clerk of the court on the Eleventh day of May failed and refused to enter said default giving the implausible excuse: The clerk cannot enter the requested relief as Order Approving Ex Parte Application For an Extension of Time To File Answer Or Motion was granted by Magistrate/Judge Karen L. Stevenson until June 19, 2018 to answer, move or otherwise respond to Claimants claims.

Further, the Requests for Entries of Defaults were wrongfully labeled in the Court's docket as "motions," not as what they actually were, "requests." The same have and were placed on pacer and remains mis-identified as "motions," when clearly they were not. The root word of request in means "require," which expressly means an obligation…it is not discretionary.

**B. Eileen Decker and Joseph B. Widman Were Not Included in the 45 Day Extension.**

Further, Eileen Decker was not part of the Ex Parte Motion for An Extension of time. Therefore, said denial by the Clerk was and is a denial of my substantial right to enter default against Decker; and, this is a continued Obstruction of Justice committed by the clerk, and his/her deputies.

**C. Clerks Have Continually Rejecting To Perform Their Duties Under Rule 55(a)**

Further, shortly after the rejection by the clerk, I called and spoke with the clerk. She looked up the case, after I pointed out that the Ex parte order did not include Decker. She said "there's nothing I can do." I did my best to motivate her to do her job, but said motivational suggestions did not pass the barrier, from her ears to her brain, and she did not do her ministerial duty to enter said defaults.

**D. AUSA'S Notice of Motion (to Dismiss) Is Fatally Defective and Must Be Stricken with Prejudice.**

Further, On 6/19/2018 a purported NOTICE OF MOTION AND MOTION TO DISMISS CASE was filed by Assistant United States Attorney, Richard Park.

Further, after receiving the purported NOTICE OF MOTION AND MOTION, the DECLARATION IN SUPPORT, A PROPOSED ORDER AND PROOF OF SERVICE I examined and read the Caption page for the DATE AND TIME OF HEARING, but it was absent. I performed some research on the matter, and discovered that procedure, rules of Court and Local Rules required complete compliance with all set forth thereunder. I also found state and federal cases and authorities which mentioned that any Notice of Motion that does not contain a date and time, and other things such as a judge's name, place of hearing, when the action was filed, and trial date were fatally defective, as each of the items if known are

always required to be on the face of the pleading itself.  All of these were absent.

Further, on Thursday, June 26, 2018, I called the Clerks office to see if any hearing date was set. Clerk said "there are no dates reserved for the motion to dismiss."

Further, there are/were no dates on www.pacer.gov confirming a hearing for the Motion to Dismiss.

Further, this motion is brought concurrent with a motion to strike the notice of motion, and motion, memorandum, declaration and proof of service, based on the failure of the defendants failure to comply with procedure, rules of court regarding giving <u>proper notice</u>, which law, procedure and rules requires including a date and time for the hearing of the motion. The <u>date and time are absent in the Notice</u>, and therefore said <u>Notice is fatally defective, and must be stricken with prejudice</u>.

The Assistant United States Attorney, Richard M. Park <u>filed in BAD FAITH, a Notice and Motion to Dismiss, that failed to contain a hearing date and time</u>. The Rules of Procedure require that a hearing date and time along with other requirements be complied with. Here, this did not happen. If fact where the caption states DATE and TIME, it contained to following:      "Hearing Date/Time"

[Under Submission].

This **Notice is fatally defective**, since Procedure requires a hearing date and time to be set on the face of the pleading itself, but is absent. See C.R.C., Rule 3.1110, and Cal. Pretrial Practice and Forms §4:64.

**C.R.C. Rule 3.1110 (amended 2017) provides:**

(a) Notice of motion.  A notice of motion must state in the opening paragraph the

nature of the order being sought and the grounds for issuance of the order.

(b) Date of hearing and other information.  The first page of each paper must specify immediately below the number of the case:

    (1) The **date, time, and location** ..of any scheduled hearing and the name of the hearing judge, if ascertainable.;

    (2) the nature or title of any attached document other than an exhibit;

    (3) The date of filing of the action; and;

    (4) The trial date, if set.

Pursuant California Rules of Court, Rule 3.1110, the Contents of the Notice must state:

When the hearing will be held (court date, and time); The grounds upon which it will be made; and, the papers, if any upon which it is to be based. The date of the hearing was not indicated otherthanwise "UNDER SUBMISSION."   This does not qualify for the date requirement under Rule 3.1110(b)(1).

**California Pretrial Practice and Forms §4:64: Contents of Notices.**

The notice of a motion, other than for a new trial, must state:
- When the hearing will be held (court, date, and time);
- The grounds upon which it will be made; and
- The papers, if any, upon which it is to be based.
- [C.C.P. §1010; C.R.C. 3.1110]

The said Notice filed on 6-19-2018, failed to comply with C.C.P. §1010, and C.R.C. Rule 3.1110.

1         Moreover, California Code of Civil Procedure, Section 1010, requires all of the

2  following:

3                **Notices must be in writing, and the <u>notice of a motion</u>**, other than

4  for a new trial, **<u>must state when (the motion is to be heard)</u>(emphasis mine.)**, and the grounds upon which it will be made, and the papers, if any, upon which it is to be based. If any such paper has not previously

5  been served upon the party to be notified and was not filed by him, a copy of such paper must accompany the notice. Notices and other

6  papers may be served upon the party or attorney in the manner prescribed in this chapter, when not otherwise provided by this code. No

7  bill of exceptions, notice of appeal, or other notice or paper, other than amendments to the pleadings, or an amended pleading, need be served

8  upon any party whose default has been duly entered or who has not appeared in the action or proceeding. (Amended by Stats. 1935, Ch. 722.)

9

10        Moreover, the Notice where it was supposed to indicate when the motion would be

11  heard stated:         "<u>Hearing Date/Time</u>"

12                 [Under Submission].

13

14         Said Notice is fatally defective because it failed to comply with the Code of Civil

15  Procedure §1010, as it failed to contain the **<u>date when the hearing was scheduled and to be heard</u>**. In this case, no scheduling of the motion happened.  Said Notice is defective and

16  must be stricken with prejudice.

17

18        Further, since the respondents purported "Notice" <u>failed to include the Hearing Date</u>,

19  and Time is fails and is **<u>wholly inadequate and fatally defective</u>**, according respectively to

20  *Galleria Plus, Inc., v. Hanmi Bank*, 179 Cal.App. 4th 535, 101 Cal.Rptr. 3d 803 (2009);

21  *Li v. Majestic Industrial Hills LLC* (2009) 177 Cal.App.4th 585, 591, 99 Cal.Rptr.3d 334.

22  See also California Pretrial Practice and Forms §4:64: Contents of Notices; also see

23  C.C.P. §1010; and, C.R.C. 3.1110.

24        *Galleria Plus, Inc. v. Hanmi Bank*, 179 Cal.App.4th 535, 101 Cal. Rptr. 3d 803 2009

25  Cal App LEXIS 1856 (Cal. App., 2009):  **If the document <u>fails to specify when the</u>**

26  **<u>motion will be made</u>, it is <u>fatally defective</u>**.

27

28

*Li v. Majestic Industrial Hills LLC* (2009) 177 Cal.App.4th 585, 591, 99 Cal.Rptr.3d 334. "...a notice of a motion "must state when ... it will be made....".

"failure to comply with technical form as well as failure to state with particularity grounds of motion will lead to dismissal of motion." *Riley v. Northwestern Bell Tel. Co.*, 1 F.3d 725, 726-727 (8th Cir. 1993).

"Notice given by moving party was insufficient". *Arreola Rand v. Rowland*, 113 F.3d 1520, 1522-24 (9th Cir. 1997)

Further, the notice and motion to dismiss was submitted in bad faith for failure to give fair notice.

Further, We do not believe it was done inadvertently, or by mistake, but was a Strategic Decision not to place the date and time of the motion. It was not "excusable neglect" *Slaughter v. Southern Talc Co.*, 919 F.2d 304 (5th Cir. 1990)- "affidavits that not filed by deadline properly rejected because they were the result of strategic decision by the party, not excusable neglect."

## E. The Notice and Motion to Dismiss were filed in Bad Faith.

Further, the Court must enter the defaults as Sanction for BAD FAITH conduct.

Moreover, when we spoke to Richard M. Park (AUSA) on 9th day of July, 2018, he said "we always file Notices and Motions without setting a date and time all the time." We did mention that this is a failure to comply with law, state and federal procedures, Rules of Court, and Local Rules. He continued with "there's nothing wrong with the way we file these types of motions," yet he hung the telephone up on us, and when we called again, he did not pick up the telephone. So we left a message, which was not returned.

Moreover, when we spoke to Richard M. Park (AUSA) on 9th day of July, 2018,

about us wanting him to withdraw his fatally defective Notice and Motion, because said Notice did not meet all the requirements (C.C.P. §1010, and C.R.C. 3.110, and the requirements of meet and confers, and he said "we always file Notices and Motions without setting a date and time all the time." We did mention that this was and is a failure to comply with law, state and federal procedures, Rules of Court, and California Procedure (C.C.P. §1010, and Rules (C.R.C. 3.110) ). He continued with "there's nothing wrong with the way we file these types of motions." When we told him if he did not withdraw the fatally defective Notice and Motion to Dismiss, we will be filing a Motion to Strike.  At this point he immediately without warning hung the telephone up on us.  We then called him again.  He did not pick up the telephone, so we left a message, which was not and has not been returned.

## F.  Purpose of Default Procedures

**Civil Procedure Before Trial (Rutter Group California Practice Guide):**

> **6:10. PURPOSE OF DEFAULT PROCEDURES**: Default proceedings protect diligent parties from delay and uncertainty caused by unresponsive parties. A default ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.* (7th Cir. 1996) 73 F3d 711, 716 (internal quotes omitted); *Boland v. Yoccabel Const. Co., Inc.* (D DC 2013 293 FRD 13, 17–default protects diligent party from "interminable delay and continued uncertainty as to his rights".

**Civil Procedure Before Trial (Rutter Group California Practice Guide) - Default as Sanction for "Bad Faith" Conduct**, §6:12.1, provides:

> Courts also have inherent equitable power to sanction a party or counsel for "bad faith" conduct in litigation. *Roadway Express, Inc., v. Piper*, (1980) 447 U.S. 752, 764-786, 100 S.Ct. 2455, 2463-2464; and §17.690 ff.

1      This Court must enter defaults as they have in "bad faith" filed a motion knowing that

2  it was fatally defective and adequate, as it was a Strategic Decision not to place the date and

3  time for hearing of the motion.  It was not "excusable neglect" *id. Slaughter, supra.*

5      In compliance with the federal and state meet and confer requirements, I complied by

6  calling the Assistant United States Attorney, Richard Park's Office on July 3, 2018 and July

7  9, 2018 to discuss my Motion to Strike.  When he did not answer on or after July 3rd, I left

8  a voice mail regarding my wish to discuss my filing a Motion to Strike and Entry of Defaults

9  (and withdrawi ng his motion to dismiss).  Since placing the call, he and no other person

10  from his Office has returned my call.

## IV.  Statement of Facts

| 4.1 | 2/21/2018 | Claims for malicious prosecution under §1983; |
|---|---|---|
| 4.2 | 2/21/2018 | Summonses issued for |

                        United States of America,

                        U.S. Forestry San Bernardino National Forest,

                        United States Attorney General,

                        United States Deputy Attorney Anwar Khan, and his domestic partner/spouse,

                        Mark R. Snyder, and his domestic partner/spouse,

                        Eileen M. Decker, and her domestic partner/spouse,

                        Joseph B. Widman, and his domestic partner/spouse,

                        Deveree Kopp, and her domestic partner/spouse,

                        unknown men/women, and each of their assumed/presumed betrothed/spouse and or domestic partners who assisted the above identified individuals;

| 4.3 | 4/04/2018 | Requests for Entries of Defaults for DEVEREE KOPP, MARK R. SNYDER—Clerks **Refused/Ignored**; |

| | | |
|---|---|---|
| 4.4 | 4/04/2018 | Proofs of Service re KOPP, SNYDER; |
| 4.5 | 4/16/2018 | Claimants Praecipe to enter defaults of SNYDER & KOPP– **Refused/Ignored**; |
| 4.6 | 5/02/2018 | ExParte Application for Extension of Time to Answer filed by AUSA on behalf of U.S. Forestry Service San Bernardino, United States of America; and, purportedly for KOPP and SNYDER; |
| 4.7 | 5/03/2018 | Order Approving Extension of Time to Answer filed for U.S. Forestry Service San Bernardino, United States of America; and, purportedly for KOPP and SNYDER—46 days granted to respond—They **All failed to file within 45 days**; |
| 4.8 | 5/09/2018 | Claimants filed Request for Clerk's Entry of Default re EILEEN DECKER–Clerk **Refused/Ignored**. |
| 4.9 | 5/09/2018 | Claimants filed Proof of Service re USA; |
| 4.10 | 5/18/2018 | Claimants filed Motion to Vacate 45 day extension - for lack of following local rule, and C.R.C., and California Civil Procedure re Meet and Confer, and Proper Notice timess; |
| 4.11 | 5/24/2018 | Order denying Motion to Vacate 45 day extension; |
| 4.12 | 6/19/2018 | AUSA filed a Motion to Dismiss action on behalf of USA, US Forest Service San Bernardino, and purdetly for Kopp and Snyder—Motion taken off calendar/**Refused to be Heard/Ignored**; |
| 4.13 | 6/28/2018 | Claimants filed renewed Proofs of Service re AUSA, USA, USAG, US Forestry Service Sand Bernardino National Forest; |
| 4.14 | 6/28/2018 | Claimants filed renewed Proofs of Service, re USA, US Forestry San Bernardino National Forest, United States Attorney General, Mark R. Snyder and his domestic partner/spouse, Eileen Decker and her domestic partner/spouse, Joseph B. Widman and his domestic partner/spouse, Deveree Kopp and her domestic partner/spouse, and their respective Proofs of Service for each respondent; – **Refused/Ignored**. |
| 4.15 | 7/12/2018 | Claimants filed renewed Motion for Entries of Defaults re USA, USAG, US Forestry San Bernardino National Forest, Mark R. Snyder and his domestic partner/spouse, Eileen M. Decker and her domestic partner/spouse, Deveree Kopp and her domestic partner/spouse—**failed to hear/Ignored since Aug 1. 2018.** |
| 4.16 | 7/12/2018 | Claimants filed Motion for Order for Publication of Summonses re ANWAR KHAN a.k.a. ANWAR KAHN for 8/8/2018 - **Taken Off Calendar/Ignored**; |
| 4.17 | 7/12/2018 | Claimants filed Motion to Strike NOTICE OF MOTION, MOTION TO STRIKE by respondents USA, US FORESTRY SAN |

1    BERNARDINO NATIONAL FOREST, DEVEREE KOPP, MARK
     R. SNYDER for 8/8/2018–**Taken Off Calendar/Ignored;**

2
3    4.18   7/18/2018   Respondents USA, USAG, US Forestry San Bernardino National
                        Forest and purportedly for Deveree Kopp and Mark R. Snyder filed
                        an ExParte Motion for Continuance from 8/8 to 8/15 — **Granted.**

4
5    4.19   7/25/2018   Respondents USA, USAG, US Forestry San Bernardino National
                        Forest, and purportedly for Deveree Kopp and Mark R. Snyder filed
                        OPPOSITIONS TO STRIKE and ENTRIES OF DEFAULT

6
7    4.20   8/13/2018   Claimants filed Replies to Oppositions to Strike and Entries of
                        Defaults, by USA, US Forestry San Bernardino, USAG; and
                        purportedly for Deveree Kopp and Mark R. Snyder—**Taken Off
                        Calendar/Ignored;**

8
9    **V. Conclusions.**
10
11        Defendants/Respondents United States of America, U.S. Forestry San Bernardino
12   National Forest, United States Attorney General, Assistant United States Attorney Anwar
13   Khan, Mark R. Snyder, Deveree Kopp, Joseph B. Widman, Eileen Decker are sued.
14
15        The Assistant United States Attorney, Richard M. Park filed an ex parte motion asking
16   for a 45 day extension, without having first having a meet and confer that met the
17   requirements of "in person or by telephone". Therefore, said meet and confer requirement
18   was not met, making the Ex parte motion void/voidable. Said motion was made in bad faith.
19
20        Said 45 day extension was granted to United States of America, U.S. Forestry San
21   Bernardino National Forest, United States Attorney General, Mark R. Snyder, Deveree
22   Kopp.
23
24        Defendants/non-respondents, the United States of America, U.S. Forestry San
25   Bernardino National Forest, Attorney General, in their joint Notice and Motion to
26   Dismiss, said Notice failed meet and to comply with the requirements of C.C.P.
27   §1010, and C.R.C. 3.110 which requires notice to include a date for the hearing of
28   the motion. When we spoke with Richard M. Park on July 9, 2018 about us wanting

him to withdraw his fatally defective Notice and Motion, because said Notice did not meet all the requirements (C.C.P. §1010, and C.R.C. 3.110, and the requirements of meet and confers, and he said "we always file Notices and Motions without setting a date and time all the time." We did mention that this was and is a failure to comply with law, state and federal procedures, Rules of Court, and Local Rules (C.C.P. §1010, and C.R.C. 3.110). We also did mention that we did not consent to any hearing dates being set, and did not consent to any hearings based on the defective Notice. He continued with "there's nothing wrong with the way we file these types of motions." We also said "we are requiring you to file another Notice. Which he refused. Further, we said, "if you do not withdraw the defective Notice and Motion we'll be filing a Motion to Strike. When we mentioned this, he hung the telephone up on us, and when we called again, he did not pick up the telephone. So we left a message, which was not returned. Therefore, the Notice was filed in bad faith, and is fatally defective, and must be stricken with prejudice.

Upon information and belief, We believe Defendants/(non)Respondents, Mark R. Snyder, and Deveree Kopp, who are sued in their individual/personal capacities may have requested the United States Attorney General for representation prior to the 45 day. Moreover, there is no proof in the record of this happening.

Upon information and belief, We believe that the Defendants/(non-responding) Respondents Mark R. Snyer and Deveree Kopp have not received authorization from the Attorney General or his delegate, any authorization to be represented by the United States Attorney, and believe non exists, as there is no proof in the record of this case for said representation. Further, said fatally defective Notice and the Motion to Dismiss was either filed without authority from the Attorney General, or was based on the local branch of the United States Attorney's Office decision to represent

SNYDER and KOPP inspite no authority was given. If this is the case, then SNYDER and KOPP's names must be stricken from the Notice and Motion to Dismiss, as well.

If the motion is not granted We will be irreparably harmed.

We are (en) titled to relief as specified.

## V. Relief

1. Order the United States Attorney to Produce the Authority to Represent Mark R. Snyder to represent Mark R. Snyder and Deveree Kopp.

2. Strike with prejudice, all of the following:

  Notice of Motion to Dismiss Case;

  Motion to Dismiss;

  All declarations in support thereof;

  Proof of Service supporting Notice and Motion to Dismiss Case;

  Proposed Order.

3. Strike with prejudice defendant/non-respondent Mark. R. Snyder from:

  Notice of Motion to Dismiss Case;

  Motion to Dismiss Case;

  All declarations in support thereof;

  Proposed Order;

  Proof of Service supporting Notice and Motion to Dismiss Case;

4. Strike defendant/non-respondent Deveree Kopp from:

  Notice of Motion to Dismiss Case;

  Motion to Dismiss Case;

All declarations in support thereof;

Proposed Order;

Proof of Service supporting Notice and Motion to Dismiss Case;

5. Issue a protective order prohibiting the United States Attorney from filing any renewed or new motions to dismiss for the same party, or any other defendant/non responding party, as the time for doing so has passed, and would be untimely.

6. Enter the defaults of:

United States of America,
U.S. Forestry San Bernardino National Forest,
United States Attorney General,
Mark R. Snyder, and his domestic partner/spouse,
Eileen M. Decker, and her domestic partner/spouse,
Deveree Kopp, and her domestic partner/spouse,

though there was a Notice and Motion to Dismiss the Cases against these parties, Said notices of motion are and remains defective, and since the Notice is fatally defective, upon being stricken, it is required that my previous requests to enter default must be entered now as a matter of law, and as a matter of right, as these parties have failed to Answer or Defend against the lawsuits timely.

7. Any supplemental relief.

PLEASE TAKE FURTHER NOTICE: If the clerk or any magistrate/judge fails to hear and correctly decide the motion, said clerk(s) and magistrate/judge expressly assents, consents, agrees that any failure shall constitute and agreement by the Clerk, Magistrate/Judge that he/she is individually responsible monetarily for said failure to perform his/her quid pro quo contract with me, one of the People of the United States of America, on or before said hearing date scheduled, then said Clerk and

1  Magistrate/Judge shall personally or individually liable and must pay for all

2  damages that may arise or accrue for lack of properly performing his/her/their

3  duties. All sums must include an additional ten percent per annum interest. If said

4  damages are not paid within 30 days, then said Clerk/Magistrate/Judge so defaulting

5  expressly assents, consents and agrees to have liens filed without notice; and,

6  expressly assents, consents and agrees to waive notice prior to any seizures of their

7  personal property or liens are filed.

8

9  This ___9___ day of July, A.D. in the Year of Our Lord, two thousand eighteen.

10

11  By:  *joaquin andres acosta.*

12

13  Annexations:

14  United States of America,
   U.S. Forestry San Bernardino National Forest,
   United States Attorney General,

15  Mark R. Snyder, and his domestic partner/spouse,
   Eileen M. Decker, and her domestic partner/spouse,

16  Deveree Kopp, and her domestic partner/spouse

17

18

19

20

21

22

23

24

25

26

27

28

## Certificate of Service

I, me, joaquin andres acosta, hereby certify that the Assistant United States Attorney, Richard M. Park, whom purports to represent the United States of America, U.S. Forestry San Bernardino, United States Attorney General, Mark R. Snyder and Deveree Kopp will receive this when the Clerk of the Court sends said Joaquin Andres Acosta: Notice of Motion, Motion for Entries of Default, Declaration of Joaquin Andres Acosta, Certificate of Service, and the Proposed Order by the Court's service by "NOTICE OF ELECTRONIC NOTIFICATION" shortly after received by the Clerk. Since the other non-responding defendants have failed to answer, Notice is not required to be given to them. Notice shall be given by the clerk.

However, as a courtesy, Mr. Joseph B Widman and his domestic partner/spouse was served by

US. Certified Mail, No. ___7017 3040 0001 1865 6197___,

Ms. Eileen M. Decker and her domestic partner/spouse was served by

US. Certified Mail, No. ___7017 0660 0000 8569 9170___,

respectively at their places of employement:

    US Forestry San Bernardino National Forest
    602 S. Tippencanoe Avenue
    San Bernardino, California (92408).

on the __9__ day of September, A.D., two thousand Eighteen.

by:                          *Joaquin Andres Acosta*
                          joaquin andres acosta.