FILED

joaquin andres acosta

PO BOX 2889

Big Bear Lake, California

2018 NOV 28 PM 3:34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

United States District Court

Santa Ana, California

| | |
|---|---|
| Joaquin Andres Acosta, my heirs, successors, assigns and agents<br>v.<br><br>United States of America;<br><br>U.S. Forestry San Bernardino National Forest;<br><br>United States Attorney General;<br><br>United States Deputy General Anwar Kahn, and his domestic partner/spouse;<br><br>Mark R. Snyder, and his domestic partner/spouse;<br><br>Eileen M. Decker, and her domestic partner/spouse;<br><br>Joseph B. Widman, and his domestic partner/spouse;<br><br>Deveree Kopp, and her domestic partner/spouse;<br><br>unknown men/women, and each of their assumed/presumed betrothed/spouse and or domestic partners who assisted the above identified individuals;<br><br>etc; etc; etc. | 5:18-cv-00369 CJC (ADS)<br><br>Claimants Courtesy Notice re Civil Minutes - General dated 7/23/2018, 11/14/2018, Amended Civil Minutes dated 11/14/2018, Civil Minutes - General dated 11/15/2018 and Amended Civil Minutes - General, dated 11/15/2018; Certificate of Service.<br><br>Date: 12/12/2018<br>Time: 10:00 a.m.<br>Judge/Magistrate: Autumn D. Spaeth.<br>Room: 6B. |

Page -1-

**PLEASE TAKE NOTICE** that joaquin andres acosta hereby declares each of the Civil Minutes - General dated 4/09/2018, 4/18/2018, 5/02/2018, 7/23/2018, 11/14/2018, Amended Civil Minutes dated 11/14/2018, 11/15/2018 have no force or affect because they are not "Court orders" because each fails to contain the required elements which are (1) judicial Officer's signature, and, (2) the Seal of the Court affixed thereon.

**PLEASE TAKE FURTHER NOTICE** that there have been no orders at all from the court pertaining to any motions filed since the beginning of the cases, though many contain the words: "IT IS SO ORDERED", "ORDER", "ORDERED", "DENIED", DENIED WITHOUT PREJUDICE", "SHALL", "IS SET".

**PLEASE TAKE FURTHER NOTICE** these words are nullities when placed, used in sentences in said Civil Minutes - General, and have no force or affect, as they've all failed to contain a judicial Officer's "signature and seal of the court."

**PLEASE TAKE FURTHER NOTICE** that Claimants shall not give any response to any further Civil Minutes - General, that purport to be an official order of the court.

**PLEASE TAKE FURTHER NOTICE** that should Claimant receive any further Civil Minutes - General containing or using any of these words: "IT IS SO ORDERED", "ORDER", "ORDERED", "DENIED", DENIED WITHOUT PREJUDICE", "SHALL", "IS SET", they shall be held for naught.

**PLEASE TAKE FURTHER NOTICE** that should any Judicial Officer/Magistrate, or his/her successor(s), agent(s) or assign(s) attempt to menace me or my heirs, successors, assigns and agents into complying with or attempt to exercise power by giving some sort of feigned power, said Judicial Officer assents and consents and agrees to pay Claimants the minimum sum of Five Thousand Dollars in money of account in advance, when compelled by said Judicial Officer to respond in writing

within any deadline the said Judicial Officer may require, said document being no larger than Ten pages length.

**PLEASE TAKE FURTHER NOTICE** that should any said directive written response exceed the Ten pages described above, then said Judicial Officer, or his/her successor(s), agent(s) or assign(s) assents, consents and agrees to pay One thousand dollars money of account for each labor hour expended on said project(s), such as moneys expended for research, writing assistance when necessary, investigation, paper, ink, electricity, additional research assistants, etc..

**PLEASE TAKE FURTHER NOTICE** that the California Constitution (1849), Article VI, Section 13 provides:

> cf. Article VI, Section 13: Tribunals for conciliation may be established, with such powers and duties as may be prescribed by law; <u>but such tribunals</u> **shall have no powers to render judgment to be obligatory on the parties**, except (when) they voluntarily submit their matters in difference, and agree to abide the judgment, or assent thereto in the presence of such tribunal, in such cases as shall be prescribed by law.

**PLEASE TAKE FURTHER NOTICE** that any order given by the Court that I do not consent to will be wholly ignored, whether it contains or lacks any of the following: a signature of a judicial officer, and the seal of the court.

**PLEASE TAKE FURTHER NOTICE** that **Full Faith and Credit: Article IV, Section 1, of the Constitution for the united States of America, provides:**

> Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof.

**PLEASE TAKE FURTHER NOTICE** that since there are no "Official Orders"

pertaining to continuing the Defendants motion for continuance (7/23/2018); and, there are no Official order granting or denying my Motions for Entries of Defaults, Motions to Publish Summonses, Motions of Prohibitions, etc.

**PLEASE TAKE FURTHER NOTICE** that since there are no "signed or sealed orders" by a Judicial Officer, therefore, any said motions are moot due to the motions to dismiss having passed any of their purported hearing dates..

**PLEASE TAKE FURTHER NOTICE** that pursuant L.R. 7-11, there are no signed or sealed orders" granting any extension of time. Therefore, all the continuances are inadequate and can not be relied on, as there are "official ruling" granting or denying said motions. Therefore, the Motions to Dismiss is invalid, as the Notice requirement being FATAL.

**PLEASE TAKE FURTHER NOTICE** that since there was a substitutions of Magistrate/Judge, and Mr. Park failed to serve a declaration setting forth the material facts and circumstances as to each prior motion, ...any failure to comply with the foregoing requirements shall be the basis for setting aside any order made. cf. L.R. 7-17.

**PLEASE TAKE FURTHER NOTICE** that I am under no obligation to perform any service for the Court, judicial officer/magistrate or any party that has defaulted. The parties are in default in spite of the Court clerk and judicial officer's obligations to enter said defaults.

This 28 day of November, in the Year of Our Lord, Two-thousand Eighteen.

joaquin andres acosta.

FILED

1    joaquin andres acosta

2    PO BOX 2889

3    Big Bear Lake, California

4

5

6                    United States District Court

7              411 West Fourth Street, Santa Ana, California

8    Joaquin Andres Acosta, my heirs,          5:18-cv-00369 CJC (ADS)

9    successors, assigns and agents

10   v.                                        Claimants Courtesy Response re

11

12   United States of America;                 OPPOSITION TO DEFENDANT UNITED

13                                             STATES,   U.S.   FORESTRY   SAN
     U.S. Forestry San Bernardino National
14   Forest;                                   BERNARDINO   NATIONAL   FOREST,

15   United States Attorney General;           MARK   R.   SNYDER   and   DEVEREE

16                                             KOPP'S   MOTION   TO   DISMISS;
     United States Deputy General Anwar
17   Kahn, and his domestic partner/spouse;    DECLARATION; Certificate of Service.

18   Mark R. Snyder, and his domestic
     partner/spouse;

19   Eileen M. Decker, and her domestic        Date: 12/12/2018
20   partner/spouse;
                                               Time: 10:00 a.m.
21   Joseph B. Widman, and his domestic
     partner/spouse;                           Judge/Magistrate: Autumn D. Spaeth.

22   Deveree Kopp, and her domestic            Room: 6B.
23   partner/spouse;

24   unknown men/women, and each of their
     assumed/presumed betrothed/spouse and
25   or domestic partners who assisted the
     above identified individuals;
26
     etc; etc; etc.
27

28
                              Page -1-

2018 NOV 28  PM 3: 33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

# TABLE OF CONTENTS

I.      INTRODUCTION.............................................. 1

II.     CLAIMS AND DEFENSES AGAINST DISMISSALS OF ACTIONS........... 1

        Breach of Contract........................................ 5
        Failure to Comply with Notice Requirements................. 7
        Filing Notice without complying with Procedure were
            "Strategic Decisions," they were not Inadvertence, Mistake
            or Surprise........................................... 8
        Re Meet and Confer....................................... 9

III.    RE MOTIONS TO DISMISS...................................... 13

        U.S. Attorney's Defective Ascertainment of the Present Matters............. 13
        Defenses to the Motions to Dismiss the §1983 Actions. ................... 16
        No Extensions of Time Were Granted........................ 17
        No Signed and Sealed Orders of the Court Exist.............. 17
        Claimants Made Numerous Requests for Entries of Defaults but Ignored. ...... 17
        Authorities Pertaining to Pretrial........................ 18
        Claimants Invoked Federal Question Jurisdiction........... 19

IV.     CONCLUSIONS............................................... 20

V.      RELIEF.................................................... 21

**TABLE OF AUTHORITIES**
**STATE CASES**

164 Cal. 532, [129 P. 981]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7
177 Cal.App.4th 585. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Galleria Plus, Incorporated., v. Hanmi Bank, 179 Cal.App. 4th 101 Cal.Rptr. 3d (2009). . . . 6, 7
Galleria Plus, Incorporated v. Hanmi Bank, 179 Cal.App.4th 535, 101 Cal. Rptr. 3d (Cal. App., 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**FEDERAL CASES**

Abbot Labs. v. Gardiner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed. 2d 681 (1967). . . . . . . . . . 17
Alexander v. Sandoval, 532 U.S. 275, 121 S.Ct. 1511 (2001). . . . . . . . . . . . . . . . . . . . 17
Arreola Rand v. Rowland, 113 F.3d 1520 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . 7, 8, 15
Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 106 S.Ct. 2133 (1986). . . . 17
COA, 9th Cir. 1998. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 15
Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed. 2d 192 (1977). . . . . . . . . . . . . 17
Feldberg v. Quechee Lakes Corporation., 463 F. 3d (2nd Cir. 2006). . . . . . . . . . . . . . . . 9
Gaskin v. Pennsylvania, 231 F.R.D. 195 (E.D. Pa. 2005). . . . . . . . . . . . . . . . . . . . . . 9
Merrell Dow Pharms., Incorporated v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L. Ed. 2nd (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
Monroe v. Pape, 365 U.S. 167 (1961), rev'd on other grounds, Monell v. Department of Social Servs., 436 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Moore v. Indiana, 999 F.2d 1125 (7th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . 9
NCUA v. First National Bank and Trust Co., 522 U.S. 479, 118 S.Ct. 927 (1998). . . . . . . . . 17
Patsy v. Board of Regents, 457 U.S. 496 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Quern v. Jordan, 440 U.S. 332 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
Riley v. Northwestern Bell Tel. Company, 1 F.3d 725. . . . . . . . . . . . . . . . . . . . . . 7, 9
Slaughter v. Southern Talc Company, 919 F.2d 304 (5th Cir. 1990). . . . . . . . . . . . . . . . 7
Snellman v. Ricoh Company 836 F.2d 528 (fed. Cir. 1987). . . . . . . . . . . . . . . . . . . . . 9
United States v. Adler's Creamery, Inc. (C.C.A.2d, 1939) 107 F.(2d) 987. . . . . . . . . . . . . 15

**STATE STATUTES**

Cal. Rules of Court, rule 3.1110 (b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7
Constitutions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL STATUTES**

36 C.F.R. 261.1(d). . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 6, 12, 15, 17, 18
Fed. R. Civ. P. 7(b)(1)(C). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
28 U.S.C. §2675. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 24
42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14, 15, 18, 19, 21, 24, 26
93 Stat. 1284. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
110 Stat. 3853. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
62 Stat. 932. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
68 Stat. 1241. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
71 Stat. 637. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
93 Stat. 1284. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
36 U.S.C. 261.1(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
5 U.S.C. §702. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
5 U.S.C. §702 (right of review). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
36 C.F.R. 261.9. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
28 U.S.C. 2680(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

**NOW COMES joaquin andres acosta,** giving no consent to dismiss our §1983 claims, and providing grounds for an order denying with prejudice Respondents the UNITED STATES, the U.S. FORESTRY SERVICE SAN BERNARDINO NATIONAL FOREST, MARK R. SNYDER and DEVEREE KOPP'S MOTIONS TO DISMISS .

**PLEASE TAKE NOTICE** that joaquin andres acosta hereby does not consent to the motions to dismiss, and takes exception thereto, giving certain grounds in opposition thereto, as stated in my Courtesy Notice, and below.

## I. INTRODUCTION

A. These actions arose from (1) an unlawful arrest, (2) seizure of my person and property without the benefit of a warrant- no exigent circumstances, (3) malicious prosecution, (4) trial without a jury-though demanded, and many other unlawful actions/crimes committed against me as identified in my claims by the United States of America, U.S. Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp, United States Deputy Attorney Anwar Khan, Eileen M. Decker, and Joseph B. Widman.   The matter commenced in August 2015, in the Big Bear Mountain area where I was performing my individual/community duty of performing fire suppression activities with my own equipment that I owned/still own, and was closest to the scent, which, under Federal Regulations, I was not liable criminally or civilly. *cf. 36 C.F.R. 261.1(d).*

B. I was acquitted by Magistrate/Judge Sheri Pym, of all the criminal charges in January 2017. It is my understanding that when Mark R. Snyder, Deveree Kopp, Eileen Decker and Joseph B. Widman were sued in the personal/individual capacities, that they were personally/individually responsible for obtaining their own counsels, and for paying for said counsel, as they individually, jointly and severally were responsible for falsely charging me, arresting me, holding me over for nearly two years after

arraignment, and after I had identified the regulation *36 C.F.R. 261.1(d)* which only applies to federal personnel, not the people whom the public servants work for, and had advised each of them of at the time of the arraignment. Each of these Respondents were apprised of the law at that time, yet individually and in concert with each other continued the false malicious prosecution case against me, knowing that I was expressly exempt under the regulation. From the commencement of these numerous acts, they are liable to me in their personal/individual, joint and several capacities for wrongfully depriving me of the exercise of my liberties, as I have identified in my claims.

C. It is my further understanding that each of the Respondents may be represented by the United States when sued in their personal/individual capacities, only when they apply to the Attorney General or his delegate who may authorize said representation. On information and belief, I believe that *SNYDER* and *KOPP* have not received approval by the *Attorney General* or *his delegate*, and, there is no proof that such approval was given; and, I have not seen, or been presented with any evidence from Mr. Park that he was given authorization to represent *SNYDER* and *KOPP*. My requirement for said documentary evidence and approval despite of my numerous requests to see said proofs, have gone wholly ignored by *PARK*.

## II. CLAIMS AND DEFENSES AGAINST DISMISSALS OF THE ACTIONS[1]

---

[1]California Pretrial Practice and Forms. §14:64 Contents of Notices. The notice of a motion, other than for a new trial, must state: When the hearing will be held (court, date, and time); The grounds upon which it will be made; and The papers, if any, upon which it is to be bases. [CCP §1010; CRC 3.1110] If the document fails to specify when the motion will be made, it is fatally defective. Galleria Plus, Inc. v. Hanmi Bank, 179 Cal.App.4th 535, 101 Cal. Rptr. 3d 803 (Cal. App., 2009). "...a notice of a motion "must state when ... it will be made." The availability of sanctions under section 128.7 in

## **BREACH OF CONTRACT**

A.  Respondents breached the "quid pro quo contracts" they had with Claimant. These "quid pro quo contracts" i.e., are the Oaths of Office each of the federal employees had with Claimant to protect me and my property. Each of the Respondents failed to protect me and my property commencing August 2015 through the end of the Trial, which was January 2017.

B.  Each of the Respondents, knew that from the time of the Arrest, and at Arraignment, that pursuant *36 C.F.R. 261.1(d)*, I was expressly exempt from prosecution, as I was performing "fire suppression", but kept and ramped up their witch hunt against me, wasting tens of thousands of dollars, and nearly a year and a half of investigations, depositions, interrogations, court filings, telephone, travel

_____

connection with undisputed facts is a question of law subject to de novo review. (Li v. Majestic Industrial Hills LLC (2009) 177 Cal.App.4th 585, 591 [99 Cal.Rptr.3d 334].)... "Respondent's purported notice, served April 25, 2008, indicated the motion would be heard "on AAA at BBB." The document failed to specify when the motion would be made, rendering it fatally defective. (See Bohn v. Bohn (1913) 164 Cal. 532, 536 [129 P. 981] [applying § 1010 to find a document entitled "motion" which failed to specify a time for hearing fatally defective]; Cal. Rules of Court, rule 3.1110 (b)(1); 6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 9, pp. 433-434.) The document's statement that a sanctions motion could be filed "on and after May 23, 2008" did not provide notice of the 21-day period or serve the remedial purpose of section 128.7's notice provisions." [See §§14.26, 14.52, for other opening page requirements. §14.49 Notice of Motion. A notice of motion must state in the opening paragraph the nature of the order being sought and the grounds for issuance of the order. CRC 3.1110(b) date of filing of the action; and trial date, if set. 14:60 Notice of Hearing Written notice of a motion must be given. CCP 1005 lists a number of motions for which written notice is required and then provides that written notice is also required for any other proceeding in which notice is required and no other time or method is prescribed by law or by court or judge. [CCP §1005(a)(13); See Carabini v. Superior Court, 26 CA4th 239, 243, 31 CR 2d 520 (1994).... CCP 1010 states that notices must be in writing. The general rule is that notice of motion must be given whenever the order sought may affect the rights of an adverse party.  Miller v. Foremost Motors, Inc., 16 CA4th 1271, 1276, 20 CR2d 274 (2001).

expenses, and the filing of the bogus criminal complaint.

C. Respondents *United States*, the *United States Attorney General*, the *U.S. Forest Service San Bernardino National Forest*, *Mark R. Snyder*, and *Deveree Kopp* violated *36 C.F.R. 261.1(d),* when they falsely acosted, arrested, and held me for nearly Two years, until trial.

## **FAILURE TO COMPLY WITH NOTICE REQUIREMENTS**

D. **CALIFORNIA CODE OF CIVIL PROCEDURE §1010 PROVIDES:**

> **"Notices must be in writing**, and **the notice of a motion**, other than for a new trial, **must state when (it is to be heard)**, and **the grounds upon which it will be made**, **and the papers, if any, upon which it is to be based. If any such paper has not previously been served upon the party** to be notified and was not filed by him, **a copy of such paper must accompany the notice...".** (Amended by Stats. 1935, Ch. 722.)(emphasis mine.)"

E. **CALIFORNIA RULES OF COURT, RULE 3.1110 PROVIDES**:

> "Contents of the Notice must state (1) when the hearing will be held (court date, and time), (2) the grounds upon which it will be made, (3) the papers, if any upon which it is to be based."

F. **CALIFORNIA PRETRIAL PRACTICE AND FORMS §4:64: CONTENTS OF NOTICES:**

> The notice of a motion, other than for a new trial, must state: When the hearing will be held (court date, and time); The grounds upon which it will be made; and The papers, if any, upon which it is to be based. *cf. C.C.P. §1010; C.R.C. 3.1110*]

**PLEASE TAKE FURTHER NOTICE** that the Notice filed on June 19, 2018 failed to comply with C.C.P. §1010, and C.R.C. Rule 3.1110.

**PLEASE TAKE FURTHER NOTICE** that the Notice where it was supposed to indicate when the motion would be heard. The identified Notice stated:

Hearing Date/Time

[Under Submission].

1   **PLEASE TAKE FURTHER NOTICE** that since the respondents purported Notice

2   failed to "include the 'hearing date, and time' " fails and is wholly inadequate and

3   fatally defective, according respectively, *cf. Galleria Plus, Inc., v. Hanmi Bank*, 179

4   Cal.App. 4th 535, 101 Cal.Rptr. 3d 803 (2009); *cf. Li v. Majestic Industrial Hills LLC*

5   (2009), 177 Cal.App 4th 585, 591, 99 Cal.Rptr.3d 334.

6

7   *cf. Galleria Plus, Inc. v. Hanmi Bank,* 179 Cal.App. 4th 535, 101 Cal.Rptr.
    3d 803, 2009 Cal.App. LEXIS 1856 (Cal.App., 2009): If the document fails to
    specify when the motion will be made, it is fatally defective.

8   *cf. Li v. Majestic Industrial Hills LLC* (2009)177 Ca1.App.4th 585, 591, 99
    Ca1.Rptr.3d 334. ...a notice of a motion "must state when ... it will be made....".

9   Further, failure to comply with technical form as well as failure to state with
    particularity grounds of motion will lead to dismissal of motion.

10

11  "Respondent's purported notice, served April 25, 2008, indicated the motion would
    be heard "on AAA at BBB." The document failed to specify when the motion would

12  be made, rendering it fatally defective. (See Bohn v. Bohn (1913) 164 Cal. 532, 536
    [129 P. 981] [applying § 1010 to find a document entitled "motion" which failed to
    specify a time for hearing fatally defective]; Cal. Rules of Court, rule 3.1110 (b)(1);

13  6 Witkin, Cal. Procedure (5th ed. 2008) Proceedings Without Trial, § 9, pp. 433-434.)
    The document's statement that a sanctions motion could be filed "on and after May

14  23, 2008" did not provide notice of the 21-day period or serve the remedial purpose
    of section 128.7's notice provisions."

15

16  [See §§14.26, 14.52, for other opening page requirements.
    §14.49 Notice of Motion

17
    A notice of motion must state in the opening paragraph the nature of the order being
18  sought and the grounds for issuance of the order.

19  CRC 3.1110(b) date of filing of the action; and trial date, if set.

20  *cf. Riley v. Northwestern Bell Tel. Co.*, 1 F.3d 725, 726-727~ (8th Cir. 1993).
    Further, the purported Notice given by moving party was insufficient. *cf. Arreola*
21  *Rand v. Rowland*, 113 F.3d 1520, 1522-24 (9th Cir. 1997).

22  **FILING NOTICE WITHOUT COMPLYING WITH PROCEDURE WAS A**
    **STRATEGIC DECISION - NOT INADVERTENCE, MISTAKE, OR SURPRISE**
23

24  **PLEASE TAKE FURTHER NOTICE** that the Notice and Motions to Dismiss were

25  submitted in "bad faith" for failure to give fair Notice.

26

27  **PLEASE TAKE FURTHER NOTICE** that We do not believe said filing without

28

including a date and time for the motion to be heard was not done inadvertently, by mistake, but was a "Strategic Decision" not to place the date and time on the motion. It was <u>not</u> **excusable neglect.** *cf. Slaughter v. Southern Talc Co.*, 919 F.2d 304 (5th Cir. 1990)**:**

> "affidavits that not filed by deadline properly rejected because they were the result of strategic decision by the party, not excusable neglect."

G. **Re MEET and CONFER**

**PLEASE TAKE FURTHER NOTICE** that no MEET and CONFER happened. Though the Assistant United States Attorney called, there was no meaningful conversation about the contents, reasons for the motion to dismiss, nor was there any proposed talks in mitigation.

H. **FAILURE TO PROVIDE ACTUAL NOTICE THAT COMPLIES WITH PROCEDURE and CALIFORNIA RULES OF COURT.**

**PLEASE TAKE FURTHER NOTICE** that though I did receive the purported Notice of the pending Motion, Written Notice was still required, and does not excuse the moving party from the requirements of giving written notice as required by statute. *cf. Rutter Group: California Pretrial Practice and Forms, 14.62. cf.* (Fair Notice is a requirement) *Rand v. Rowland*, 154 F. 3d 952 - COA, 9th Cir. 1998. *cf.* Weissenberger's Federal Civil Procedure Litigation Manual.

**PLEASE TAKE FURTHER NOTICE** that the defective Notice given by moving party was insufficient" under *Arreola Rand v. Rowland*, 113 F.3d 1520, 1522-24 (9th Cir. 1997)

I. **CALIFORNIA PRETRIAL PRACTICE and FORMS 14.62, PROVIDES:**

**Actual Notice - Written Notice Still Required.**

**PLEASE TAKE FURTHER NOTICE** that "The fact that an opposing party has actual knowledge of a pending court proceeding does not excuse the moving party from the requirement of giving the written notice required by statute." *cf. County of Santa Clara v. Perry,* 18 C4th 435, 442, 75 CR2d 738 (1998); When a motion does not give adequate notice of the grounds relied on, a court will usually summarily deny the motion Feldberg v. Quechee Lakes Corp., 463 F. 3d 195, 197 (2nd Cir. 2006); Failure to comply with technical form as well as failure to state with particularity grounds of motion will lead to dismissal of motion. Riley v. Northwestern Bell Tel. Co., 1 F.3d 725, 726-727 (8th Cir. 1993);

**PLEASE TAKE FURTHER NOTICE** that "Every motion must also specify the relief sought." See Fed. R. Civ. P. 7(b)(1)(C); Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993) (Plaintiff's cursory motion failed to convey plaintiff's intention to ad 13 new defendants and change nature of claim); Snellman v. Ricoh Co. 836 F.2d 528, 532 (fed. Cir. 1987). The relief requested should be tailored to the facts of the motion and should not be stated too broadly, or the movant will risk denial of the motion. Furthermore, the papers submitted in support of the motion must justify the relief. See Gaskin v. Pennsylvania, 231 F.R.D. 195 n.1 (E.D. Pa. 2005) (denying motin to intervene that failed to state type of intervention sought or grounds for motion and did not provide proposed pleading). Moore's Federal Practice 3d ed. )

**PLEASE TAKE FURTHER NOTICE** that the Motions to Dismiss falsely claim that Claimant must first exhaust administrative remedies under the Federal Tort Claims Act before filing §1983 actions.

**PLEASE TAKE FURTHER NOTICE** the AUSA has totally misapprehended and

misrepresented that §1983 Claims must first have exhausted administrative remedies under the FTCA. Congress never intended that those making §1983 claims must first exhaust FTCA remedies before filing. Here, the AUSA stepped outside of his jurisdiction, and presented a frivolous motion.

**PLEASE TAKE FURTHER NOTICE** that the ASSISTANT UNITED STATES ATTORNEY, the requested relief is to dismiss the claims based on erroneous misrepresentation, misapprehension or assumption that Claimant must first complete administrative exhaustion requirement under the FTCA, prior to filing §1983 actions, is contrary to what Congress intended. There is no FTCA requirements prior to filing this action. Therefore, he missed the point and actually failed to give proper Notice and failed to assert the grounds for dismissal of my Claims. Therefore, the Notice is fatally defective.

**PLEASE TAKE FURTHER NOTICE** that California law requires proper Notice with a date and time for the proposed hearing.

**PLEASE TAKE FURTHER NOTICE** that each of the Respondents failed to comply with California law, Rules of Court, Local Rules, and Procedures designed to protect the non-moving party from any mis-feasance, malfeasance and non-feasances by a moving party.

**J.   CIVIL PROCEDURE BEFORE TRIAL (RUTTER GROUP CALIFORNIA PRACTICE GUIDE)(2014) 6:10.  PURPOSE OF DEFAULT PROCEDURES.**

**PLEASE TAKE FURTHER NOTICE** that default proceedings protect diligent parties from delay and uncertainty caused by unresponsive parties, such as UNITED STATES, U.S. FORESTRY SAN BERNARDINO NATIONAL FOREST, UNITED STATES ATTORNEY GENERAL, MARK R. SNYDER and DEVEREE KOPP. A

1   default ensures that litigants who are vigorously pursuing their cases are not hindered

2   by those who are not in an environment of limited judicial resources. *cf. Swaim v.*

3   *Moltan Co.* (7th Cir. 1996) 73 F3d 711, 716 (internal quotes omitted); *cf. Boland v.*

4   *Yoccabel Const. Co., Inc.* (D DC 2013 293 FRD 13, 17, default protects diligent party

5   from interminable delay and continued uncertainty as to his rights.

6

7   **PLEASE TAKE FURTHER NOTICE** that clearly there was and remains a duty to

8   include all the laws, rules, procedures on Notices, for the Court to have jurisdiction

9   over the proposed matter.

10

11   **PLEASE TAKE FURTHER NOTICE** that in these instances, the foregoing laws,

12   rules, local rules and procedure were entirely skipped.

13

14   **PLEASE TAKE FURTHER NOTICE** that the Notice of Motion and Motion, the

15   Memorandum, the Declaration and all incidental papers must be stricken with

16   prejudice.  The federal and state appellate courts remain firm in their decisions

17   regarding failure to give proper Notice...that a failure to include a date and time for

18   a hearing is FATAL to the motion, and are summarily denied.

19

20   **PLEASE TAKE FURTHER NOTICE** that the Notice of Motion and Motion,

21   Memorandum, the Declaration and all incidental papers must be stricken with

22   prejudice.

23

24   **PLEASE TAKE FURTHER NOTICE** that if the motion is granted having a wholly

25   inadequate and fatally defective Notice, We will be irreparably harmed.

26

27

28

### III.  RE MOTIONS TO DISMISS

### Re: The United States Attorney's Defective Ascertainment of the
### Present Matters does not allow for ignoring the law, and allowing
### the granting dismissals based on erroneous grounds

**PLEASE TAKE FURTHER NOTICE** that Respondents, the United States, the United States Attorney General, the U.S. Forest Service San Bernardino National Forest, Mark R. Snyder and Deveree Kopp's motion to dismiss are fatally flawed and inadequate, as they purport to claim that Claimants must file claims under the Federal Tort Claims Act ("FTCA"), that Claimant must comply with administrative exhaustion before filing suit in the District Court, that Claimant must purportedly comply with 28 U.S.C. §2675...therefore implying that the Court purportedly lacks jurisdiction, that 42 U.S.C. §1983 claims are not applicable to the Respondents identified.

**PLEASE TAKE FURTHER NOTICE** that the positions taken by Mr. Park, along with those persons he purports to represent, his positions are totally inapposite and contrary to §1983 Claims, along with their misapprehensions of what the law actually allows for.

**PLEASE TAKE FURTHER NOTICE that  42 U.S.C. 1983 PROVIDES:**

> Every person who, under color of any statute,  ordinance, regulation, custom,  or usage,  of any State or Territory or the District of Columbia, subjects,  or causes to be subjected,  any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,  privileges,  or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,  suit in equity,  or other proper proceeding  for redress,  except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall  not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute  of  the  District of Columbia. (R.S.  §  1979; Pub. L. 96–170, §

1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.) Notes. Effective Date of 1979 Amendment. Amendment by Pub. L. 96–170 applicable with respect to any deprivation of rights, privileges, or immunities secured by the Constitution and laws occurring after Dec. 29, 1979, see section 3 of Pub. L. 96–170, set out as a note under section 1343 of Title 28, Judiciary and Judicial Procedure.

**PLEASE TAKE FURTHER NOTICE** that the United States Government purports to act under the ORGANIC ACT OF 1871, which was an incorporation of the person of the de jure government, which since 1871, The United States since 1871 has Acted as a corporation, and cannot assert immunity as it is a person identified under §1983 Statute.

**PLEASE TAKE FURTHER NOTICE** that §1983 has the term "persons". The term "person" mean persons employed in a Corporate Capacity, under the incorporated United States.

**PLEASE TAKE FURTHER NOTICE** that the term "person" includes the Respondents identified in the lawsuits that are sued in their personal/individual, non-government capacities.

**PLEASE TAKE FURTHER NOTICE** that the UNITED STATES, the UNITED STATES ATTORNEY GENERAL is and at all times is responsible to maintain control of Assistant United States Attorneys, and other Employees of the United States, when they perform their duties and obligations to the People of the United States. Clearly, he failed to maintain, check into this matter, and allowed a malicious prosecution to happen to me, depriving me of my life, liberties, until Acquittal. Through his failures to perform correctly means that he failed in his obligations, thus, breaching his public duties and now liable for his failures to correct these employees. Section 1983 applies to the Office. He elected to exceed his obligations. The

ATTORNEY GENERAL failed to prevent the MALICIOUS PROSECUTION case that was wrongfully commenced in 2015 by UNITED STATES employees, that were under his control and supervision.

**PLEASE TAKE FURTHER NOTICE** that the UNITED STATES ATTORNEY GENERAL still Acts in Aiding said United States employees, including the ASSISTANT UNITED STATES EMPLOYEES in depriving me of my rights to redress, as he has continued to allow Mr. Park to wrongfully assert positions that are contrary to the §1983 Statute, which proffered misguided and misapprehensions about the law in his Motion to Dismiss, which are Contrary to what Congress deemed appropriate concerning §1983 claims for redress.   The AG is required to correct errant government employees acts, behaviors, and perform obligations to protect and serve, me, one of the People.

**PLEASE TAKE FURTHER NOTICE** that when each employee of the United States breached their "quid pro quo" contract that had with me, meaning their Oaths of Office, they actually Acted outside of their duties to protect me and my property, leaving them clearly within the §1983 Statute. There are no immunities when they exceeded their jurisdiction and deprive me of my liberties and Rights.

**PLEASE TAKE FURTHER NOTICE** that the employees of the UNITED STATES are citizens of the United States.

**28 U.S. CODE § 1343. CIVIL RIGHTS and ELECTIVE FRANCHISE, PROVIDES:**

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing

any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

(b) For purposes of this section—

(1) the District of Columbia shall be considered to be a State; and

(2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (June 25, 1948, ch. 646, 62 Stat. 932; Sept. 3, 1954, ch. 1263, § 42, 68 Stat. 1241; Pub. L. 85–315, part III, § 121, Sept. 9, 1957, 71 Stat. 637; Pub. L. 96–170, § 2, Dec. 29, 1979, 93 Stat. 1284.)

**PLEASE TAKE FURTHER NOTICE** that this Court has jurisdiction over employees of the United States, when they violated §1983, and maliciously prosecuted me, knowing I was exempt under 36 U.S.C. 261.1(d), when they deprived me of my rights.

## DEFENSES TO MOTIONS TO DISMISS THE §1983 ACTIONS

PLEASE TAKE FURTHER NOTICE that pursuant the Federal Practice Manual, sections 3.4.A., Exhaustion of remedies is not required for 1983 actions.

> *cf.* Patsy v. Bd. of Regents, 457 U.S. 496, 501–02 (1982) (exhaustion of state remedies not required under § 1983); Quern v. Jordan, 440 U.S. 332, 341–42 (1979);

> *cf.* Monroe v. Pape, 365 U.S. 167, 170–71 (1961) (§ 1983 provides federal remedy independent of state law remedies and is available even when state official acted in violation of state law), *rev'd on other grounds*, Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

> *cf.* Fair Notice is requirement. *Rand v. Rowland*, 154 F. 3d 952 - COA, 9th Cir. 1998. Notice given by moving party was insufficient under Arreola Rand v. Rowland, 113 F.3d 1520, 1522-24 (9th Cir. 1997)

**PLEASE TAKE FURTHER NOTICE** that the Notice and motion to dismiss were submitted in bad faith for failure to give fair notice.

## NO EXTENSIONS OF TIME WERE GRANTED

**PLEASE TAKE FURTHER NOTICE** that "An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. *cf. United States v. Adler's Creamery, Inc.* (C.C.A.2d, 1939) 107 F.(2d) 987.

## THERE ARE NO SIGNED AND SEALED ORDERS OF THE COURT

**PLEASE TAKE FURTHER NOTICE** that there are no "signed and sealed" orders granting any extensions of time.

**PLEASE TAKE FURTHER NOTICE** that when the words "IT IS ORDERED," "ORDER," "IT IS SO ORDERED," appear in papers identified as CIVIL MINUTES - GENERAL, it is not an order under any law, rule of the United States. Said paper has no force or affect to any man/woman or person, regardless of whether there was visitations, appearances or attendance by the parties at motion hearings.

**PLEASE TAKE FURTHER NOTICE** that since there have been no "signed and sealed" orders, no extensions of time ever occurred for these Respondents. Therefore, each have defaulted by the Judicial Officer(s) so proffering, and therefore, was proper exercise of jurisdiction which properly assisting me. To now say that these Respondents were granted extensions, would be denial of my rights, and failure to provide honest government services, and would exceed any judicial officers duties.

## CLAIMANTS MADE NUMEROUS REQUESTS FOR DEFAULT BUT IGNORED

**PLEASE TAKE FURTHER NOTICE** that F.R.Civ. P. Rule 5(a)(2): (2) If a Party Fails to Appear. No service is required on a party who is in default for failing to

1  appear. But a pleading that asserts a new claim for relief against such a party must

2  be served on that party under Rule 4.

### AUTHORITIES PERTAINING TO PRETRIAL

5  **PLEASE TAKE FURTHER NOTICE** that *Moore's AnswerGuide: Federal Pretrial*

6  *Civil Litigation, 2017 Ed.* §1.05(2). Statutes Expressly Creating Federal Question Causes

7  of Action  §1.06(a) Federal Law Creates Cause of Action.

9   If the claim for relief is created by federal law, the "arising under" test is satisfied.
10  *cf. Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92
    L. Ed. 2nd 650 (1986) (vast majority of cases brought under general question
    jurisdiction of federal courts are those in which federal law creates cause of Action.

12  Moore's Federal Practice Guide (3d ed.) §103.31.

13  Federal Litigation Guide ¶ 1.32[2].

14  [3] Bringing Claims under Administrative Acts and Regulations.

16  A  plaintiff's claim may invoke federal question jurisdiction if the plaintiff is
    adversely affected by federal agency action in violation of the law.  See 5 U.S.C.
17  §702; see also Abbot Labs. v. Gardiner, 387 U.S. 136, 140, 87 S.Ct. 1507, 18 L.Ed.
    2d 681 (1967)(judicial review of final agency action by an aggrieved person will not
18  be cut off unless there is persuasive reason to believe that such was the purpose of
    Congress).

19  Federal question jurisdiction applies to the acts and regulations of administrative
    agencies unless Congress has specifically exempted them from judicial review.  See
20  *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed. 2d 192 (1977).  *Alexander*
    *v. Sandoval*, 532 U.S. 275, 284-289, 121 S.Ct. 1511 (2001) (if Congress intends a
21  statute to be enforced through a private cause of action, it also intends the
    authoritative interpretation of the statute to be so enforced as well).

23  There  is  a  strong  presumption that Congress intended judicial review of
    administrative actions unless a contrary intent is clear from the statute or legislative
24  history.  See *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670,
    106 S.Ct. 2133 (1986)(judicial review of a final agency action by an aggrieved person
25  will not be cut off unless there is persuasive reason to believe that such was the
    purpose of Congress).  However, if a federal statute does not create a private
26  right of action, a party aggrieved by a federal agency's acts may pursue its
    remedies under the Administrative Procedure Act, if both federal question
27  jurisdiction and prudential standing exist.  See *NCUA v. First National Bank &*
    *Trust Co.*, 522 U.S. 479, 488, 118 S.Ct. 927 (1998) (interpreting §10(a) of the APA
28  to impose a prudential standing requirement in addition to the requirement that a

1    plaintiff have suffered a sufficient injury-in-fact).

2    Moore's Federal Practice (3d ed.) §103.32[3]

3    Federal Litigation Guide ¶ 1.32[2]

      Bender's Federal Practice Forms, Form No. 8:3

4    5 U.S.C. §702 (right of review)

5

6    **PLEASE TAKE FURTHER NOTICE** that  A plaintiff's claim may invoke federal

7    question jurisdiction if the plaintiff is adversely affected by federal agency action in violation

8    of the law.  See 5 U.S.C. §702.

9

10    **PLEASE TAKE FURTHER NOTICE** that We have by filing the instant action, invoked

11    federal question jurisdiction because I was adversely affected by the U.S. Forest Service

12    personnel, when they falsely arrested and charged me for purported violations of law that i

13    was expressly exempt from.  They violated *36 C.F.R. 261.1(d)*.

14

15    **PLEASE TAKE FURTHER NOTICE** that Congress intended §1983 to be enforced

16    through a private cause of action, when: Every person who, under color of any statute,

17    ordinance, regulation, custom, or usage, of any State or Territory or the District of

18    Columbia, subjects, or causes to be subjected, any citizen of the United States or

19    other person within the jurisdiction thereof to the deprivation of any rights, privileges,

20    or immunities secured by the Constitution and laws, shall be liable to the party injured

21    in an action at law, suit in equity, or other proper proceeding for redress,

22

23    **PLEASE TAKE FURTHER NOTICE** that the U.S. FOREST SERVICE employees

24    wrongfully charged me with 36 C.F.R. 261.9 violations.  They knew I was exempt under

25    §261.1(d).  Through wrongful misapplication/misapprehension of  the  law, and by

26    custom, and wrongful usage of the statute, they wrongfully subjected and caused me

27    (being  within  the  alleged  jurisdiction of the U.S. FOREST SERVICE) numerous

28

deprivations of my rights, privileges of the immunity secured under 36 C.F.R. 261.1(d) which was applicable because I was performing "fire suppression". Each are liable to me for the injuries they caused me, whether at law, suit in equity or other proceeding, as established under §1983.

**PLEASE   TAKE   FURTHER   NOTICE** that Congress   intended the authoritative interpretation of the §1983 statute as written   to be so enforced.

## IV. CONCLUSIONS

**PLEASE TAKE FURTHER NOTICE** that the  Notice of Motion failed to comply with *C.C.P.  §1010*.

**PLEASE TAKE FURTHER NOTICE** that the Notice of Motion did not have the required "date and time" for the hearing on the face of the Notice, or anywhere else.

**PLEASE TAKE FURTHER NOTICE** that the Notice of Motion did not comply with *C.R.C. Rule 3.1110*, supra  *cf. California Pretrial Practice and Forms §4:64: Contents of Notices*:

**PLEASE TAKE FURTHER NOTICE** that the California Rules of Court requires the Notice of Motion to contain (1) when the hearing will be held (court date, and time), (2) the grounds upon which it will be made, (3) the papers, if any upon which it is to be based." *cf. Rutter Group, California Pretrial Practice and Forms, 14.62.*

**PLEASE TAKE FURTHER NOTICE** that the Notice of Motion failed to contain "when the hearing will be held, the grounds upon which it will be made, and papers

upon which it is to be based. *cf. Rutter Group, California Pretrial Practice and Forms, 14.62.*

**PLEASE TAKE FURTHER NOTICE** that at least Eight times I have requested entries of defaults.

**PLEASE TAKE FURTHER NOTICE** that No defaults were ever entered, though pursuant *F.R.Civ. P., Rule 55(a)* requires defaults to be entered when requested.

**PLEASE TAKE FURTHER NOTICE** that additionally, the Notice is fatally defective and inadequate because the assertions that FTCA required exhaustion of adminsitrative remedies prior to filing a §1983 action, is totally misapprehended, moot and misrepresentation of what Congress intended §1983 to be. Therefore, said notice did not comply with Notice requirements.

<b><u>V. RELIEF</u></b>

**PLEASE TAKE FURTHER NOTICE** I require the following Relief:

> Deny the respondents Motions to Dismiss with prejudice.
> Enter the defaults of United States, United States Attorney General, U.S. Forest Service San Bernardino National Forest, Mark. R. Snyder and Deveree Kopp.

This 28 day of November, in the Year of Our Lord, Two-thousand eighteen.

joaquin andres acosta

Page -21-

**Declaration of Joaquin Andres Acosta**

**in support of No-Consent and Opposition to Motion to Strike**

I, me, Joaquin Andres Acosta, hereby declare as follows:

1.  I am the Claimant in this matter.

2.  This declaration is based on my own research, information and personal/first hand knowledge of the matters set forth herein.

3.  I am competent to testify.

4.  I am over the age of eighteen years.

5.  If called to testify to these matters, I will.

6.  I am mentally sound, and of good judgment.

7.  The current suit was and is based on 42 United States Code, section 1983-Civil action for deprivation of rights.

8.  Each of the respondents/defendants were served in the actions except Anwar Kahn.

9.  As of the Sixth day of May, said day was the last date for Eileen Decker to answer the complaint or defend against the lawsuit.

10.  As of the Sixth day of May, 2018, Eileen Decker failed to answer or defend against the lawsuit.

11.  I filed a request for entry of default on the Ninth day of May, 2018.

12.  The clerk of the court on the Eleventh day of may failed and refused to enter said default giving the implausible excuse: The clerk cannot enter the requested relief as Order Approving Ex Parte Application For an Extension of Time To File Answer Or Motion was granted by Magistrate/Judge Karen L. Stevenson until June 19, 2018 to answer, move or otherwise respond to Plaintiffs complaint.

13.  Eileen Decker was not part of the Ex Parte Motion for An Extension of time.  Therefore, said denial was a denial of my substantial right to enter default against Decker, and an Obstruction of Justice was committed by the clerk.

14.  Shortly after the rejection by the clerk, I called and spoke with the clerk.  She looked up the case, after I pointed out that the Ex parte order did not include Decker.  She said theres

Page -1-

nothing I can do.  I did my best to motivate her to do her job, but said motivational suggestions did not pass the barrier of her brain.

15. On 6/19/2018 a purported NOTICE OF MOTION AND MOTION TO DISMISS CASE was filed by Assistant United States Attorney, Richard Park.

16.   After receiving the purported NOTICE OF MOTION AND MOTION, the DECLARATION IN SUPPORT, A PROPOSED ORDER AND PROOF OF SERVICE I examined and read the Caption page for the DATE AND TIME OF HEARING, but it was absent.  I performed some research on the matter, and discovered that procedure, rules of Court and Local Rules required complete compliance with all set forth thereunder.  I also found state and federal cases and authorities which mentioned that any Notice of Motion that does not contain a date and time, and other things such as a judges name, place of hearing, when the action was filed, and trial date were fatally defective, as each of the items if known are always required to be on the face of the pleading itself.  All of these were absent.

17. On Thursday, June 26, 2018, I called the Clerks office to see if any hearing date was set.  Clerk said there are no dates reserved for the motion to dismiss.

18. There are no dates on pacer.gov confirming a hearing for the Motion to Dismiss.

19. In compliance with the federal and state meet and confer requirements, I complied by calling the Assistant United States Attorney, Richard Parks Office on July 3, 2018 and July 9, 2018 to discuss my Motion to Strike.  When he did not answer on or after July 3rd, I left a voice mail regarding my wish to discuss my filing a Motion to Strike and Entry of Defaults (and withdrawing his motion to dismiss).  Since placing the call, he and no other person from his Office has returned my call.

20. True Copies of Letters sent to Richard Park:


      Joaquin Andres Acosta
      PO Box 2889
      Big Bear Lake, California


      Richard M. Park
      c/o United States Attorneys Office

Page -2-

1
2

300 N. Los Angeles Street
Los Angeles, California 90012

June 12, 2018

3
4

Re: Joaquin Andres Acosta v. United States Incorporated, Case No. CV 18-369 CJC (KS)

5

Dear Mr. Park   This letter requires you to produce the delegation of Authority from

6

the United States Attorney General or his delegate to represent DEVEREE KOPP,

7

MARK R. SNYDER, and anyone else that you allegedly represent.  Though you have

8

asserted you have authority, and never presented the delegation letter specifically for

9

KOPP and SNYDER, it is our assertion that no delegation of authority letter exists for

10

you to represent them in their individual capacities, nor anyone else involved as

11

respondents/defendants.    Please provide a certified copy of the delegations of

12

authority, or send a copy sent to me within 72 hours.  Your failure to provide said

13

proof within 72 hours will be deemed and admission by you that no delegation of

14

authorities exists to represent KOPP, SNYDER or any other respondents/defendants

15

in this matter.

16
17

By:  _Andy Acosta."_

18
19
20

"Joaquin Andres Acosta
PO Box 2889  Big Bear Lake,
California

21
22

Richard M. Park
c/o United States Attorneys Office
300 N. Los Angeles Street
Los Angeles, California 90012

23

June 12, 2018

24
25

Re: Joaquin Andres Acosta v. United States Incorporated, Case No. CV 18-369 CJC (KS)

26
27
28

Dear Mr. Park   Please be advised that this does not constitute a meet and confer,

and the rules require meet and confers be in person or by telephone at least five

Page -3-

days prior  to the last date for filing.

Further, your assertions stated in your June 12, 2018 letter, that my Section 1983 claims are dependent on sections 28 U.S.C. 2680(h), and 28 U.S.C. 2675 to be valid, are wholly inadequate and insufficient, as 1983 claims are to be construed broadly, and need to administrative process prior to filing suit.  Since this is not a suit based on fraud, the heightened pleading standard identified in Ashcroft v. Iqbal and Bell Atlantic v. Twombly equally fail, as the law Fed. R. Civ. Procedure, Rule 8 requires only the following (a) (1)a short and plain statement of the grounds for the courts jurisdiction;  (2) a short and plain statement of the claim showing that the pleader is entitled to relief ; and, (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  All these have been complied with.  Please wrap your head around these cases: Monroe v. Pape, Monell v. Department of Social Services, and Bivens v. Six Unknown Named Agents.  As these are U.S. Supreme Court cases, any motions to dismiss based on your letter would be reversed. Additionally, Qualified immunity is the general rule for individuals such as police officers and other officials unless they violate clearly established Constitutional rights or act in a grossly unreasonable fashion.  Actions taken with deliberate indifference may impose liability See: Farmer v. Brennan, 1994.

Clearly the persons did act in an unreasonable fashion.

Heres a Brief  Section 1983 Litigation Checklist

    1. Has there been a violation of a Constitutional or statutorily protected right?

        A: YES.

    2. Is the actor a person that is subject to Section 1983?

        A: YES.

3. Did this person act under color of law or local governmental custom or practice?

    A: YES.

4. Are the actions complained of connected to the deprivation of rights in a reasonably foreseeable manner (proximate causation)?

    A: YES.

5. Are there defenses to liability such as immunity, lack of standing to sue, or a lack of ripeness?

    A: NO.

6. Is a monetary judgment collectable from a governmental entity or, in the case of an individual defendant, personal assets or personal insurance policies?

    A: YES.

By: _____.
Andy Acosta."

—End of Demands and Letters—

21.  There are no "signed and sealed orders," relating to or granting  any motions for extensions of time.

22.  There are no answers to the claims by any respondent.

23.  I have requested over eight times that the Clerk enter defaults.

24. The Clerk has failed, refused and neglected to enter defaults required under F.R.Civ. P., Rule 55(a).

25.  The Respondents, the United States, the United States Attorney General, the U.S. Forestry Service San Bernardino National Forest, Mark R. Snyder, Deveree Kopp failed to properly comply with Notice requirements that, e.g., there be a date and time scheduled, name of judge, place of hearing, trial date (if any set), the basis for the motion, and proper service.  The Notice lacking the elements decribed above, according to Authorities, laws,

procedure, rules of Court and Appellate decisions, identify it as being FATALLY DEFECTIVE and inadequate.

26.   The Respondents grounds for their motions to dismiss have  presented and asserted fatally defective and misapprhensions and misrepresentations of the §1983 statute allows for. Instead, they wrongly asserted that prior to any §1983 claims being filed, they must first comply with some sort of "exhaustion of administrative remedies" required under the Federal Tort Claims Act.   The §1983 statute does not require any "exhaustion of administrative remedies" under the FTCA, nor does the §1983 statute require compliance with any other statute or code before initiating any §1983 action.

27.   Based on our own research, information provided by authorities that can not be challenged, We believe that the Notices of Motions are fatally defective for failure to state a date and time for hearing, and the motions themselves are fatally defective on the basis  that they fail to provide any reasonable  grounds  that  would  be  adequate for dismissals.

28.   The AG, AUSA, and respondents do not have a right to ignore any laws, statutes, procedures, and appellate court decisions, but are required to comply with them and the mandates and prohibitions under the federal and state constitutions, which they took oaths to support and defend, which primary purpose was to protect us, the people and our properties.

29.   Therefore, based on the Courtesy Notices to the Court/Judicial Officer/Magistrate, and our numerous grounds for entries of defaults, and denials of their motions to dismiss the actions,  We believe there are grounds for entries of defaults of the above identified respondents, and denials of their several motions to dismiss with prejudice.

1    If the motion to dismiss is granted, We will be irreparably harmed.

2

3    Certified (under penalty of perjury) this _28_ day of November, A.D. in the Year of Our

4    Lord, two thousand eighteen.

5

6                                                    _Joaquin Andres Acosta_

7                                              joaquin andres acosta, or my heirs,
                                               successors, assigns and/or agents.

8

                              **Certificate of Service**

9

10   I: man (joaquin andres acosta) certify that:

11

12           joaquin andres acosta: Courtesy Notice re Civil Minutes - General (various dates);
             Courtesy Notice re Opposition and Non Consent to Motions to Dismiss;

13           Declaration of Joaquin Andres Acosta in Support of Opposition to Respondents

14           Motions to Dismiss;  Certificate of Service,

15   have been deposited with the Court clerk, whom will perform scanning and  send said electronically

16   via NEF/ECF to the following, the day of scanning or filing, according to clerks judgment:

17
     *richard.park@usdoj.gov
18
     *=Each of the above parties have consented to NEF/Electronic Service, pursuant Santa Ana
19
     Court's L.R. 5-3.2.3
20

21   Additionally, courtesy paper copies may be sent by U.S. Certified Mail, if requested by

22   richard.park@usdoj.gov

23

24   This _28_ day of November, A.D. in the Year of Our Lord, Two  thousand  Eighteen.

25

26                                                    _Joaquin Andres Acosta_

27                                              Man (joaquin andres acosta).

28