1

2

3                          UNITED STATES DISTRICT COURT

4                        CENTRAL DISTRICT OF CALIFORNIA

5                               EASTERN DIVISION

6

7    JOAQUIN ANDRES ACOSTA,          )
                                     )
8                                    )
                  PLAINTIFF,         )
9                                    )
                  V.                 )  ED CV 18-00369-CJC(ADS)
10                                   )
                                     )
11   UNITED STATES OF AMERICA,       )  SANTA ANA, CALIFORNIA
                                     )  DECEMBER 12, 2018
12                                   )  (10:03 A.M. TO 10:41 A.M.)
                  DEFENDANT.         )
13   _____)

14                                  HEARING
                      BEFORE THE HONORABLE AUTUMN D. SPAETH
15                      UNITED STATES MAGISTRATE JUDGE

16

     APPEARANCES:              SEE NEXT PAGE
17
     COURT REPORTER:           RECORDED; COURT SMART
18
     COURTROOM DEPUTY:         KRISTEE HOPKINS
19
     TRANSCRIBER:              DOROTHY BABYKIN
20                             COURTHOUSE SERVICES
                               1218 VALEBROOK PLACE
21                             GLENDORA, CALIFORNIA  91740
                               (626) 963-0566
22

23

24   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
25

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFF JOAQUIN ANDRES ACOSTA:

 3              JOAQUIN ANDRES ACOSTA
              PRO SE
 4

 5   FOR THE DEFENDANT UNITED STATES OF AMERICA:

 6              NICOLA MANN
              UNITED STATES ATTORNEY
 7              BY:  RICHARD M. PARK
              ASSISTANT UNITED STATES ATTORNEY
 8              CIVIL DIVISION
              300 NORTH LOS ANGELES STREET
 9              SUITE 7516
              LOS ANGELES, CALIFORNIA  90012
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1                                I N D E X
   ED CV 18-00369-CJC(ADS)                      DECEMBER 12, 2018
2

3   PROCEEDINGS:   MOTION TO DISMISS BY DEFENDANTS

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1           SANTA ANA, CALIFORNIA; DECEMBER 12, 2018; 10:03 A.M.

2              THE CLERK:  ALL RISE.

3              THIS UNITED STATES DISTRICT COURT IS NOW IN SESSION.

4    THE HONORABLE AUTUMN D. SPAETH, UNITED STATES MAGISTRATE JUDGE,

5    PRESIDING.

6              THE COURT:  GOOD MORNING, EVERYBODY.  PLEASE BE

7    SEATED.

8              THE CLERK:  CALLING CASE ED CV 18-369-CJC(ADS),

9    JOAQUIN ANDRES ACOSTA VERSUS UNITED STATES OF AMERICA, ET AL.

10              MR. PARK:  GOOD MORNING, YOUR HONOR.

11              THE COURT:  WOULD YOU PLEASE STATE YOUR APPEARANCES.

12              MR. PARK:  RICHARD PARK FOR THE GOVERNMENT,

13    DEFENDANT.

14              THE COURT:  THANK YOU.  GOOD MORNING.

15              JOAQUIN ACOSTA HERE FOR MYSELF.  GOOD MORNING.

16              THE COURT:  GOOD MORNING, MR. ACOSTA.

17              THANK YOU, EVERYONE, FOR BEING HERE.

18              MR. ACOSTA:  THANK YOU.

19              THE COURT:  OKAY.

20              SO, WE ARE HERE ON THE MOTION TO DISMISS FILED BY

21    MR. PARK ON BEHALF OF, LET'S SEE, DEFENDANTS UNITED STATES,

22    U.S. FORESTRY SAN BERNARDINO NATIONAL FOREST, MARK SNYDER AND

23    DEVEREE KOPP.

24              LET'S START WITH THE MOVING PARTY.

25              MR. PARK:  THAT'S CORRECT.

1            THE COURT:  WOULD YOU -- YEAH, PLEASE.  THANK YOU.

2            MR. PARK:  I THINK THE MOVING PAPERS SPELL OUT OUR

3    ARGUMENTS QUITE CLEARLY.  THERE'S JUST A LACK OF SUBJECT MATTER

4    JURISDICTION FOR PLAINTIFF'S COMPLAINT AS IT RELATES TO HIS

5    TORT ACTIONS.  THERE'S BEEN NO ADMINISTRATIVE CLAIM FILED.  AND

6    AS SUCH, THE LIMITED WAIVER OF SOVEREIGN IMMUNITY THAT APPLIES

7    TO THE UNITED STATES FOR TORT ACTIONS HAS NOT BEEN TRIGGERED

8    HERE.

9            AND MR. ACOSTA'S CITATION TO 42 USC 1983 DOES NOT

10   APPLY TO FEDERAL OFFICIALS, SUCH AS MS. KOPP OR MR. SNYDER.

11   SO, I THINK IT'S A PRETTY STRAIGHTFORWARD MATTER.  AND WE

12   ANTICIPATE FILING A SIMILAR MOTION TO DISMISS FOR THE ATTORNEY

13   GENERAL WHICH THE COURT HAS ASKED FOR BY FRIDAY.

14           THE COURT:  OKAY.

15           THANK YOU.

16           MR. ACOSTA.

17           MR. ACOSTA:  AS I -- AS I PUT IN MY PAPERS THAT I

18   FILED YESTERDAY -- TO REAPPLY IT, THAT DOESN'T APPLY BECAUSE OF

19   THE 1983 -- AS I PUT IN MY PAPERS DOESN'T -- YOU DON'T HAVE TO

20   FILE A FEDERAL TORT CLAIMS ACT FOR THE INDIVIDUALS IF THEY

21   VIOLATED THE RIGHTS AS MANY OF THESE MOTIONS THAT I PUT IN

22   THESE PAPERS TO RE- -- TO REUP WHAT I'VE ALREADY SAID BEFORE,

23   IS THAT A LOT OF RULES WEREN'T FOLLOWED.  THE CALIFORNIA RULE

24   IS A BIG THING LIKE THE JUDICIARY ACT OF 1789, SECTION 35.  THE

25   CCP 1010 OR THE FAULTY NOTICE BY NOT FOLLOWING CALIFORNIA LAWS.

1                   BUT BASICALLY THE 1983 IS THE REMEDY IN THIS CASE.

2                   AND TO FILE THE FEDERAL TORT ISN'T -- ISN'T REQUIRED

3      UNDER 1983.

4                   AND I -- AS I PUT IN HERE IN MY REASSERTION, I'VE

5      QUOTED ALL OF THAT IN MY BRIEF.  I DON'T KNOW IF YOU GOT THAT.

6      I FILED IT YESTERDAY.  IT WAS KIND OF QUICK.

7                   THE COURT:  OKAY.  WELL, I DO HAVE YOUR OPPOSITION

8      THAT WAS FILED NOVEMBER 28TH.

9                   MR. ACOSTA:  RIGHT.  THEN, THAT SHOULD BE THE SAME AS

10     THIS.

11                  THE COURT:  OKAY.

12                  MR. ACOSTA:  ALL RIGHT.

13                  THANK YOU.

14                  THE COURT:  SO, ONE OF THE QUESTIONS I HAVE FOR YOU,

15     MR. ACOSTA, AND I'LL START WITH YOU --

16                  MR. ACOSTA:  YES.

17                  THE COURT:  -- SINCE YOU'RE --

18                  MR. ACOSTA:  THAT'S FINE.

19                  THE COURT:  -- UP.

20                  IS LOOKING THROUGH THE COMPLAINT, I WANTED TO MAKE

21     SURE THAT AT AN EVEN MORE BASIC LEVEL THAT WE ALL KNOW WHO ALL

22     THE DEFENDANTS ARE.

23                  MR. ACOSTA:  RIGHT.  AND THE DEFENDANTS ARE GOING TO

24     BE DEVEREE KOPP, JOSEPH WIDMAN, ANWAR KAHN, MARK SNYDER AND, OF

25     COURSE, THE GOVERNMENT AND THE AG.  AND THERE'S ONE MORE I'M

1   MISSING THAT'S -- LET'S SEE, SNYDER, KOPP, DECKER, KAHN,

2   WIDMAN.  I THINK THAT'S IT, THE FIVE.

3           THE COURT:  OKAY.

4           SO, IN -- ON THE CAPTION --

5           MR. ACOSTA:  YES.

6           THE COURT:  -- OF YOUR COMPLAINT THERE ARE REFERENCES

7   TO DOMESTIC PARTNERS, UNKNOWN MEN AND WOMEN, AND THEN THE

8   BOTTOM OF THE CAPTION SAYS "ET CETERA, ET CETERA, ET CETERA."

9           MR. ACOSTA:  RIGHT.  SO, LIKE THEIR WIVES OR THEIR

10  HUSBANDS WOULD BE IN THERE BECAUSE OF THE MONEY LAUNDERING ACT

11  -- I THINK I QUOTED IN MY THING -- WHERE THEY WERE BEING PAID.

12  AND THEN THEY GIVE THE MONEY TO THEIR WIVES AND HUSBANDS FOR

13  THE BENEFIT OF MY DEMISE.

14          I MEAN, THIS IS A PRETTY BIG DEAL THAT HAPPENED TO

15  ME.  I MEAN, I WAS ARRESTED.  IT WAS THE WHOLE NINE YARDS.

16          THE COURT:  AND I HAVE READ --

17          MR. ACOSTA:  YEAH.

18          THE COURT:  I'VE READ THE UNDERLYING ARGUMENTS AND

19  HISTORY.

20          MR. ACOSTA:  RIGHT.

21          THE COURT:  SO, I HAVE A SENSE OF WHAT YOU'RE

22  ASSERTING HAPPENED.

23          THE ISSUE I HAVE REGARDING THE DOMESTIC PARTNERS AND

24  THAT SORT OF THING IS THAT THEY AREN'T SPECIFICALLY NAMED.  AND

25  AS FAR AS I KNOW YOU HAVEN'T SERVED THEM.

1           MR. ACOSTA:  NO, WE HAVEN'T.

2           THE COURT:  SO, WHAT IS YOUR INTENTION?

3           BECAUSE AT THIS POINT, YOU KNOW, WE NEED TO BE

4  FIRMING UP WHO ALL THE DEFENDANTS ARE IN THE CASE.

5           MR. ACOSTA:  OKAY.  I TRIED TO FIND OUT WHO THEIR

6  SPOUSES WERE, AND THAT'S TO NO AVAIL.  I HAD A LOT OF -- A LOT

7  OF ENERGY ON THAT.  SO, THAT'S WHY I PUT THAT IN THERE.  SO, IF

8  I HAVE TO SERVE EACH ONE OF THEM, THEN, I'M GOING TO HAVE TO

9  FIND OUT WHO THEY ARE.

10          THE COURT:  OKAY.

11          MR. ACOSTA:  AND THAT INFORMATION DOESN'T COME EASY,

12  BELIEVE ME.

13          THE COURT:  I UNDERSTAND.

14          OKAY.  WELL, WE ARE GOING TO HAVE TO GET SOME CLARITY

15  TO THAT VERY QUICKLY IN THIS CASE.

16          MR. ACOSTA:  OKAY

17          THE COURT:  OKAY.

18          MR. ACOSTA:  I CAN GET THAT SUBMITTED TO YOU.

19          THE COURT:  AND FOR SOMEBODY TO BE A DEFENDANT, OF

20  COURSE, THEY HAVE TO BE SERVED WITH THE COMPLAINT.

21          AND, SO, I'M -- LET'S SET A DEADLINE RIGHT NOW.

22          MR. ACOSTA:  OKAY.

23          THE COURT:  TODAY IS DECEMBER --

24          MR. ACOSTA:  12TH.

25          THE COURT:  -- 12TH.  AND I KNOW THAT THE LAWSUIT WAS

9

```
 1   ORIGINALLY FILED BACK IN FEBRUARY.

 2            MR. ACOSTA:  CORRECT.

 3            THE COURT:  SO -- OF THIS YEAR.  SO, I'M GOING -- DO

 4   YOU THINK 60 DAYS IS SUFFICIENT?

 5            MR. ACOSTA:  OH, MORE THAN ENOUGH, YES.

 6            THE COURT:  OKAY.

 7            WELL, HOW MUCH TIME DO YOU THINK YOU NEED?

 8            MR. ACOSTA:  UHH, I COULD PROBABLY GET IT DONE IN 45

 9   DAYS, YES.

10            THE COURT:  OKAY.

11            SO, 45 DAYS I'M GOING TO GUESSTIMATE IS --

12   APPROXIMATELY JANUARY 25TH.

13            MR. ACOSTA:  RIGHT.  THE WEEK OF THE 21ST.  SOMEWHERE

14   IN THERE.  THAT'S GOOD.

15            THE COURT:  RIGHT.

16            SO, WHY DON'T WE SET A DEADLINE FOR JANUARY 25TH,

17   2019 FOR ALL PARTIES TO BE SERVED.

18            MR. ACOSTA:  PERFECT.

19            THE COURT:  AND THAT MEANS -- AND I KNOW YOU KNOW

20   THIS NOW.  ONCE YOU SERVE THEM, YOU HAVE TO FILE PROOFS OF

21   SERVICE WITH THE COURT.

22            MR. ACOSTA:  CORRECT, CORRECT.

23            THE COURT:  SO THAT THE COURT KNOWS --

24            MR. ACOSTA:  THAT THEY WERE SERVED.

25            THE COURT: -- THAT THEY HAVE BEEN SERVED.
```

1           OKAY?

2           MR. ACOSTA:  YEP.  EVERYBODY HAS TO BE PROPERLY

3  SERVED.

4           THE COURT:  RIGHT.

5           AND WHOEVER IS NOT SERVED BY THAT TIME, UNLESS I HAVE

6  A MOTION --

7           MR. ACOSTA:  THAT'S IT.

8           THE COURT:  -- THEY WILL BE NIXED FROM THE CASE,

9  RIGHT?

10          MR. ACOSTA:  YEP.

11          THE COURT:  AND WE'LL GO FORWARD, AND WE'LL HAVE A

12  FINAL SET --

13          MR. ACOSTA:  PERFECT.

14          THE COURT:  -- OF WHO WE'RE PROCEEDING AGAINST.

15          MR. ACOSTA:  OKAY.

16          THE COURT:  CAN YOU UPDATE ME ON WHERE YOU ARE WITH

17  SERVICE FOR ANWAR KHAN, EILEEN DECKER, AND JOSEPH WIDMAN.

18  THOSE WERE THE THREE THAT I UNDERSTOOD TO BE OUTSTANDING FROM

19  OUR LAST HEARING.

20          MR. ACOSTA:  RIGHT.  AND I NEVER GOT THEIR ADDRESSES.

21  I THOUGHT THE DOJ WAS GOING TO LOCATE THOSE.  I'VE TRIED AGAIN

22  AS WHEN I LEFT THE COURTROOM LAST TIME TO LOCATE THOSE PEOPLE.

23  TO NO AVAIL.

24          I CAN'T EVEN GET THROUGH TO THE HOMELAND SECURITY IN

25  TEXAS THAT'S THE NUMBER ON THE STATE BAR WEBSITE FOR KAHN.

1              WIDMAN IS KIND OF HIDING AROUND CORNERS.  I THINK.

2     MAYBE.

3              DECKER IS TO NO AVAIL.  I CAN'T -- I CAN'T EVEN FIND

4     HIM ON FACEBOOK.  AND I DON'T HAVE A FACEBOOK PAGE.  SO, I

5     DON'T HAVE ANY OF THAT STUFF.  SO, I HAD A PERSON DOING IT.

6     AND IT DOESN'T EXIST.  THERE'S -- ON GOOGLE, THERE'S SEVERAL

7     DIFFERENT EILEEN DECKERS, BUT THAT DOESN'T WORK.  I MEAN, I GOT

8     TO FIND OUT THE PERSON THAT WAS EMPLOYED WITH THE AGENCY AT THE

9     TIME.

10             KAHN AND DECKER.  AND I MIGHT BE ABLE TO GET WIDMAN.

11    I'M WORKING ON WIDMAN.

12             THE COURT:  OKAY.

13             WELL, SO, THE SERVICE OF THOSE THREE INDIVIDUALS WILL

14     -- IT'S GOING TO BE UNDER THAT SAME DEADLINE, THE JANUARY 21ST

15    -- 25TH, 2019.

16             MR. ACOSTA:  OKAY.

17             THE COURT:  OKAY.  AND MY RECOLLECTION FROM OUR LAST

18    HEARING WAS NOT THAT THE GOVERNMENT WAS REQUIRED TO DO

19    ANYTHING, BUT I THINK IT WAS JUST ON ANWAR KAHN THAT WE WERE

20    SORT OF INQUIRING ABOUT INFORMATION.

21             SO, YOU KNOW, I CERTAINLY WOULDN'T WANT ANY RECORD TO

22    REFLECT THAT WE REQUIRED --

23             MR. ACOSTA:  RIGHT.

24             THE COURT: -- THE GOVERNMENT TO PROVIDE YOU THOSE

25    PEOPLE'S ADDRESSES.

1            MR. ACOSTA:  WERE THEY GOING TO VOLUNTARILY FIND IT

2   OR NO?  PROBABLY NOT.

3            THE COURT:  I'M NOT SURE.

4            MR. ACOSTA:  OKAY.

5            THE COURT:  AND AS A PLAINTIFF, IT'S REALLY YOUR

6   OBLIGATION.

7            MR. ACOSTA:  RIGHT.  IT IS.

8            THE COURT:  OKAY.

9            MR. ACOSTA:  I UNDERSTAND.

10            THE COURT:  NOW, I ALSO WANT TO MAKE SURE NOW THAT WE

11   HAVE AT LEAST SLIGHTLY MORE CLARITY ON THE PLAINTIFFS -- I

12   MEAN, ON THE DEFENDANTS -- THE ISSUE OF YOUR CAUSES OF ACTION.

13            MR. ACOSTA:  OKAY.

14            THE COURT:  OKAY.

15            BECAUSE THE PARTIES NEED TO UNDERSTAND WHAT THEY'RE

16   BEING SUED FOR.  AND AS I READ THE COMPLAINT, AND THEN AS I

17   READ YOUR OPPOSITIONS, IT'S A LITTLE CONFUSING.

18            MR. ACOSTA:  OKAY.

19            THE COURT:  OKAY.

20            AND, SO, WHY DON'T YOU EXPLAIN FOR ME WHAT YOU

21   BELIEVE YOUR -- THE CAUSES OF ACTION ARE THAT YOU ARE ASSERTING

22   IN THIS CASE.

23            MR. ACOSTA:  THE NO RIGHTS -- THAT MY RIGHTS WERE

24   VIOLATED UNDER FEDERAL LAW, MANY CIVIL RIGHTS.  I HAVE ALL THAT

25   STUFF.  I DIDN'T BRING IT WITH ME, AND I SHOULD HAVE.  I LEFT

1    IT ON MY DESK.

2              BUT THE CIVIL LIBERTIES RIGHTS, THE DEFAMATION OF

3    CHARACTER -- I MEAN, I HAD IT ALL IN MY -- IN MY --

4              THE COURT:  OKAY.

5              MR. ACOSTA:  YES.

6              THE COURT:  AND I'M LOOKING AT YOUR COMPLAINT.

7              MR. ACOSTA:  YES.

8              THE COURT:  AND THE CAPTION SAYS, "CLAIMS FOR

9    MALICIOUS PROSECUTION" --

10             MR. ACOSTA:  CORRECT.

11             THE COURT: -- AND THEN IT SAYS, "42 USC 1983 CLAIMS

12   FOR."  AND THEN IT HAS A NUMBER OF ALLEGATIONS -- CLAIMS

13   UNDERNEATH THAT.

14             MR. ACOSTA:  RIGHT.

15             THE COURT:  THE FALSE ARREST, DEPRIVATION OF RIGHTS

16   --

17             MR. ACOSTA:  RIGHT.

18             THE COURT:  -- TO TRIAL BY JURY.

19             SO, ARE THOSE TWO SEPARATE CAUSES OF ACTION, ONE FOR

20   MALICIOUS PROSECUTION AND ONE FOR 1983.  AND THERE'S MULTIPLE

21   BASES FOR THE 1983?

22             MR. ACOSTA:  YES.  I THINK THAT'S HOW IT WAS WRITTEN,

23   YES.

24             THE COURT:  OKAY.

25             BESIDES THE CLAIM FOR MALICIOUS PROSECUTION AND THE

1   1983 CLAIM, ARE THERE ANY OTHER CAUSES OF ACTION THAT YOU ARE

2   ASSERTING?

3            MR. ACOSTA:  AS OF RIGHT NOW, I DON'T THINK SO.  I

4   CAN CHECK MY RECORDS WHEN I GET BACK.  BECAUSE I DID NOT COME

5   PREPARED FOR THAT PART.

6            THE COURT:  OKAY.

7            MR. ACOSTA:  I'M SORRY.

8            'CAUSE QUESTION ALSO, YOUR HONOR, DIDN'T WE HAVE

9   SOMETHING SCHEDULED FOR THE 14TH, OR IS IT JUST THE 12TH?

10           THE COURT:  I DON'T THINK THERE'S ANYTHING ON THE

11  14TH.

12           MR. ACOSTA:  YEAH.  I HAD IT ON THE 14TH ON MY

13  CALENDAR, AND I'M SCRATCHING MY HEAD, AND I'M LIKE, HMMM.

14           THE COURT:  I THINK THAT'S JUST THE MOTION TO DISMISS

15  TIMEFRAME FOR THE ATTORNEY GENERAL.

16           MR. ACOSTA:  GOT IT.  OKAY.

17           THE COURT:  SO, MR. ACOSTA, I'M GOING TO ASK YOU TO

18  FILE AN ADDITIONAL BRIEF THAT WILL SPECIFICALLY IN SHORT, PLAIN

19  LANGUAGE IDENTIFY YOUR CAUSES OF ACTION.  OKAY.

20           RIGHT NOW YOU'VE TOLD ME MALICIOUS PROSECUTION.

21           MR. ACOSTA:  UH-HUH.

22           THE COURT:  AND YOU'VE TOLD ME 1983 WITH THE SERIES

23  OF UNDERLYING BASES THAT YOU PUT IN YOUR COMPLAINT -- AND I'M

24  REALLY TALKING ABOUT THE CAPTION IS WHAT I'M REFERRING TO RIGHT

25  NOW -- FALSE ARREST, DEPRIVATION OF RIGHT OF TRIAL BY JURY,

1   COMMENCEMENT OF FALSE CLAIM, MALICIOUS PROSECUTION, ABUSE OF

2   PROCESS; CALIFORNIA PENAL CODE 1118.1, PERJURY, EMOTIONAL

3   DISTRESS, SLANDER, DEFAMATION OF CHARACTER.

4           THOSE ARE THE KINDS OF THINGS THAT I'M SEEING FROM

5   YOUR CAPTION.

6           MR. ACOSTA:  OKAY.

7           THE COURT:  IF THERE ARE OTHER CAUSES OF ACTION

8   BESIDES WHAT IS LISTED ON YOUR CAPTION.

9           MR. ACOSTA:  UH-HMM.

10          THE COURT:  OKAY.  SO, BESIDES -- AND I'M -- BESIDES

11  1983 AND BESIDES MALICIOUS PROSECUTION, I NEED YOU TO IDENTIFY

12  FOR THEM -- SO, LITERALLY THE ADDITIONAL BRIEFING I'M ASKING

13  YOU FOR IS THESE ARE THE CAUSES OF ACTION I'M ASSERTING.

14          MR. ACOSTA:  OKAY.  PERFECT.

15          AND YOU WANT THAT BY, LIKE, NEXT WEEK?

16          THE COURT:  WE'LL FIGURE OUT DATES IN A LITTLE BIT --

17          MR. ACOSTA:  OKAY.

18          THE COURT:  -- BECAUSE WE'VE GOT SOME MORE TO DO

19  HERE.

20          MR. ACOSTA:  OKAY.

21          THE COURT:  BUT I REALLY -- I NEED TO UNDERSTAND --

22  BECAUSE AS I READ THROUGH YOUR COMPLAINT AND YOUR OPPOSITIONS,

23  THERE -- THERE ARE SOME ALLEGATIONS OR STATEMENTS THAT MAKE IT

24  AMBIGUOUS --

25          MR. ACOSTA:  GOT IT.

1            THE COURT:  -- TO ME.

2            AND IF IT'S AMBIGUOUS TO ME, IT'S GOING TO BE

3    AMBIGUOUS TO THE PARTIES, AND THAT CAN'T BE THE CASE.  OKAY?

4            MR. ACOSTA:  UH-HUM.

5            THE COURT:  I DON'T NEED YOU TO GO THROUGH AT THIS

6    POINT ALL OF THE FACTS RELATED TO THOSE CAUSES OF ACTION.  I

7    LITERALLY JUST WANT YOU TO IDENTIFY --

8            MR. ACOSTA:  RIGHT.

9            THE COURT: -- THE CAUSES OF ACTION THAT YOU ARE

10   ASSERTING.

11           SO, A PERFECT EXAMPLE HERE IS THE ISSUE OF WHETHER

12   THERE IS AN FTCA CLAIM.  IT'S NOT CLEAR TO ME FROM YOUR PAPERS

13   IF YOU ARE SAYING YOU ARE ASSERTING AN FTCA CLAIM, BUT YOU

14   DON'T HAVE TO EXHAUST YOUR REMEDIES.  OR IF YOU'RE SAYING THAT

15   YOU'RE NOT ASSERTING AN FTCA CLAIM.

16           MR. ACOSTA:  OKAY.

17           THE COURT:  OKAY.

18           DO YOU HAVE AN ANSWER FOR ME ON THAT NOW?

19           MR. ACOSTA:  NOT RIGHT NOW, NO.  I CAN DO THAT WHEN I

20   GET DONE.

21           THE COURT:  OKAY.

22           LET'S SEE.  ANOTHER ISSUE IS THE CAPACITY IN WHICH

23   YOU'RE SUING THE INDIVIDUAL DEFENDANTS.  OKAY.  SO, YOU HAVE

24   THE INDIVIDUAL DEFENDANTS.  AND IN YOUR PAPERS SOMETIMES YOU

25   SAY YOU'RE DOING IT BOTH IN THE OFFICIAL CAPACITY, IN THE

1   INDIVIDUAL CAPACITY.  I KNOW OTHER TIMES YOU'VE TOLD ME IT'S

2   THE OFFICIAL CAPACITY, FOR EXAMPLE, EILEEN DECKER.  IN YOUR

3   OPPOSITION I THINK YOU SAY INDIVIDUAL CAPACITY.  WE NEED TO

4   HAVE IT CLEAR.  IS IT INDIVIDUAL CAPACITY, OFFICIAL CAPACITY OR

5   BOTH.

6              MR. ACOSTA:  I THINK IT'S SUPPOSED TO BE BOTH.  BUT I

7   NEED TO GET YOU THAT IN THE NEXT WRITING THEN, RIGHT?

8              THE COURT:  YEAH.

9              (PAUSE IN PROCEEDINGS.)

10             THE COURT:  AND THAT'S FOR EACH INDIVIDUAL.

11             MR. ACOSTA:  RIGHT.

12             THE COURT:  OKAY.

13             MR. ACOSTA:  CORRECT.

14             THE COURT:  BECAUSE LIKE I SAID, AS I READ YOUR

15  PAPERS, BETWEEN THE COMPLAINT AND YOUR OPPOSITIONS, IT'S NOT

16  CLEAR.

17             MR. ACOSTA:  PERFECT.

18             THE COURT:  NOW, IN TERMS OF THE FEDERAL TORT CLAIMS

19  ACT.

20             MR. ACOSTA:  CORRECT.

21             THE COURT:  IF YOU ARE ASSERTING A FEDERAL TORT

22  CLAIMS ACT, WHICH YOU DON'T SPECIFICALLY STATE IN YOUR

23  COMPLAINT, RIGHT?  BUT YOU DO HAVE A NUMBER OF TORTS.

24             MR. ACOSTA:  YES.

25             THE COURT:  THEN, YOU DO NEED TO TALK ABOUT -- OR

1    TELL ME IF YOU MADE ANY EFFORTS TO EXHAUST YOUR ADMINISTRATIVE

2    REMEDIES.

3              MR. ACOSTA:  OKAY.

4              THE COURT:  IF YOU HAVEN'T, SAY I HAVEN'T.  IF YOU

5    HAVE --

6              MR. ACOSTA:  NO, I HAVE -- I HAVE NOT.

7              THE COURT:  -- SAY YOU HAVE.

8              MR. ACOSTA:  I HAVE NOT.

9              THE COURT:  OKAY.

10             ONE QUESTION I HAVE FOR YOU BECAUSE THIS COMPLAINT IS

11   YOUR COMPLAINT, RIGHT.  YOU GET TO CHOOSE HOW YOU -- WHAT

12   CAUSES OF ACTION YOU ASSERT AGAINST THE DEFENDANTS.  IT IS NOT

13   MY COMPLAINT.  IT IS NOT THE GOVERNMENT'S COMPLAINT.  IT'S

14   YOURS.

15             MR. ACOSTA:  RIGHT.

16             THE COURT:  OKAY.

17             ONE OF THE THINGS I WANT TO TALK TO YOU ABOUT IS THE

18   ISSUE OF THE 1983 CLAIM.  OKAY.

19             MR. ACOSTA:  OKAY.

20             THE COURT:  SO, THE 1983 CLAIM YOU ASSERT THAT -- AND

21   FROM MY BRIEFING IT'S MY UNDERSTANDING THAT IT'S YOUR POSITION

22   THAT A 1983 CLAIM CAN BE AGAINST FEDERAL ACTORS.

23             MR. ACOSTA:  CORRECT.

24             THE COURT:  OKAY.

25             SO, THE STATUTE -- AND YOU CITED THE STATUTE FOR THAT

1  PROPOSITION.  AND I WANTED TO READ TO YOU WHERE I THINK THAT

2  THERE IS A DIFFERENCE -- THE DIFFERENCE BETWEEN YOUR POSITION

3  AND THE GOVERNMENT'S POSITION, WHICH IS -- SO, ON YOUR -- I'M

4  LOOKING AT PAGE 13 OF YOUR OPPOSITION, WHICH HOPEFULLY IT'S THE

5  SAME PAGE 13.

6          MR. ACOSTA:  NO, I DIDN'T BRING THAT ONE HERE.

7          THE COURT:  OKAY.

8          IT'S WHERE YOU SAY, "PLEASE TAKE FURTHER NOTICE THAT

9          42 USC 1983 PROVIDES," AND YOU'VE GOT A QUOTE FROM

10 SECTION 1983.

11         (PAUSE IN PROCEEDINGS.)

12         THE COURT:  IT'S UNDER SECTION 3, "RE MOTION TO

13 DISMISS."

14         MR. ACOSTA:  OKAY.  I DON'T THINK I HAVE IT ON THIS

15 PAPER.

16         THE COURT:  OKAY.

17         WELL, SO, I'M GOING TO READ TO YOU.  THIS IS FROM

18 YOUR QUOTE ON YOUR OPPOSITION.  AGAIN, IT'S PAGE 13.  IT SAYS

19  -- AND YOU'RE CITING THE STATUTE.

20         "EVERY PERSON WHO UNDER COLOR OF ANY STATUTE,

21          ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY

22          STATE OR TERRITORY OR THE DISTRICT OF COLUMBIA."

23         OKAY.

24         MR. ACOSTA:  YEAH.  I --

25         THE COURT:  IT'S THAT SECTION THAT HAS BEEN

1  INTERPRETED TO SAY THAT A DEFENDANT UNDER 1983 HAS TO HAVE BEEN

2  ACTING UNDER COLOR OF STATE LAW.

3              (PAUSE IN PROCEEDINGS.)

4              MR. ACOSTA:  SO, IS THAT THE -- LET'S SEE HERE.  I'M

5  TRYING FIND ON THIS PAPER -- "DEPRIVED OF ANOTHER FEDERAL RIGHT

6  UNDER COLOR OF STATE LAW."

7              THE COURT:  IT'S ACTUALLY THE FIRST TWO LINES OF THE

8  STATUTE, AT LEAST THE WAY IT'S COPIED HERE.

9              "EVERY PERSON WHO UNDER COLOR OF ANY STATUTE,

10              ORDINANCE, REGULATION, CUSTOM OR USAGE OF ANY STATE

11              OR TERRITORY."

12              MR. ACOSTA:  YOU KNOW, I THOUGHT THAT WAS IN HERE ON

13  THIS RESPONSE, BUT I MIGHT HAVE LEFT IT OUT.

14              THE COURT:  OKAY.

15              WELL, AND FOR, I GUESS, THE PURPOSES FOR OUR

16  CONVERSATION RIGHT NOW, YOU DON'T NECESSARILY NEED TO LOOK AT

17  IT.  IT CERTAINLY WOULD BE HELPFUL.  BUT I WANTED TO IDENTIFY

18  THAT LANGUAGE FOR YOU BECAUSE IT'S THAT LANGUAGE THAT HAS BEEN

19  INTERPRETED BY THE COURT TO MEAN THAT THE DEFENDANTS FOR A 1983

20  ACTION HAVE TO BE ACTING UNDER COLOR OF STATE LAW, RIGHT.  AND

21  ALL OF YOUR DEFENDANTS HERE WERE ACTING AS FEDERAL EMPLOYEES.

22              MR. ACOSTA:  OKAY.  YEAH, I SEE. "EVERY PERSON WHO

23  UNDER -- STATE ORDINANCE -- (READING TO SELF.)

24              I DON'T HAVE THAT ONE.  I HAVE THIS ONE HERE.

25              OKAY.  I UNDERSTAND -- SPECIFIC --

1            THE COURT:  OKAY.  SO, IT'S THE "OF ANY STATE OR

2    TERRITORY."  IF YOU GET RID OF ALL OF THE COMMAS, "EVERY PERSON

3    WHO UNDER COLOR OF ANY STATUTE BLAH, BLAH, BLAH OF ANY STATE."

4    IT'S REALLY SAYING STATE LAW.

5            MR. ACOSTA:  RIGHT.

6            THE COURT:  OKAY.  IT'S THE PERSON WHO IS THE

7    DEFENDANT NEEDS TO BE ACTING UNDER COLOR OF STATE LAW.

8            MR. ACOSTA:  AND THEY WERE -- AND YOU'RE SAYING THEY

9    WERE --

10            THE COURT:  THEY'RE FEDERAL EMPLOYEES.

11            MR. ACOSTA:  THE OTHER SIDE IS SAYING THEY'RE UNDER

12   FEDERAL LAW.

13            THE COURT:  RIGHT.

14            SO, WHEN MR. PARK -- WHEN THE GOVERNMENT IS ARGUING

15   THAT YOU DON'T HAVE A 1983 CAUSE OF ACTION --

16            MR. ACOSTA:  THEY'RE ARGUING UNDER THIS WORD.

17            THE COURT:  -- AGAINST FEDERAL EMPLOYEES, IT'S

18   BECAUSE THEY'RE ACTING UNDER COLOR OF FEDERAL LAW NOT UNDER

19   COLOR OF STATE LAW.  OKAY.

20            THERE IS THIS OTHER METHOD OF GOING ABOUT THIS, WHICH

21   IS A BIVENS ACTION.  OKAY.  A BIVENS ACTION IS SIMILAR TO A

22   1983 ACTION, BUT IT APPLIES TO THE FEDERAL GOVERNMENT.

23            MR. ACOSTA:  OKAY.

24            THE COURT:  AND I NEED YOU TO TELL ME IF YOU --

25   BECAUSE I KNOW AT THIS POINT YOU CONTEST, AND YOU HAVE

1   ASSERTED, THAT 1983 DOES APPLY.  AND YOU CAN.  AND YOU CAN

2   STICK WITH THAT, AND I CAN MAKE A DECISION BASED ON THAT.

3   OKAY.

4          MR. ACOSTA:  RIGHT.

5          THE COURT:  BUT SINCE YOU ARE DOING ADDITIONAL -- AN

6   ADDITIONAL BRIEFING FOR ME --

7          MR. ACOSTA:  YES.

8          THE COURT:  -- I WOULD LIKE TO KNOW IF YOU WOULD LIKE

9   YOUR 1983 CLAIM TO BE CONSIDERED A BIVENS ACTION.

10         MR. ACOSTA:  OKAY.

11         THE COURT:  OKAY.

12         AND I KNOW YOU ARE ADEPT AT LEGAL RESEARCH.  I HAVE

13  SEEN YOUR BRIEFING.  I KNOW THAT YOU CAN HUNT THAT DOWN --

14         MR. ACOSTA:  YES.

15         THE COURT:  -- IF YOU NEED TO.

16         MR. ACOSTA:  I WILL.

17         THE COURT:  OKAY.

18         MR. ACOSTA:  YES.

19         THE COURT:  SO, I WILL NEED YOU TO SPECIFICALLY STATE

20  I DO OR DO NOT WANT MY 1983 CLAIM TO BE CONSIDERED A BIVENS

21  ACTION.  LIKE I SAID, IT'S YOUR COMPLAINT.  YOU DECIDE WHAT YOU

22  WANT TO DO.

23         MR. ACOSTA:  YES, MA'AM.

24         (PAUSE IN PROCEEDINGS.)

25         THE COURT:  SO, I'M TAKING NOTES FOR MYSELF.

1          (PAUSE IN PROCEEDINGS.)

2          THE COURT:  THE FINAL QUESTION I HAVE FOR YOU, AND IT

3   GOES BACK TO THE ISSUE OF WHETHER YOU ARE SUING THESE

4   DEFENDANTS IN THEIR INDIVIDUAL CAPACITY, THEIR OFFICIAL

5   CAPACITY OR BOTH.  OKAY.

6          MR. ACOSTA:  OKAY.

7          THE COURT:  BECAUSE I NEED TO MAKE SURE THAT WE HAVE

8   ALL OF YOUR FACTUAL ALLEGATIONS REGARDING THOSE INDIVIDUALS AND

9   THEIR ROLE IN THE WRONGDOING.  OKAY.  AND YOUR ALLEGATIONS OF

10  WRONGDOING.

11         SO, AS PART OF THIS ADDITIONAL BRIEFING, IF YOU HAVE

12  ADDITIONAL FACTS, I WOULD LIKE YOU TO WRITE THEM OUT.  IF YOU

13  DON'T, YOU CAN JUST SAY, YOU KNOW, I DON'T HAVE ADDITIONAL

14  FACTS BEYOND WHAT'S IN MY COMPLAINT.

15         MR. ACOSTA:  RIGHT.  SO, ALL FACTUAL ALLEGATIONS ON

16  EACH INDIVIDUAL THAT'S BEING SUED?

17         THE COURT:  ON EACH INDIVIDUAL REGARDING THEIR --

18  THEIR ROLE IN YOUR -- THE ALLEGED WRONGDOING.

19         MR. ACOSTA:  GOT IT.

20         THE COURT:  OKAY.

21         FOR SOME PEOPLE YOU HAVE MORE DETAIL THAN YOU HAVE

22  FOR OTHERS IN THE COMPLAINT.

23         MR. ACOSTA:  OKAY.

24         THE COURT:  SO, IF THERE'S ANYTHING ELSE THAT YOU

25  HAVE --

1             MR. ACOSTA:  I'LL GET MY BEST MAN ON IT.

2             THE COURT:  OKAY.

3             AND, SO, BEFORE -- BEFORE I RULE FINALLY, LET'S JUST

4    SORT OF SUMMARIZE WHAT I'M THINKING I WANT.  AND, THEN, I'D

5    LIKE TO HEAR FROM THE GOVERNMENT.

6             MR. ACOSTA:  OKAY.

7             THE COURT:  OKAY.

8             I WOULD -- I'M REQUESTING ADDITIONAL BRIEFING FROM

9    YOU.

10            MR. ACOSTA:  YES.

11            THE COURT:  WHERE AGAIN, I WANT YOU TO, ONE, JUST

12   LIST YOUR CAUSES OF ACTION THAT YOU'RE ASSERTING.

13            MR. ACOSTA:  YES.  CAUSE OF ACTIONS, YEP.

14            THE COURT:   UH-HUH.

15            MR. ACOSTA:  AMBIGUOUS TO THE JUDGE.  GOT IT.

16            THE COURT:  RIGHT.

17            MR. ACOSTA:  DON'T GO -- DON'T GO THROUGH ALL --

18            THE COURT:  AND, AGAIN, I DON'T WANT THE --

19            MR. ACOSTA:  -- DON'T GO THROUGH ALL THE FACTS.

20            THE COURT:  RIGHT.  DON'T GO THROUGH THE FACTS.  I

21   JUST REALLY WANT THEM TO BE LISTED.

22            MR. ACOSTA:  AND IS IT AN FTCA CLAIM, YES OR NO?

23            THE COURT:  RIGHT.  AND THAT WOULD BE I'M ASSERTING

24   AN FTCA -- RIGHT?

25            MR. ACOSTA:  YEP.  RIGHT.

1                 THE COURT:  BECAUSE IT'S NOT ON YOUR CAPTION RIGHT

2      NOW.

3                 MR. ACOSTA:  CORRECT.

4                 THE COURT:  IT WOULD BE HELPFUL TO KNOW WHICH

5      DEFENDANTS YOU'RE ASSERTING AGAINST.  WHICH -- YES.  WHICH

6      CLAIM YOU'RE ASSERTING AGAINST WHICH DEFENDANTS.

7                 MR. ACOSTA:  CORRECT.

8                 THE COURT:  OKAY.  YOUR COMPLAINT SORT OF HAS THAT.

9      BUT I WANT TO MAKE SURE --

10                MR. ACOSTA:  IT'S CLEAR.

11                THE COURT: -- THAT WE'RE -- YES.  OKAY.

12                MR. ACOSTA:  RIGHT.

13                CAPACITY EITHER OFFICIAL OR INDIVIDUAL OR BOTH FOR

14     EACH PERSON?

15                THE COURT:  UH-HUH.

16                MR. ACOSTA:  AND, THEN, THE FEDERAL TORT CLAIMS ACT.

17     HAVE I IDENTIFIED ALL MY RIGHTS.  AND THEN AM I GOING TO DO A

18     BIVENS ACTION ON A 1983 CLAIM.  SPECIFY BIVENS ACTION OR NOT.

19                THE COURT:  RIGHT.  SO -- WELL CLOSE.

20                MR. ACOSTA:  YES.

21                THE COURT:  SO, WHEN YOU ARE LISTING FOR ME YOUR

22     CAUSES OF ACTION, OKAY, YOU WOULD NEED TO LIST FTCA.

23                MR. ACOSTA:  CORRECT.

24                THE COURT:  YOU WOULD NEED TO WRITE, YOU KNOW, BIVENS

25     ACTION.

1              MR. ACOSTA:  YEP.

2              THE COURT:  AND WHAT YOU SHOULD -- WHAT YOU SHOULD BE

3    CLARIFYING FOR ME IS WHETHER YOU WANT YOUR 1983 CLAIM TO BE

4    TREATED AS A BIVENS ACTION.

5              MR. ACOSTA:  OKAY.  PERFECT.

6              THE COURT:  OKAY.  AND IF FOR YOU IT'S EASIER TO DO

7    THAT IN A SEPARATE PARAGRAPH, YOU CAN DO THAT.  OKAY.  IF YOU

8    WANT TO HAVE ONE SECTION WHERE YOU ARE JUST LISTING YOUR CAUSES

9    OF ACTION AND IDENTIFYING THE DEFENDANTS THAT EACH ONE IS

10   AGAINST, AND THEN, YOU KNOW, LIKE, LET'S CALL THAT NUMBER 1.

11   AND THEN NUMBER 2 IS WHETHER YOU WANT YOUR 1983 CLAIM.  BECAUSE

12   IT'S CLEAR FROM HERE THAT YOU HAVE A 1983 CLAIM.  THAT PART IS

13   CLEAR.

14             MR. ACOSTA:  YEAH.

15             THE COURT:  I MEAN, WHEN I SAY THAT YOU ARE PLEADING

16   A 1983 CLAIM.

17             MR. ACOSTA:  YES.

18             THE COURT:  OKAY.  WHAT I NEED TO KNOW IS WHETHER YOU

19   WANT THE COURT TO CONSIDER THE 1983 CLAIM AS A BIVENS ACTION.

20   SO, THAT COULD BE NUMBER 2, YES OR NO, I DO NOT WANT OR I WANT

21   MY 1983 CLAIM TO BE TREATED AS A BIVENS ACTION.

22             OKAY?

23             MR. ACOSTA:  OKAY.  I UNDERSTAND.

24             THE COURT:  THAT'S NOT REALLY A NEW CAUSE OF ACTION.

25             MR. ACOSTA:  RIGHT.

 1              THE COURT:  IT'S JUST CLARIFYING.

 2              MR. ACOSTA:  CLARIFICATION.

 3              THE COURT:  BEFORE WE GO -- BEFORE WE GO FORWARD, LET

 4    ME -- DO YOU HAVE ANY QUESTIONS FOR ME?

 5              MR. ACOSTA:  NO, I DO --

 6              THE COURT:  IF NOT LET'S -- I'D LIKE TO HEAR FROM THE

 7    GOVERNMENT.

 8              MR. ACOSTA:  NO, I DO NOT.  THANK YOU.

 9              THE COURT:  THE GOVERNMENT'S THOUGHTS AND SORT OF

10    WHERE WE ARE RIGHT NOW.

11              MR. PARK:  SURE.  I APPRECIATE WHAT YOUR HONOR IS

12    TRYING TO DO FOR PLAINTIFF.  AND I THINK IT WILL CLARIFY

13    THINGS.

14              MY QUESTIONS REALLY RELATE TO THE PRACTICAL EFFECTS.

15              SO, A, WHAT IS GOING TO HAPPEN WITH TODAY'S MOTION.

16              B, WHAT IS GOING TO HAPPEN IF MR. ACOSTA FILES A

17    BRIEF -- WHICH IS NOT QUITE AN AMENDED COMPLAINT.  BUT IT'S

18    SOMETHING -- SORT OF A HYBRID, HOW SHOULD THE GOVERNMENT

19    RESPOND TO SOMETHING LIKE THAT.

20              THE COURT:  UH-HMM.

21              MR. PARK:  PARTICULARLY IF HE STARTS TO

22    RECHARACTERIZE HIS CLAIMS AS BIVENS CLAIMS.  SO, IT PUTS US IN

23    SOMEWHAT OF AN AWKWARD POSITION OF HOW WE RESPOND TO THAT.

24              THE COURT:  RIGHT.

25              THAT'S A FAIR QUESTION.

1            AND I THINK THAT IT WILL BE MY INTENTION TO TREAT THE

2    INFORMATION THAT MR. ACOSTA PROVIDES IN THIS SUPPLEMENTAL

3    BRIEFING AS ADDITIONAL INFORMATION FOR WHAT IS PLED IN THE

4    COMPLAINT, RIGHT? -- TO PROVIDE CLARITY TO WHAT IS PLED IN THE

5    COMPLAINT.

6            SO, HAVING NOT SEEN IT, I'M NOT GOING TO MAKE A

7    DECISION RIGHT NOW ON WHETHER IT WILL BE CONSIDERED AN AMENDED

8    COMPLAINT OR IF IT WILL JUST BE READ WITH THE COMPLAINT BECAUSE

9    IT'S GOING TO DEPEND ON HOW --

10           MR. PARK:  UH-HMM.

11           THE COURT:  -- OKAY.  BUT FOR RIGHT NOW IT'S

12   SUPPLEMENTAL BRIEFING.  LET'S CALL IT SUPPLEMENTAL BRIEFING ON

13   THIS MOTION TO DISMISS.

14           OKAY?

15           MR. PARK:  AND WHEN IS THAT DUE, BY THE WAY?

16           THE COURT:  MR. ACOSTA, WHEN DO YOU THINK YOU COULD

17   GET THAT TO ME?  COULD YOU DO THAT IN TWO WEEKS?

18           MR. ACOSTA:  YES, MA'AM.

19           THE COURT:  OKAY.

20           SO --

21           MR. ACOSTA:  THAT WOULD BE LIKE -- THAT WOULD BE --

22   LET'S SEE, TODAY IS GOING TO BE --

23           THE COURT:  TODAY IS THE 12TH.  TWO WEEKS WOULD BE

24   THE 26TH, WHICH IS THE DAY AFTER CHRISTMAS.

25           MR. ACOSTA:  THAT'S ACTUALLY -- OH, YEAH.  GOT TO

1    LOOK AT DECEMBER.

2            THAT WOULD BE WEDNESDAY -- BOY, THAT'S GOING TO BE

3    ROUGH.  HOLIDAY-SEASON TIME.

4            THE COURT:  UH-HMM.

5            WHAT DO YOU THINK YOU NEED?

6            MR. ACOSTA:  THAT'S WHEN WE'RE RAMPED UP.

7            IT WOULD BE -- I'D LIKE TO -- LIKE SOMEWHERE AROUND

8    THE 2ND OR 3RD OF JANUARY, IF I COULD.

9            THE COURT:  OKAY.

10           MR. ACOSTA:  BECAUSE I -- WE'RE A RETAIL BUSINESS.

11           THE COURT:  OKAY.

12           MR. ACOSTA:  AND IT'S BUSY.

13           THE COURT:  OKAY.

14           MR. ACOSTA:  YEAH.

15           THE COURT:  WHY DON'T WE DO JANUARY 3RD WILL BE THE

16   SUPPLEMENTAL BRIEF.  AND, AGAIN, LET'S CALL THIS A SUPPLEMENTAL

17   BRIEF IN RELATION TO THE GOVERNMENT'S MOTION TO DISMISS.

18           AND MR. ACOSTA, BASED ON THE INFORMATION THAT I'M

19   ASKING FROM YOU, I DON'T BELIEVE YOU SHOULD NEED MORE THAN 5

20   PAGES.  SO, I'M GOING TO GIVE YOU A 5-PAGE MAX.

21           YOU TELL ME IF YOU THINK YOU NEED MORE THAN THAT.  I

22   MEAN, ARE THERE A WHOLE BUNCH OF FACTS THAT YOU'RE GOING TO

23   NEED TO WRITE BECAUSE --

24           MR. ACOSTA:  I DON'T THINK SO.  I DON'T THINK IT

25   SHOULD EXCEED 10.

1              THE COURT:  OKAY.  WELL, SO, AGAIN, I DON'T WANT YOU

2    TO BE GIVING ME IN THE -- IN THE  --

3              MR. ACOSTA:  YOU WANT ME TO GO --

4              THE COURT:  -- IN THE PORTION WHERE I'M ASKING FOR,

5    GIVE ME ALL THE FACTS THAT YOU HAVE ABOUT THESE INDIVIDUAL

6    DEFENDANTS.  I DON'T WANT YOU TO RESTATE WHAT YOU ALREADY

7    HAVE.

8              MR. ACOSTA:  GOT IT.

9              THE COURT:  IT'S LITERALLY IF YOU HAVE ADDITIONAL

10   FACTS.

11             MR. ACOSTA:  GOT IT.

12             THE COURT:  OKAY.

13             DO YOU THINK YOU CAN DO THAT IN 5 PAGES?  OR DO YOU

14   NEED 10?

15             MR. ACOSTA:  NO.  I'LL WORK ON IT FOR 5.

16             THE COURT:  OKAY.  SO, I'M GOING TO GIVE YOU A 5-PAGE

17   MAXIMUM.

18             MR. PARK:  YOUR HONOR, DOES THAT MEAN THEN THAT

19   YOU'RE NOT GOING TO BE PREPARED TO RULE ON THE MOTION AS

20   CURRENTLY BRIEFED?

21             THE COURT:  THAT'S CORRECT.

22             MR. PARK:  OKAY.

23             THE COURT:  SO, WE'RE GOING TO HAVE THE SUPPLEMENTAL

24   BRIEFING.  AND THEN I WOULD ANTICIPATE THAT YOU WOULD NEED OR

25   WANT A RESPONSE BRIEF.  I GUESS IT'S UP TO YOU WHETHER OR NOT

1  YOU FILE ONE.

2            MR. ACOSTA:  UH-HMM.

3            THE COURT:  OKAY.

4            OF COURSE, YOU CAN CHOOSE THAT.  BUT IF A SUPP- -- IF

5  A SUPPLEMENTAL BRIEF IS GOING TO BE FILED BY THE GOVERNMENT, IF

6  MR. ACOSTA'S BRIEF IS DUE ON THE 3RD, THEN --

7            WELL, HOW MUCH TIME DO YOU NEED?  EITHER A WEEK OR

8  TWO, MR. PARK?

9            MR. PARK:  I'M -- BETWEEN ONE OR TWO WEEKS, I'D

10  PREFER TWO WEEKS.  BUT, YOU KNOW, I'M JUST TRYING TO ANTICIPATE

11  HOW THESE THINGS WILL GO.

12            AND MY CONCERN IS THAT IT WILL -- WHAT MR. ACOSTA

13  FILES WILL BE KIND OF A DISGUISED AMENDED COMPLAINT, WHICH THE

14  MOTION TO DISMISS NO LONGER FAIRLY ADDRESSES.

15            THE COURT:  UH-HMM.

16            MR. PARK:  BUT IT'S -- BUT IF WE -- IF WE WERE TO

17  RESPOND TO A SUPPLEMENTAL BRIEFING WITH OUR OWN REBUTTAL, LET'S

18  SAY, WE'RE -- WE'RE NOT TECHNICALLY RESPONDING TO ANYTHING

19  OTHER THAN HIS SUPPLEMENTAL BRIEF.  WE'RE NOT RESPONDING TO HIS

20  PLEADING, WHICH IS WHAT THE MOTION TO DISMISS IS ABOUT.  SO,

21  IT'S -- IT'S GOING TO GET A LITTLE TRICKY I THINK.

22            THE COURT:  WONKY.

23            MR. PARK:  YEAH.

24            THE COURT:  YES.  IT -- IT DOES.  BUT I THINK THAT

25  THIS IS THE WAY I WANT TO GO --

1              MR. PARK:  OKAY.

2              THE COURT:  -- RIGHT NOW.

3              MR. PARK:  OKAY.

4              BUT IF -- IF YOUR HONOR IS INCLINED TO ACCEPT

5    MR. ACOSTA'S RECHARACTERIZATION OF CERTAIN THINGS -- AND WE'LL

6    SEE WHAT HE SAYS -- I THINK YOU WOULD BE PRUDENT TO ASK HIM TO

7    FILE AN AMENDED COMPLAINT AT THAT POINT THEN SO WE KNOW WHAT

8    WE'RE RESPONDING TO IN A PLEADING -- WHETHER -- WHETHER WE NEED

9    TO ANSWER LATER DOWN THE LINE OR WE NEED TO FILE ANOTHER MOTION

10   TO DISMISS.

11             THE COURT:  MR. ACOSTA, WHAT DO YOU HAVE TO SAY ABOUT

12   THE CONCEPT OF FILING AN AMENDED COMPLAINT?

13             MR. ACOSTA:  WELL, I CAN GIVE YOU WHAT YOU'D LIKE.  I

14   MEAN, AND IF I HAVE TO FILE AN AMENDED COMPLAINT, IT'S JUST

15   GOING TO CAUSE ME MORE TIME.  BUT I -- IF I COULD -- IF I HAVE

16   TO, I COULD.

17             BUT RIGHT NOW, YOU JUST WANTED TO GET ME TO CLARIFY,

18   CORRECT?

19             SO, THE  --

20             THE COURT:  WELL, AND, YOU KNOW, MR. PARK IS CORRECT

21   THAT GENERALLY THE POINT OF AN AMENDED COMPLAINT IS FOR

22   CLARIFICATION --

23             MR. ACOSTA:  CORRECT.

24             THE COURT: -- RIGHT?  SO, WE COULD DO THIS EITHER

25   WAY.  AN AMENDED -- BY DOING IT THROUGH AN AMENDED COMPLAINT,

1   IT IS CLEAR FOR ALL PARTIES WHAT THE PROCEDURAL POSTURE IS OF

2   THE DOCUMENT.

3            MR. ACOSTA:  OKAY.  SO --

4            MR. PARK:  AND I THINK THE ADDED ADVANTAGE IS IF MR.

5   ACOSTA HAS AN OBLIGATION TO SERVE ALL PARTIES BY JANUARY 25TH,

6   HE CAN SERVE THEM WITH AN AMENDED COMPLAINT, WHICH IS THE MOST

7   UPDATED DOCUMENT AS OPPOSED TO THERE BEING SOMETHING MORE THAN

8   A COMPLAINT BUT SOMETHING LESS THAN AN AMENDED COMPLAINT

9   FLOATING OUT THERE.

10           (PAUSE IN PROCEEDINGS.)

11           MR. ACOSTA:  YEAH.  I WOULD NEED TO GET A LITTLE MORE

12  TIME.

13           RIGHT NOW, YOU'VE GIVEN ME 'TILL THE 3RD, RIGHT? --

14  TO FILE A SUPPLEMENTAL BRIEF.

15           THE COURT:  UH-HMM.

16           MR. ACOSTA:  SO --

17           (PAUSE IN PROCEEDINGS.)

18           MR. ACOSTA:  I GOT -- THE 14TH, I'M BUSY.  SO, THE

19  WEEK OF THE 15TH IN JANUARY IF I COULD GET JUST A SUPPLEMENTAL

20  BRIEF IN THERE.

21           THE COURT:  OKAY.

22           MR. -- MR. PARK, DO YOU HAVE ANY VIEWS ON THE -- THAT

23  ISSUE?  THAT TIMEFRAME?

24           MR. PARK:  I THINK IT WOULD BE -- WE WOULD ALL BE

25  BETTER SERVED IF IT WAS AN AMENDED COMPLAINT.  IF WE'RE GOING

1    TO HIT ALL OF THE ISSUES YOU'VE ARTICULATED ANYWAYS.

2              THE COURT:  OKAY.

3              SO, MR. ACOSTA, YOU SAID THE WEEK OF THE 15TH.

4              DO YOU HAVE A PARTICULAR DATE THAT IS BEST FOR YOU

5    DURING THAT WEEK?

6              MR. ACOSTA:  I CAN GET IT FILED BY THE 18TH.

7              THE COURT:  OKAY.

8              ALL RIGHT.  SO, LET'S DO THAT.

9              I THINK IT'S -- IT'S -- IT MAY HELP EVERYONE TO HAVE

10   AN AMENDED COMPLAINT BECAUSE ESSENTIALLY WHAT YOU'RE DOING, MR.

11   ACOSTA, IS THE INFORMATION THAT I'VE ASKED FOR A CLARIFICATION

12   FROM AND -- THE SUPPLEMENTAL BRIEFING --

13             MR. ACOSTA:  RIGHT.

14             THE COURT:  -- YOU WOULD JUST INCORPORATE INTO YOUR

15   AMENDED COMPLAINT.

16             MR. ACOSTA:  SO, THE SUPPLEMENTAL BRIEF DATE NOW IS

17   GOING TO BE 1/18?

18             THE COURT:  YES.

19             MR. ACOSTA:  OKAY.  AND IT'S GOING TO BE AN AMENDED

20   COMPLAINT?

21             THE COURT:  YEAH.  IT SHOULD BE -- LET'S -- I THINK

22   THAT MAKES SENSE.  LET'S STYLIZE IT AS AN AMENDED COMPLAINT --

23             MR. ACOSTA:  OKAY.

24             THE COURT:  -- RIGHT?

25             AND THAT WILL GIVE YOU THE OPPORTUNITY TO -- IF THERE

1  ARE -- IF YOU DECIDE NOT TO PURSUE THE SPOUSES OR, YOU KNOW,

2  WHATEVER, IT WOULD ALLOW YOU TO CLARIFY THAT.

3          IT'S NOT HELPFUL IN A FEDERAL COURT CAPTION TO HAVE

4  ET CETERA, ET CETERA, ET CETERA.  I'LL JUST PUT THAT THERE.

5          MR. ACOSTA:  OKAY.

6          THE COURT:  OKAY.

7          EVERY PERSON THAT IS A DEFENDANT NEEDS TO BE

8  SPECIFICALLY NAMED.  IN FEDERAL COURT, DOE'S DON'T LAST VERY

9  LONG, IF AT ALL.  MOST JUDGES WILL DISMISS A DOE DEFENDANT

10  ALMOST IMMEDIATELY.

11          OKAY.  AND SINCE THE COMPLAINT WAS FILED IN FEBRUARY,

12  I THINK, YOU KNOW, YOUR DEADLINE TO SERVE IS JANUARY 25TH --

13          MR. ACOSTA:  CORRECT.

14          THE COURT:  -- RIGHT NOW.  AND I THINK THAT THAT'S

15  FAIR GIVEN -- GIVEN THE LENGTH OF THIS CASE.

16          MR. ACOSTA:  NO PROBLEM.

17          THE COURT:  OKAY.

18          SO, LET'S HAVE -- MR. ACOSTA WILL FILE AN AMENDED

19  COMPLAINT.

20          AND YOU SHOULD CALL IT YOUR FIRST AMENDED COMPLAINT

21   --

22          MR. ACOSTA:  YES, MA'AM.

23          THE COURT:  -- MR. ACOSTA.

24          MR. ACOSTA:  YES, MA'AM.

25          THE COURT:  BY JANUARY 18TH, 2019.

1           MR. ACOSTA:  CORRECT.  THAT WILL BE DONE.

2           THE COURT:  OKAY.

3           MR. ACOSTA:  THAT WILL BE DONE.

4           THE COURT:  AND, MR. PARK, DO YOU WANT ME TO SET A

5    DEADLINE FOR YOU TO RESPOND OR WOULD YOU --

6           MR. PARK:  WELL, WHAT I WOULD ANTICIPATE DOING IS

7    WITHIN TWO WEEKS OF THE AMENDED COMPLAINT BEING SERVED ON THE

8    DEFENDANTS WHO ARE CURRENTLY -- WHO HAVE APPEARED IN THE CASE,

9    WE'D PROBABLY FILE ANOTHER MOTION TO DISMISS AT THAT TIME AND

10   THEN WAIT FOR SERVICE ON THE REMAINING DEFENDANTS IF THERE ARE

11   ANY.

12          AND THEN WE'LL USE OUR 60 DAYS TO RESPOND TO THAT.

13          THE COURT:  OKAY.

14          DO YOU HAVE ANY QUESTIONS ABOUT THAT, MR. ACOSTA?

15          MR. ACOSTA:  NO.  THAT'S FINE.

16          THE COURT:  OKAY.

17          I THINK THAT'S -- SO, YOU -- YOU DON'T NEED A

18   SEPARATE DEADLINE FROM ME.  YOU'LL RESPOND AS YOU DO --

19          MR. PARK:  SURE.

20          THE COURT:  -- TO THE AMENDED COMPLAINT.

21          AND ANY OTHER QUESTIONS?

22          MR. ACOSTA:  WHAT DAY WOULD WE DO -- WE BE DUE BACK

23   IN HERE?

24          THE COURT:  WELL, WHAT MR. PARK IS SAYING IS THAT HE

25   WOULD PLAN TO FILE A NEW MOTION TO DISMISS --

1          MR. ACOSTA:  OKAY.

2          THE COURT:  -- IF IT'S APPROPRIATE AFTER RECEIVING

3  YOUR FIRST AMENDED COMPLAINT.

4          MR. ACOSTA:  OKAY.

5          THE COURT:  AND, SO, A NEW HEARING DATE WOULD BE SET.

6          SO, WHEN YOU GET YOUR NOTICE OF MOTION, NOW THAT MY

7  MOTION -- YOU KNOW, EVERYONE KNOWS MY MOTION CALENDAR IS

8  WEDNESDAYS.  YOU CAN FIND IT ON THE -- MY PROCEDURES PAGE.

9          THIS MOTION WILL HAVE A NOTICE OF MOTION AND HEARING

10  DEADLINES AND ALL OF THAT KIND OF THING.

11          ONE OF THE THINGS I DID WANT TO POINT OUT TO YOU, MR.

12  ACOSTA, IS THAT BECAUSE WE ARE IN FEDERAL COURT --

13          MR. ACOSTA:  YES.

14          THE COURT:  -- THE RULES OF PROCEDURE THAT APPLY ARE

15  THE FEDERAL RULES OF CIVIL PROCEDURE AND NOT THE STATE COURT

16  RULES OF PROCEDURE.

17          SO, THERE WERE TIMES IN YOUR PAPERS WHERE YOU WERE

18  CITING TO THE CALIFORNIA CODE OF CIVIL PROCEDURE OR THE

19  CALIFORNIA RULES OF COURT.  OKAY.

20          MR. ACOSTA:  YES.

21          THE COURT:  THOSE ARE STATE COURT RULES.  AND THOSE

22  APPLY TO THE STATE COURTS.

23          MR. ACOSTA:  OKAY.

24          THE COURT:  THE FEDERAL COURTS FOLLOW THE FEDERAL

25  RULES OF CIVIL PROCEDURE.

1              MR. ACOSTA:  RIGHT.

2              THE COURT:  OKAY.

3              MR. ACOSTA:  BUT EVEN WITH THE -- EVEN WITH THE

4     17- -- THE JUDICIARY ACT OF 1789, SECTION 35 STATES DIFFERENT.

5              THE COURT:  I'M TALKING ABOUT THE CIVIL PROCEDURE

6     RULES --

7              MR. ACOSTA:  OKAY.

8              THE COURT:  -- THAT YOU WERE CITING --

9              MR. ACOSTA:  ALL RIGHT.  OKAY.

10             THE COURT:  -- TO.

11             MR. ACOSTA:  OKAY.

12             THE COURT:  NOTHING -- NOTHING ELSE.

13             OKAY.

14             MR. ACOSTA:  OKAY.  ALL RIGHT.

15             THE COURT:  AND, SO, TO THE EXTENT THAT YOU ARE

16    READING CALIFORNIA RULES OF COURT, STOP.  BECAUSE THOSE DON'T

17    APPLY TO US.

18             OKAY.

19             THE CALIFORNIA CODE OF CIVIL PROCEDURE -- AT LEAST

20    WHEN IT COMES TO HOW THE BEHAVIOR OF THIS COURT FOR DEADLINES

21    AND THAT KINDS OF THINGS, WHAT WE'RE DEALING WITH -- WHAT YOU

22    SHOULD BE REFERRING TO ARE THE FEDERAL RULES OF CIVIL

23    PROCEDURE.

24             AND THEN OUR COURT, THE CENTRAL DISTRICT OF

25    CALIFORNIA, HAS LOCAL RULES.  OKAY.  AND YOU CAN FIND THOSE ON

1    THE COURT'S WEBSITE.  I BELIEVE YOU HAVE ALREADY.  I THINK I

2    RECALL SEEING SOME REFERENCES.  BUT IF NOT, THAT'S WHERE YOU

3    FIND THEM.  AND THAT IS HOW OUR COURT HAS -- WE SORT OF

4    SOMETIMES SET ADDITIONAL DEADLINES THAT YOU SHOULD KNOW

5    ABOUT.

6                MR. ACOSTA:  OKAY.

7                THE COURT:  OKAY.

8                MR. ACOSTA:  PERFECT.

9                THE COURT:  AND, AGAIN, I WOULD REFER YOU TO THE --

10   THERE IS A PRO SE CLINIC IN THE FEDERAL -- IN OUR BUILDING AND

11   IN ALL OF THE FEDERAL COURTS IN THE CENTRAL DISTRICT.

12               MR. ACOSTA:  RIGHT OVER AT RIVERSIDE IS WHERE I'VE

13   BEEN GOING OVER TO.

14               THE COURT:  OKAY.

15               MR. ACOSTA:  PERFECT.

16               THE COURT:  OKAY.

17               SO, THEY CAN BE VERY HELPFUL FOR THOSE KINDS OF

18   DETAILS AND THAT SORT OF THING.

19               MR. ACOSTA:  PERFECT.

20               THE COURT:  OKAY.

21               MR. PARK:  THANK YOU VERY MUCH, YOUR HONOR.

22               MR. ACOSTA:  THANK YOU.

23               THE COURT:  HAVE A GOOD DAY, EVERYBODY.

24               MR. ACOSTA:  AND YOU HAVE A MERRY CHRISTMAS.

25               THE COURT:  YOU, TOO.

40

1          MR. ACOSTA:  I WILL.

2          THE CLERK:  WE'RE NOW ADJOURNED.

3          (PROCEEDINGS ADJOURNED AT 10:41 A.M.)

4

5                    C E R T I F I C A T E

6

7

          I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
8    FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
     ABOVE-ENTITLED MATTER.
9

10

     /S/ DOROTHY BABYKIN                     3/11/19
11   _____       _____
     FEDERALLY CERTIFIED TRANSCRIBER         DATED
12   DOROTHY BABYKIN

13

14

15

16

17

18

19

20

21

22

23

24

25