FILED

1   joaquin  andres  acosta

2   PO  Box  2889

3   Big  Bear  Lake,  California



2019 MAY -3  PM 3: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

4

5

6

7

8                    District Court for the United States of America

9                          Central  District  of  California

10   Joaquin   Andres   Acosta,   my   heirs,       No. ED CV 18-369 CJC (ADS)

11   successors,  assigns  and  agents,

12   v.                                              Joaquin   Andres   Acosta:  non-consent
                                                     given,  and  Declaration  in   opposition  and
13   United  States  of  America                     exceptions  to  JOSEPH  B.  WIDMAN'S
14   U.S. Forestry San Bernardino National           motion    to    dismiss,   memorandum    of
15   Forest;                                         points  and   authorities;

16   United  States  Attorney  General;              Certificate of Service.

17   United   States   Deputy   General  Anwar
     Kahn,  and  his  domestic  partner/spouse;
18
     Mark   R.   Snyder,   and   his   domestic
19   partner/spouse;                                 May 22, 2019
                                                     Room 6B
20   Eileen  M.  Decker,  and  her  domestic         10:00 a.m.
     partner/spouse;                                 Autumn D. Spaeth
21
     Joseph  B.  Widman,  and  his  domestic
22   partner/spouse;

23   Deveree  Kopp,  and  her  domestic
     partner/spouse;
24
     unknown  men/women,  and  each  of  their
25   assumed/presumed  betrothed/spouse  and
     or domestic partners who assisted the above
26   identified individuals;

27

28

1

# TABLE OF CONTENTS

2  A. Declaration / Memorandum. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3  Local Rules Not Applicable Due to Not Being Compliant with Procedure. . . . . . . . . . . . . 1

4  We Dispense with Compiling a Separate Memorandum and Separate Declaration Under the
   Rule of Necessity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5  Tribunal Cannot Make Orders Mandatory. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6  Definition of Consent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7  Magistrate's Attempt to Help Relieve Respondents of Liability & Court Clerk and Judicial
   Officer Magistrate's Failures to Enter Defaults Required Pursuant Rule 55(a). . . . . . . 3

8  Continued Business & Court and Court Clerk's Non-compliance with Rule 55(a). . . . . . . . . 4

9
   Re: Inapplicability of Federal Tort Claims in This Matter Due to Widman's Not Sued in his
10    Official Capacity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11 Certain Cases Identified Are Moot/Inapplicable. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12 Motion is Not Seconded/Judicial Officer/Magistrate Can not Second. . . . . . . . . . . . . . . 7

13 Congressional Intent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

14 Common Use and Definition Known at Time of Enactment. . . . . . . . . . . . . . . . . . . . . 8

15 Section 1983 Applicable to the Federal Government Through Ninth, Tenth and 14th
   Amendments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

16 Rule 12(b) Motions are Demurrers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17 Widman Admitted to the Facts by Filing His Demurrer. . . . . . . . . . . . . . . . . . . . . . . . 9

18 Widman Failed to Apply Law of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

19 No Evidence of Permission by Attorney General or Delegate to Represent Widman. . . . . . 11

20 Park Failed to Furnish Proof of Permission By Attorney General to Represent Widman. . . . 11

21 B. Discussion Motion Addresses items that are outside of the Scope of the Pleadings. . . . . 13

22 Basic Obligations of Public Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

23 Conclusive Cases Regarding Appellate Decisions. . . . . . . . . . . . . . . . . . . . . . . . . . 17

24 Conclusions. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

25 Relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

26 Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

27

28

-i-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## STATE CASES

127 S.Ct. 1955. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2 S.E. 70.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

According to Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938). . . . . . . . . . . . . . . . 18

Ashcroft v. Iqbal, 129 S.Ct. 1937. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Chisholm v. Georgia, 2 Dall. (U.S.) 419 (Dall.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cruden v. Neale, 2 N.C. 338 (1796). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Estrada v. Hills, 401 F. Supp. 429, 434 (N.D. Ill. 1975). . . . . . . . . . . . . . . . . . . . . . . . . . 17,18

## FEDERAL CASES

2496 U.S. 498 (1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

453 U.S. 1 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Abbott v. Latshaw, 164 F.3d 141 (3d Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

According to Cooper v. O'Connor, 99 F.2d 135. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Blessing v. Freestone, 520 U.S. 329 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Brady v. Roosevelt Steamship Company., 317 U.S. 575. . . . . . . . . . . . . . . . . . . . . . . . . . 18

District of Columbia v. Carter, 409 U.S. 418. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Gallegos v. Haggerty, N.D. of New York, 689 F. Supp. 93. . . . . . . . . . . . . . . . . . . . . . . . . 18

Kennedy v. United States Postal Service, 145 F.3d 1077. . . . . . . . . . . . . . . . . . . . . . . . . . 6

Kokkonen v. Guardian Life Insurance Company., 511 U.S. 375, 114 S.Ct. 1673. . . . . . . . . . . . 6

L. Ed 2d 868, 556 U.S. 662. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Navarro v. Block, 250 F.3d 729 (9th Cir., 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Ray v. Kertes, 285 F.3d 287. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

State of Rhode Island v. The State of Massachusetts, 37 U.S. 657 (1938). . . . . . . . . . . . . . 18

Swierkiewicz v. Sorema, N.A., 534 U.S. 506. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Under the "Erie Doctrine" Erie Railroad Company v. Tompkins, 304 U.S. 64 (1938). . . . . . . . 10

United States v. Chadwick, 433 U.S. 1.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Vacek v. U.S. Postal Service, 447 F.3d 1248. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

White v. Lee, 227 F.3d 1214. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Wolfe v. Strankman, 392 F.3d 358 (9th Cir., 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATE  STATUTES**

Ins. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL STATUTES**

42  U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10, 11, 15, 16

17 Stat. 13 (1871). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

17 Stat. 13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

36 C.F.R.  261.1(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

42 U.S.C.  1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

5 C.F.R.  2635.101 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## Declaration

### -Memo-

NOW COMES joaquin andres acosta hereby **do not consent to dismissing Mr.**

**Khan from suit**, and to objecting to Mr. Khan's non-seconded motion, and taking special exception to JOSEPH B. WIDMAN'S notice, his motion to dismiss, his memorandum of points and authorities, and his proposed order. See grounds that follow:

### <u>Local Rules Not Applicable Due to Not Being Compliant with Procedure</u>

**PLEASE TAKE NOTICE:** We disagree and do not consent to L.Rs' (7-7, 7-8) 7-9, as said L.R. actually gives less time for response than the nine court days before the hearing date allowed by California Code of Civil Procedure, §1005, which this Judicial Officer, and Attorneys, and Court personnel are required to comply with pursuant Section 34 of the Judiciary Act of 1789 through the Erie Doctrine. Therefore, we shall only comply with the 9 day Rule. L.R. 7-9 will wholly ignored.

### <u>We Dispense with Compiling a Separate Memorandum</u>
### <u>and Separate Declaration Under the Rules of Necessity</u>

**PLEASE TAKE FURTHER NOTICE:** We hereby shall dispense with performing the extra work it takes to compile a (separate) memorandum, and any affidavits/declarations since Mr. Park/Widman have failed to include them themselves. Under necessity, all of the citations and authorities shall be inset herein.

### <u>Tribunal Cannot Make Orders Mandatory</u>

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman have mis-characterized the role of the Court/Judicial Officer at FN.1 referring to a purported order. The federal Court under the "Erie Doctrine, and is applicable through Section 34 of the Judiciary Act of 1789, and the 9th and 10th Amendments. The Erie Doctrine/§34 of the Judiciary Act and Supreme Court decisions requires the Court/Judicial Officer, attorneys, and parties to comply with the forum state's constitution, laws, statutes, procedures and customs.

**PLEASE TAKE FURTHER NOTICE:** Pursuant the California Constitution (1849), Article VI, section 13, the Constitution states fully:

> "Tribunals for conciliation may be established, with such powers and duties as may be prescribed by law; but such tribunals shall have no power to render judgment to be obligatory on the parties, except they voluntarily submit their matters in difference, and agree to abide the judgment, or assent thereto in the presence of such tribunal, in such cases as shall be prescribed by law."

**PLEASE TAKE FURTHER NOTICE:** That we are not obligated to comply with any purported order, as it we did not agree or assent to said purported order. Article VI, section 13.

**PLEASE TAKE FURTHER NOTICE:** The Declaration of Independence is still operative and provides:

> We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.--That to secure these rights, **Governments are instituted among Men, deriving their just powers from the consent of the governed,** --That whenever any Form of Government becomes destructive of these ends, it is the Right of the People to alter or to abolish it, and to institute new Government, laying its foundation on such principles and organizing its powers in such form, as to them shall seem most likely to effect their Safety and Happiness.

**PLEASE TAKE FURTHER NOTICE:** We still as a republic require our public servants serving under the Judicial Branch (Judicial Officers/Magistrates), including Legislative and Executive Branches to ask for my/our consent prior to our public servants initiating or taking any action whatsoever:

> cf. "When a change of government takes place, from a monarchial to a republican government, the old form is dissolved. Those who lived under it, and did not choose to become members of the new, had a right to refuse their allegiance to it, and to retire elsewhere. By being a part of the society subject to the old government, they had not entered into any engagement to become subject to any new form the majority might think proper to adopt. That the majority shall prevail is a rule posterior to the formation of government, and results from it. It is not a rule upon mankind in their natural state. There, every man is independent of all laws, except those prescribed by nature. He is not bound by any institutions formed by his fellowmen without his consent" *Cruden v. Neale,* 2 N.C. 338 (1796) 2 S.E. 70, May term, 1796.

> "A State does not owe its origin to the Government of the United States, in the highest or in any of its branches. It was in existence before it. It derives its authority from the same pure and sacred source as itself: The voluntary and deliberate choice [consent] of the people...A State is altogether exempt from the

-2-

jurisdiction of the Courts of the United States, or from any other exterior authority, unless in the special instances when the general Government has power derived from the Constitution itself." *Chisholm v. Georgia*, 2 Dall. (U.S.) 419 (Dall.) (1794).

### Definition of Consent

**PLEASE TAKE FURTHER NOTICE:** Black's Law Dictionary (Sixth Edition, p. 305) provides us with the definition of CONSENT:

> "A concurrence of wills. Voluntarily yielding the will to the proposition of another; acquiescence or compliance therewith. Agreement; approval; permission; the act or result of coming into harmony or accord. Consent is an act of reason, accompanied with deliberation, the mind weighing as in a balance the good or evil on each side. It means voluntary agreement by a person in the possession and exercise of sufficient mental capacity to make an intelligent choice to do something proposed by another. It supposes a physical power to act, a moral power of acting, and a serious, determined, and free use of these powers. Consent is implied in every agreement. It is an act unclouded by fraud, duress, or sometimes even mistake."

**PLEASE TAKE FURTHER NOTICE:** A "court order" is nothing more than a proposal for a party or parties to consider. A court order without a concurrence of wills or voluntary yielding, agreement, permission is not consent and is essentially tyrannical, and can not be enforced. Our founding fathers identified with and were subject to tyrannical abuses from Geo II, and his minions. So, they compiled the founding documents of this County so as to avoid and prevent any single person (a public servant) from acting tyrannical.

"No man is good enough to govern another man without that others consent."
[Abe Lincoln's Speech, Peoria, Illinois, Oct 16, 1854]

### Magistrate's Attempt to Help Relieve Respondents of Liability & Court Clerk and Judicial Officer Magistrate's Failures to Enter Defaults Required Pursuant Rule 55(a)

**PLEASE TAKE FURTHER NOTICE:** It appears that Judicial Officer by proposing that we "amend the complaint" was to relieve certain respondents (KOPP, SNYDER, DECKER, UNITED STATES, SAN BERNARDINO NATIONAL FOREST, U.S. ATTORNEY GENERAL) of Mr. Park and his purported clients (who never

-3-

received permission by the Attorney General or his delegate to be represented in their individual/personal capacities) from Defaults, and, whose motions to dismiss were/are fatally defective for failure to give proper notices. Moreover, there is no proof or a permission slip for such purported representation. Therefore, since none have been filed in the record, none exist.

## Continued Business
### Court and Court Clerk's Non-compliance with Rule 55(a)

**PLEASE TAKE FURTHER NOTICE:** The Court clerk was and remains liable to enter defaults of said respondents pursuant Rule 55(a).

**PLEASE TAKE FURTHER NOTICE:** The Court clerk failed to enter said defaults after being requested/required by us.

**PLEASE TAKE FURTHER NOTICE:** Magistrate Autumn D. Spaeth appears to have colluded with the Court clerk who has refused to enter said defaults. Therefore, it appears since we asked Spaeth to order said defaults be entered, it appears that Spaeth has not ordered or directed the clerk to enter said defaults, inter-alia, Spaeth has obstructed justice in this matter for failure to perform a ministerial duty, which she, like all other judicial officers/magistrates are obligated to do pursuant law/procedure, but fail, and ignore due to your memberships in certain clubs, organizations and political pressures present.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and his purported clients never asked for an extension to answer to demurrer after said dates granted by Court order.

### Re: Inapplicability of Federal Tort Claims in This Matter Due to Widman's Not Sued in his Official Capacity

**PLEASE TAKE FURTHER NOTICE:** Mr. Joseph B. Widman is not being sued in "his official capacity" under the FEDERAL TORT CLAIMS ACT.

### Certain Cases Identified Are Moot/Inapplicable

-4-

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman's citation referring to *Kennedy v. United States Postal Service*, 145 F.3d 1077 (9th Cir. 1998) is moot/off point.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman's citation referring to *District of Columbia v. Carter*, 409 U.S. 418, 424-425 (1973), is moot/off point.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman's citation referring to *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, is moot/off point, and, has no bearing on this matter.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman's citation referring to *Vacek v. U.S. Postal Service*, 447 F.3d 1248 (9th Cir. 2006), is moot/off point, as it refers to party (U.S. Postal Service) who is not a government agency, and has no bearing on this matter, .

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman's citation referring to *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir., 2004) is moot/off point, in that judges cannot be sued under §1983, because that section prohibits it. Therefore, it has no bearing on this matter.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman's citation referring to *White v. Lee*, 227 F.3d 1214 (9th Cir., 2000) is moot/off point, in that the case is about chilling First Amendment rights by defendants in California. Has nothing to do with prohibitions or mandates of §1983 suits. Therefore, it has no bearing on this matter.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman's citation referring to *Navarro v. Block*, 250 F.3d 729 (9th Cir., 2001), is moot/off point, and has no bearing on this matter.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Widman have asserted a hodge-podge of cases, (*Balisteri, Enesco, Hospital, Clegg, Bell Atl.*, as they generally refer to Federal Tort Claims. Both Park and Widman have failed to cognize that Widman is subject to §1983 claims pursuant FORTY-SECOND CONGRESS, Sess. I., Ch. 22, 1871, sections 7 and 8, and any others e.g., emotional distress, abuse of process, infliction of emotional distress, slander false arrest, malicious prosecution,  as he's sued in his individual/personal capacity...not in his official capacity.  **Mr. Widman has not identified any causes of action in the claim. He's not able to simply walk away from responding to damages he caused.**

**PLEASE TAKE FURTHER NOTICE:** More recently, in *Swierkiewicz v. Sorema,* N.A., 534 U.S. 506, 513 (2002), the Court reaffirmed its holding in *Leatherman* and stated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." Our Court of Appeals has recognized the Supreme Court's abrogation of a heightened pleading requirement for §1983 actions.   *Ray v. Kertes,* 285 F.3d 287, 297 (3d Cir. 2002) ("[T]he Court [has] explained that courts should narrowly interpret statutory language to avoid heightened pleadings standards."); *Abbott v. Latshaw,* 164 F.3d 141, 149 (3d Cir. 1998) (observing that nothing more is required of §1983 cases than the notice pleading requirement of Rule 8). "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly,* 550 U.S., at 555, 127 S.Ct. 1955..." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 173 L.Ed 2d 868, 556 U.S. 662, 77 USLW 4387 (2009). In this matter, all of these requirements have been met.

**PLEASE TAKE FURTHER NOTICE:** Mr. Joseph B. Widman has and is being sued in **"his individual/personal capacity"** pursuant 42 U.S.C. §1983. Section 1983 is taken from the Civil Rights Act of 1871. Congress enacted the following:

> That any person who, under color of any law, statute, ordinance, regulation, custom, or usage of any State, shall subject, or cause to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress; such proceeding to be prosecuted in the several district or circuit courts of the United States, with and subject to the same rights of appeal, review upon error, and other remedies provided in like cases in such courts, under the provisions of the act of the ninth of April, eighteen hundred and sixty-six, entitled "An act to protect all persons in the United States in their civil rights, and to furnish the means of their vindication"; and the other remedial laws of the United States which are in their nature applicable in such cases. 17 Stat. 13 (1871).

**PLEASE TAKE FURTHER NOTICE:** We believe that the Code Commissioners, did not faithfully and strictly use the 1871's Act and language as enacted into law. Therefore, we believe the current version is inadequate and invalid. So, we invoke the language of the original statute (17 Stat. 13) due to the current code having deleted certain phrases and language that appears therein.

**PLEASE TAKE FURTHER NOTICE:** The 1871 statute refers to in this matter, United States Common Law,

**PLEASE TAKE FURTHER NOTICE:** We hereby substitute the 1871's language for the one in the claims, as the original represents Congress's intent. The Code commissioners placement of the current language indicates a huge misrepresentation of Congress's intent of the 1871 statute. We hereby invoke and must rely solely on Statutes at Large, The Civil Rights Act of 1871, Forty-Second Congress, Sess. I, Ch. 22, et seq., esp. noting sections 7 and 8 for these proceedings.

### Motion is Not Seconded/Judicial Officer/Magistrate Can not Second

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Mr. Widman have failed to address the §1983 claims. Instead, they mis-characterized all claims and wrongfully recasted them as being FEDERAL TORT CLAIMS. In fact, each of my "causes of action," are strictly §1983 claims. Therefore, their non-seconded motion fails.

### Congressional Intent

**PLEASE TAKE FURTHER NOTICE:** Congress, when it enacted the Civil Rights Act of 1871, used the phrase "Every person." **Congress's intent** gave a private right of action against "EVERY PERSON who under color of any statute, ordinance, regulation, custom, or usage..." meaning everyone in any branch of government, except judicial officers who wrongfully subjects or causes any United States citizen...or other person...to the deprivation of any rights, privileges, or immunities...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**PLEASE TAKE FURTHER NOTICE:** The elements of a Section 1983 case are "the deprivations of any rights, privileges, or immunities secured by the Constitution and laws and regulations" by a "person" which is operative in this instance, and applies to **WIDMAN**, whom deprived me of immunity provided under 36 C.F.R. 261.1(d). He ignored it, yet proceeded despite being informed at arraignment.

## Common Use and Definition Known at Time of Enactment

**PLEASE TAKE FURTHER NOTICE:** Section 1983 uses the word **"state"** in the phrase:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or Territory or the District of Columbia...".

**PLEASE TAKE FURTHER NOTICE**: Definition of the word "State."

Webster's dictionary definition of the word **"state"**:

> "A political body, or body politic; the whole body of people united under one government, whatever may be the form of the government."

**PLEASE TAKE FURTHER NOTICE:** Congress used the term **"state"** as Webster's defined it as "A political body, or body politic; the whole body of people united under one government, whatever may be the form of the government." The definition of state also means the Federal government and its employees.

## Section 1983 Applicable to the Federal Government
## Through Ninth, Tenth and 14thAmendments

**PLEASE TAKE FURTHER NOTICE:** Section 1983 applies to the states and the federal government by **"operation of the Fourteenth Amendment."** Without the Fourteenth amendment it would imply to operate upon state government employment too. Since 1983 is applied to the states by operation of the Fourteenth Amendment, then Congress's intent was that it applied to federal employees and office holders alike. Therefore, this court does have subject matter jurisdiction, because Congress, when it enacted 42 U.S.C. 1983, it granted both a private right and private remedy (cf. *Sandoval*, 532 U.S. at 286).

**PLEASE TAKE FURTHER NOTICE:** Mr. Widman sued in his individual/personal capacity is also subject to any alleged tort claims identified, as his Office is not implicated under §1983, though he was working as an Assistant United States

-8-

Attorney[1], he <u>was not</u> "**Acting within the scope of his office or employment**" when WIDMAN failed to perform the mission of the Office "Enforce the laws of the United States," he acted outside of his scope of his office and employment when he along with ANWER KHAN personally and conjunctively (with WIDMAN) decided to completely ignore the immunity or privilege identified as 36 C.F.R. 261.1(d). They were informed within ten days of the Arraignment, but at arraignment instead of dismissing the case against me, pushed for trial, ignoring 261.1(d) immunity/privilege given by Congress. Hence, we are not subject to administratively exhaustion, since Congress when it enacted §1983 does not require any "exhaustion" requirement. Here, the Department of Justice has made dubious arguments that are not supported by any form of law, statute or procedure (cf *United States v. Chadwick*, 433 U.S. 1 at 16 (1976)).

### Rule 12(b) Motions are Demurrers

**PLEASE TAKE FURTHER NOTICE:** Rule 12(b) motions are essentially demurrers.

**PLEASE TAKE FURTHER NOTICE:** Under the "Erie Doctrine" (*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)) through "The Judiciary Act of 1789, section 34, the moving party in a federal court, the parties, judicial officer/magistrates, and prosecutors must comply with state constitution, statutes, rules, regulations and customs of the forum state. The Magistrate and Attorneys have failed to comply with these rules, procedures and Supreme Court decisions.

### Widman Admitted to the Facts by Filing His Demurrer

**PLEASE TAKE FURTHER NOTICE:** Mr. Joseph B. Widman, by filing his demurrer (cf. 12(b)(1) and (6)) made a general appearance to the merits. If the case was one of which he could assert a privilege, immunity against this §1983 action, he must

---

[1] "It is deeply distressing that the Department of Justice, whose mission is to protect the constitutional liberties of the people of the United States, should even appear to be seeking to subvert them by extreme and dubious legal argument." ***United States v. Chadwick***, **433 U.S. I at 16 (1976).**

have asserted that, but he waived all of that by filing the demurrer (12(b)), and therefore, he admitted to each of the facts. My claims have shown Mr. Widman violated a constitutionally protected right. Therefore, the motion is inadequate, and fatally defective, and must be denied with prejudice.

## Widman Failed to Apply Law of the Case

**PLEASE TAKE FURTHER NOTICE:** Mr. Widman has filed his motion to dismiss pursuant Rule 12(1) and (6)/Demurrer . Instead of applying the "law of the case" (*Sandoval*, 532 U.S. at 286). 42 U.S.C. 1983) to the facts in stated in my Claims, he drifted off point that totally mis-characterized the entire case. Instead, he entirely addressed FEDERAL TORT CLAIMS ACT, which are off point matters and completely outside the scope of my pleadings (referring to Rule 12(d)) and inadequate as the claims are strictly §1983 claims. Widman's demurrer fails all of the elements required. Therefore, his motion completely fails.

**PLEASE TAKE FURTHER NOTICE:** California Civil Procedure, Rule 430.41 through the Erie Doctrine, provides: *"(a) Before filing a demurrer pursuant to this chapter,* ***the demurring party shall meet and confer in person or by telephone with the party*** *who filed the pleading that is subject to demurrer* ***for the purpose of determining whether an agreement can be reached that would resolve the objections to be raised in the demurrer...";*** *(1) As part of the meet and confer process,* ***the demurring party shall identify all of the specific causes of action*** *that it believes are subject to demurrer* *and **identify with legal support the basis of the deficiencies***. *The party who filed the complaint, cross-complaint, or answer shall provide legal support for its position that the pleading is legally sufficient or, in the alternative, how the complaint, cross-complaint, or answer could be amended to cure any legal insufficiency. (2) The parties shall meet and confer at least five days before the date the responsive pleading is due. If the parties are not able to meet and confer at least five days prior to the date the responsive pleading is due, the demurring party shall be granted an automatic 30-day extension of time within which to file a responsive pleading, by filing and serving, on or before the date on which a demurrer would be due, a declaration stating under penalty of perjury that a good faith attempt to meet and confer was made and explaining the reasons why the parties could not meet and confer. The 30-day extension shall commence from the date the responsive pleading was previously due, and the demurring party shall not be subject to default during the period of the extension. Any further extensions shall be obtained by court order upon a showing of good cause. (3)* ***The demurring party shall file and serve with the demurrer a declaration*** *stating either of the following: (A)* ***The means by which the demurring party met and conferred*** *with the party who filed the pleading subject to demurrer, and* ***that the parties did not reach an agreement resolving the objections*** *raised in the demurrer. (B) That the party who filed the pleading subject to demurrer failed to respond to the meet and confer request of the demurring party or otherwise failed to meet and confer in good faith."*

-10-

**PLEASE TAKE FURTHER NOTICE:** Movant failed to comply with the California Code of Civil Procedure, Rule 430.41 et seq., by failing to comply with all of the following:

> (a) *meet and confer*;
>
> (a)(1) *"the demurring party **shall identify all of the specific causes of action** that it believes are subject to demurrer and identify **with legal support** the basis of the deficiencies"*;
>
> (a)(2) *"The parties shall meet and confer at least five days before the date the responsive pleading is due...";*
>
> (a)(3) *"...**file and serve with the demurrer a declaration** stating either of the following:*
>
> *(A) The means by which the demurring party met and conferred with the party who filed the pleading subject to demurrer, and that the parties did not reach an agreement resolving the objections raised in the demurrer;*
>
> *(B) That the party who filed the pleading subject to demurrer failed to respond to the meet and confer request of the demurring party or otherwise failed to meet and confer in good faith."*

**PLEASE TAKE FURTHER NOTICE:** Therefore, since Mr. Park and Mr. Widman are well studied in the law and have earned a Juris Doctorate in law....they know the laws, rules and Supreme Court decisions what procedures are required to be complied with. They have no excuse for their failures. Ignorance of the law is no excuse. Their <u>motion is inadequate and fatally defective</u> for failing to strictly comply with C.C.P. §430.41 et seq.

### <u>No Evidence of Permission by Attorney General or Delegate to Represent Widman</u>

**PLEASE TAKE FURTHER NOTICE:**  Though Mr. Park has implied he received permission from the Attorney General or his delegate to represent Mr. Widman in this matter, he has not furnished the **permission slip** which would allow Mr. Park or the United States Attorneys' Office to represent Mr. Widman.

### <u>Park Failed to Furnish Proof of Permission to Represent Widman</u>

**PLEASE TAKE FURTHER NOTICE:** Mr. Park must have furnished strict proof to me, and to the Court his written authorization, before or contemporaneously when he filed his Motion to Dismiss. He <u>did not</u>. Therefore, Mr. Park has no authority to represent Mr. Widman.   Since Mr. Widman did not personally file his demurrer, he

technically is in default. Therefore, his motion is moot, inadequate, and fails to state a claim upon which relief can be granted, since there is no verifiable "permission slip."

**PLEASE TAKE FURTHER NOTICE:** The Federal Rules of Civil Procedure for Motions to Dismiss and state requirements for demurrers requires that the moving party at the time of filing, also provide and serve an affidavit in support. Mr. Park and Mr. Widman did not do so. Therefore, the motion is fatally defective and inadequate, and must be denied with prejudice.

**PLEASE TAKE FURTHER NOTICE:** The Local Rule 7-3 requires parties to (1) "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly...(2) the substance of the contemplated motion and any potential resolution. (3) The conference shall take place at least seven (7) days prior to the filing of the motion. (4) If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'this motion is made following the conference of counsel pursuant L.R. 7-3 which took place on (date).'"

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Mr. Widman failed to comply with Rule 7-3 by making contact and discussing thoroughly the substance of the contemplated motion, and potential resolution. He only sent a memorandum. Therefore, the motion is fatally defective, inadequate, and must be denied with prejudice.

**PLEASE TAKE FURTHER NOTICE:** Local Rule 7-5 requires the moving party to comply with all of the following: There shall be served and filed with the notice of motion: (a) a brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and, (b) The evidence upon which the moving party will rely in support of the motion.

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Mr. Widman failed to provide the third element required under subsection (b), *the evidence upon which the moving*

*party will rely in support of the motion.* Therefore, the motion must be denied, as they failed to provide any evidence.

**PLEASE TAKE FURTHER NOTICE:** Local Rule 7-6 requires the following: "Factual contentions involved in any motion and opposition shall be **presented**, heard, **and determined upon declarations** and other written evidence alone."

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Mr. Widman failed to provide the evidence required by filing and serving declarations and/or affidavits which contain factual contentions involved so a judicial officer/magistrate may recommend suggestions for the dispute(s) to be resolved. Therefore, Mr. Park and Khan's motion must be denied with prejudice.

**PLEASE TAKE FURTHER NOTICE:** Local Rule 7-10 requires all of the following: (a) "A moving party may no later than fourteen days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence."

**PLEASE TAKE FURTHER NOTICE:** Local Rule 7-12, provides: The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed...denial of the motion."

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Mr. Widman failed to comply with the Local Rules 7-3, 7-5, 7-6, 7-10; and, therefore, I invoke Rule 7-12 against them for their failures to comply therewith. Therefore, their motion is inadequate, as they failed to comply with Civil Procedure and Local Rules, and is fatally defective, and must be denied with prejudice.

## B. Further Discussion

### Motion Addresses items that are outside of the Scope of the Pleadings

**PLEASE TAKE FURTHER NOTICE:** Mr. Park and Mr. Widman's motion appear to address issues outside of the scope of the pleadings, and in fact they have totally misapprehended ¶1983. Instead, they imply there are Federal Tort Claims plead,

-13-

1  but does not factually identify any alleged torts whatsoever. Their motion is
2  inadequate and fatally defective.

3  **PLEASE TAKE FURTHER NOTICE:** My claims are based on denial of
4  Constitutional right, privileges and immunities, by a person with a badge, which both
   Mr. Snyder, and with the help of Mr. Khan, Widman, and others working in
5  government employment are subject to ¶1983 claims.

6  **PLEASE TAKE FURTHER NOTICE:** Congress did not require any exhaustion
7  requirements, when it enacted ¶1983. Though Mr. Park and Khan claim that FTCA
   claims are alleged, they never identified any FTCA claims which must be examined.
8  Since they have failed to identify factual FTCA claims under my ¶1983 claims, their
9  motion is inadequate and is fatally defective, having failed to provide factual evidence,
10 of where a Tort is located in the claims.

11

12 **PLEASE TAKE FURTHER NOTICE:** Though inartfully stated by the Ninth
   Circuit, the cases of *Mendoza v. United States* and *Gillespie v. Civiletti*, are cases
13 from the Ninth Circuit. The Ninth circuit has completely misapprehended 1983, and
14 came to wrongful decisions, referring that federal government employees are not
15 state actors. The statute itself does not actually define "State." Neither did the Ninth
   address the common meaning of "state" within any of their decisions.
16

17
   **PLEASE TAKE FURTHER NOTICE:** *McNeil v. United States* is off point and
18 moot because it addresses solely FTCA requirement of exhaustion. §1983 does not
19 require exhaustion.

20

21 **PLEASE TAKE FURTHER NOTICE:** The initial three-pronged test for finding a
22 right enforceable under Section 1983 was set forth in *Wilder v. Virginia Hospital*
   *Association*[2]. It asks whether (1) Congress intended the particular statutory provision
23 to benefit the plaintiff, (2) the provision is so vague or amorphous as to make
24 judicial enforcement difficult or impractical, and (3) the statute imposes a binding

25

26

27 _____

   [2]496 U.S. 498 (1990).
28

obligation on the government[3]. After these inquiries, a fourth arises: (4) did Congress create a comprehensive mechanism for enforcing the statute which implies that it intended to deny a private right of action[4]? Each of these prongs emerged from a series of Supreme Court decisions, with the first element undergoing something of a metamorphosis as it rose in importance in comparison to the other prongs of the test. Indeed, resolution of this first inquiry–the extent to which the plaintiff is "benefitted" by the statute–will usually be the key to whether Section 1983 can be invoked to enforce a federal statute.

**PLEASE TAKE FURTHER NOTICE:** All "four prongs" of the test have been complied with.

**PLEASE TAKE FURTHER NOTICE:** Mr. Widman at the time of the incident performed said actions within a Judicial district that Congress approved of.

### Basic Obligations of Public Service

**PLEASE TAKE FURTHER NOTICE:** Title 5 Code of Federal Regulations, 2635.101 et al, provides all of the following:

§ 2635.101 Basic obligation of public service.

(a) Public service is <u>a public trust</u>. <u>Each employee has a responsibility to the United States Government and its citizens to place loyalty to the Constitution, laws and ethical principles above private gain</u>. To ensure that every citizen can have complete confidence in the integrity of the Federal Government, each employee shall respect and adhere to

---

[3]Id. at 509-512 (1990). Wilder actually lists these factors in reverse order. However, since Blessing v. Freestone, 520 U.S. 329, 340-41 (1997), the factor which asks whether the statute benefits the plaintiff has generally been listed first. This is appropriate because it has become the main battleground for the use of § 1983 to enforce federal statutes. While some courts seem to think that Gonzaga has entirely displaced the Wilder/Blessing inquiry, Gonzaga cites the latter decisions without reservation.

[4]Middlesex County Sewerage Authority v. National Sea Clammers Association, 453 U.S. 1 (1981).

the principles of ethical conduct set forth in this section, as well as the implementing standards contained in this part and in supplemental agency regulations.

(b) General principles. The following general principles apply to every employee and may form the basis for the standards contained in this part. Where a situation is not covered by the standards set forth in this part, employees shall apply the principles set forth in this section in determining whether their conduct is proper.

(1) **Public service is _a public trust_**, requiring employees to place loyalty to the Constitution, the laws and ethical principles above private gain.

(2) Employees shall not hold financial interests that conflict with the conscientious performance of duty.

(3) Employees shall not engage in financial transactions using nonpublic Government information or allow the improper use of such information to further any private interest.

(4) (omitted.)

(5) **Employees shall put forth honest effort in the performance of their duties.**

(6) Employees shall not knowingly make unauthorized commitments or promises of any kind purporting to bind the Government.

(7) Employees shall not use public office for private gain.

(8) **Employees shall act impartially and not give preferential treatment to any private organization or individual.**

(9) and (10) (omitted.)

(11) Employees shall disclose waste, fraud, abuse, and corruption to appropriate authorities.

(12) **Employees shall satisfy in good faith their obligations as citizens**, including all just financial obligations, especially those - such as Federal, State, or local taxes - that are imposed by law.

(13) Employees shall adhere to all laws and regulations that provide equal opportunity for all Americans regardless of race, color, religion, sex, national origin, age, or handicap.

(14) Employees shall endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards set forth in this part. Whether particular circumstances create an appearance that the law or these standards have been violated shall be determined from the perspective of a reasonable person with knowledge of the relevant facts.

**PLEASE TAKE FURTHER NOTICE:** Mr. Widman, Park, Snyder, Ms. Kopp, Ms. Decker, including Magistrate Spaeth have failed to comply with 5 C.F.R. 2635.101 (a) *and* (b)(1) and (b)(5), (b)(8) and (b)(12) by your actions you've done so far. See above.

-16-

**Conclusive Cases Regarding Appellate Decisions**

An instrumentality of Government he might be and for the greatest ends, but the agent, because he is agent, does not cease to be answerable for his acts." "The principal is not liable for every negligent act of his agent." *Brady v. Roosevelt Steamship Co., 317 U.S. 575 (1943).*

According to *Cooper v. O'Connor,* 99 F.2d 135, 137, 138 (D.C. Cir. 1938), a banker was indicted, acquitted and then brought suit for malicious prosecution against the agents who caused his indictment. Regarding the rule that agents acting outside the scope of their authority are personally liable for their torts, the court stated:

There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof." See also *Estrada v. Hills,* 401 F. Supp. 429, 434 (N.D. Ill. 1975).

In the construction of the constitution, we must look to the history of the times, and examine the state of things existing when it was framed and adopted. 12 Wheat 354;6 Wheat 416; 4 Peters 431-2; to ascertain the old law, the mischief and the remedy. *State of Rhode Island v. The State of Massachusetts,* 37 U.S. 657 (1938)

Sovereign immunity does not shield individual United States officials in their individual, as opposed to their official capacities". *Williamson v. U.S. Department of Agriculture,* 815 F.2d. 369, *ACLU Foundation v. Barr,* 952 F.2d. 457, 293 U.S. App. DC 101, (CA DC 1991).

Personal involvement in deprivation of constitutional rights is prerequisite to award of damages, but defendant may be personally involved in constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violation." *Gallegos v. Haggerty,* N.D. of New York, 689 F. Supp. 93 (1988).

An instrumentality of Government he might be and for the greatest ends, but the agent, because he is agent, does not cease to be answerable for his acts." "The principal is not liable for every negligent act of his agent." *Brady v. Roosevelt Steamship Co.,* 317 U.S. 575 (1943).

Cooper v. O'Connor, 99 F.2d 135, 137, 138 (D.C. Cir. 1938), a banker was indicted, acquitted and then brought suit for malicious prosecution against the agents who caused his indictment. Regarding the rule that agents acting outside the scope of their authority are personally liable for their torts, the court stated:

There is also a general rule that if any officer- ministerial of otherwise- acts outside the scope of his jurisdiction and without authorization of law, he is liable in an action for damages for injuries suffered by a citizen as a result thereof." See also: *Estrada v. Hills, 401 F. Supp. 429, 434 (N.D. Ill. 1975).*

## Conclusions

Widman deprived me of constitutional rights, immunities, and privileges, while employed by the United States;

Widman is/was sued in his individual/personal capacity for constitutional deprivations, etc.

Widman is subject to suit for deprivations of rights, immunities, and privileges for said deprivations;

Widman has failed to comply with Civil Procedures for demurrers;

Widman has failed to comply with Local Rules for Demurrers and 12(b) motions;

Widman's motion is inadequate and fatally defective as he failed to identify any problems are, instead wrongfully recasts the suit as a FTCA claims, requiring exhaustion.;

Congress when it enacted the Civil Rights Act of 1871, never required exhaustion prior to filing 1983 suits;

Widman failed to supply any evidence which supports his motion.

We hereby invoke and must rely solely on Statutes at Large, The Civil Rights Act of 1871, Forty-Second Congress, Sess. I, Ch. 22, et seq., esp. noting sections 7 and 8 for these proceedings.

## Relief

Deny Widman's motion with prejudice;

Costs;

Attorney fees/like attorney fees;

Any supplemental relief according to the above.

-18-

1   Under penalty of perjury, this _30_ day of April, in the Year of Our Lord, A.D., two
2   thousand nineteen.

3

4                                           joaquin andres acosta.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Certificate of Service

I _Stan Wheeler_ hereby certify that I filed the paper called Joaquin Andres Acosta's Declaration and rebuttals in response Mr. Park and Mr. Widman's (fatally defective) Motion To Dismiss with the clerk of the court.

After filing, the clerk will give notice to the parties or their representatives via the Courts Notice of Electronic Filing system, at his/her leisure to:

richard.park@usdoj.gov purported representative/attorney for JOSEPH B. WIDMAN.

This _30_ day of April, in the Year of Our Lord, A.D., two thousand nineteen.

Signature of certifier.