1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN ANDRES ACOSTA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 5:18-00369 CJC (ADS)<br><br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable Cormac J. Carney, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

I.     **INTRODUCTION AND SUMMARY OF RECOMMENDATION**

Pro se Plaintiff Joaquin Andres Acosta ("Plaintiff" or "Acosta") was issued a misdemeanor citation as a result of fire suppression activities he undertook in August 2015. A court trial on the citation took place in January 2017 and Acosta was found not guilty of the charge brought against him. Plaintiff then filed this Complaint against numerous defendants, for alleged wrongdoing related to the citation and court trial.

Plaintiff asserts various tort law claims, claims under 42 U.S.C. § 1983 ("Section 1983") and a claim under the California Penal Code.

Six of the named defendants have now filed three separate motions to dismiss. The first of these motions, filed by defendants United States, United States Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp, is fully briefed, was argued before the Court at a December 12, 2018 hearing and is ready to be decided. [Docket ("Dkt.") No. 28]. A second almost identical motion to dismiss was filed by defendant Anwer Khan[1] on March 23, 2019, which also has been fully briefed and is ready to be decided as well.[2] [Dkt. Nos. 83, 85 and 86].

After reviewing and considering all papers filed in support of, and in opposition to, the two motions to dismiss filed by defendants United States, United States Forestry San Bernardino National Forest, Mark R. Snyder, Deveree Kopp and Anwer Khan, as well as the arguments advanced by the parties during the December 12, 2018 hearing, it is recommended that: (1) certain defendants be dismissed due to Plaintiff's failure to properly serve them with the Complaint as ordered by the Court; (2) all of Plaintiff's tort law claims be dismissed for lack of subject matter jurisdiction; and (3) Plaintiff's claims under the California Penal Code and Section 1983 be dismissed for failure to state a claim upon which relief can be granted. The Court previously ordered Plaintiff to file a

---

[1] In his Motion to Dismiss, defendant Khan noted: "Plaintiff's Complaint incorrectly spells Defendant's name as 'Anwar Kahn' instead of the proper spelling of 'Anwer Khan.'" [Dkt. No. 83, n. 1]. The Court will use the correct spelling of defendant Khan's name in this Report and Recommendation.

[2] Khan's motion to dismiss was set for hearing on May 1, 2019. As no new issues were raised in Khan's motion from the earlier filed, briefed and argued motion to dismiss, the Court found the matter appropriate for decision without a hearing and took the hearing off calendar.

First Amended Complaint to address these pleading issues but Plaintiff refused to do so and, instead, filed a notice of no-consent to the Court Order.[3]  Therefore, as to all claims for which this Court has jurisdiction, it is recommended that this case be dismissed without leave to amend.

## II.   FACTS AND PROCEDURAL HISTORY

### A.  Background

On August 23, 2015 around 12:30 p.m., a fire was reported in the Big Bear Lake area of San Bernardino, California, which became known as the Snow Summit fire. [Dkt. No. 1, Complaint, 4].  Shortly after identifying the fire, Plaintiff engaged in fire suppression activities with his bulldozer.  Id. at 5.  At approximately 3:00 p.m., Michael Dier ("Dier"), a United States Forest Service ("USFS") Fire Captain, came upon Plaintiff and immediately told him to cease his suppression activity.  Id.  Later that day, Plaintiff was given a citation by defendant Mark Snyder ("Snyder"), a USFS Law Enforcement Officer, arising from his fire suppression activities.  Id. at 6.  On January 27, 2017, a trial regarding Plaintiff's misdemeanor citation was held before United States Magistrate Judge Sheri Pym.  Id. at 10.  Former special Assistant United States Attorney, defendant Anwer Khan ("Khan"), served as the prosecutor at the trial.  Id. at 18.  Plaintiff was found not guilty of committing a misdemeanor.  Id.

### B.  Relevant Procedural History

Plaintiff filed this Complaint on February 21, 2018.  [Dkt. No. 1].  The Complaint is less than a model of clarity.  The exact causes of action and defendants named in the

---

[3] If a plaintiff fails to file an amended complaint, when specifically ordered to do so by court order, the case may properly be dismissed under Fed. R. Civ. P. 41(b). Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019).

Complaint are somewhat ambiguous.  It appears that Plaintiff seeks to sue a number of entities and individuals relating to the citation that was issued to him arising from his fire suppression activities in August 2015, as well as relating to the trial regarding the citation held in January 2017.  Defendants listed on the caption include: United States of America, United States Forestry San Bernardino National Forest, United States Attorney General, United States Deputy General Anwer Khan, Mark R. Snyder, Eileen M. Decker, Joseph B. Widman, Deveree Kopp and certain of their "domestic partner/spouse[s]."  Id.  Although also somewhat vague, it appears that Plaintiff asserts various claims of civil rights violations under Section 1983 (False Arrest, Deprivation of Right to Trial by Jury, Deprivation of Right to Speedy Trial, Malicious Prosecution and Commencement of a False Action), common law tort claims (Abuse of Process, Emotional Distress, and Slander/Defamation of Character) and a claim for violation of California Penal Code Section 118.1 (Peace Officers Filing False Reports).  Id. at 16-22.

On June 19, 2018, certain defendants, United States, United States Forestry San Bernardino National Forest, Mark R. Snyder, and Deveree Kopp (collectively, the "Moving Defendants"), filed the instant Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss").  [Dkt. No. 28].  On July 12, 2018, Plaintiff filed a Motion to Strike the Motion to Dismiss.  [Dkt. No. 40].  A hearing was held on November 14, 2018 on Plaintiff's Motion to Strike the Motion to Dismiss and his earlier filed Motion for Entry of Default and Motion for Order for Publication of Summons.  At the hearing, Plaintiff represented that his Motion to Strike the Motion to Dismiss was his opposition to the Motion to Dismiss.

On November 15, 2018, the Court issued a Minute Order denying Plaintiff's Motion for Entry of Default, Motion to Strike The Motion to Dismiss and Motion for

4

Order for Publication.  [Dkt. No. 57].  The Minute Order required Plaintiff file a clearly labeled "Opposition to Defendants' Motion to Dismiss" by no later than November 28, 2018.  Id. at 2.   On November 28, 2018, Plaintiff filed an Opposition to the Motion to Dismiss.  [Dkt. No. 59].  Moving Defendants filed a Reply on December 4, 2018 [Dkt. No. 60] and Plaintiff filed a sur-reply entitled "Supplemental Reply" to the Motion to Dismiss on December 11, 2018 [Dkt. No. 61].

On December 12, 2018, a hearing was held on the Moving Defendants' Motion to Dismiss.  At the hearing, the Court discussed with Plaintiff concerns about the lack of clarity in his Complaint. During the hearing, with his agreement, Plaintiff was ordered to file a First Amended Complaint by no later than January 18, 2019 and to properly serve all defendants by no later than January 25, 2019.  [Dkt. No. 62].  The resulting written Order was entered on the docket on December 12, 2018.[4]  [Dkt. No. 63].

Plaintiff did not file a First Amended Complaint.  Instead, on January 16, 2019, Plaintiff filed a document entitled "Courtesy Notice re 'No-Assent, Consent to, or Agreement' to 'Unsigned Document, Docket No. 63, purporting to be a Court Order' 'requiring plaintiff to file a first amended complaint by no later than January 18, 2019 and to serve all defendants by no later than January 25, 2019'", which states, "[w]e

---

[4] On December 12, 2018, the Court issued an "Order Requiring Plaintiff To File A First Amended Complaint By No Later Than January 18, 2019 And To Serve All Defendants By No Later Than January 25, 2019."  [Dkt. No. 63].  The Order stated that, "[d]uring the hearing, noting ambiguities in the Plaintiff's filings, the Court requested additional information from Plaintiff to clarify certain aspects of the Complaint. Specifically, the Court requested that Plaintiff clearly identify all defendants, the causes of action asserted against each defendant, the factual allegations relating to each individual defendant, and whether each defendant is sued in their individual and/or official capacities."  Id. at 1-2.

1   decline your offer to amend with prejudice." [Dkt. No. 67, p. 3.]

2        Plaintiff later filed an Affidavit of Service on Anwer Khan on January 25, 2019.

3   [Dkt. No. 73]. Defendant Khan filed a Motion to Dismiss on March 23, 2019, that for all

4   intent and purposes is identical to the one filed by the Moving Defendants on June 19,

5   2018. [Dkt. No. 83]. Plaintiff filed an Opposition to defendant Khan's Motion to

6   Dismiss on April 12, 2019⁵ [Dkt. No. 85], and Khan filed a Reply on April 17, 2019 [Dkt.

7   No. 86]. On April 24, 2019, Plaintiff filed a sur-reply entitled, "Declaration and

8   Rebuttals in Response, Non-Consent to Mr. Park and Mr. Khan's Reply and MTD."

9   [Dkt. No. 89].

10        Plaintiff also filed a Proof of Service on Joseph Widman on January 25, 2019.

11   [Dkt. No. 74]. Defendant Widman filed a Motion to Dismiss on April 22, 2019, that, like

12   the one filed by defendant Khan, is for all intent and purposes identical to the Moving

13   Defendants' Motion to Dismiss. [Dkt. No. 87]. Plaintiff filed an Opposition to

14   defendant Widman's Motion to Dismiss on May 3, 2019. [Dkt. No. 90].

15   **III.   SERVICE OF PROCESS**

16        After discussion with Plaintiff regarding the current status of service of process of

17   named defendants, the Court set the deadline for Plaintiff to serve all defendants against

18   whom he intends to proceed by no later than January 25, 2019. [Dkt. No. 63]. The

19   Court's Order of December 12, 2018, stated: "Plaintiff is warned that failure to effectuate

20   service and file an appropriate Proof of Service with respect to any defendant by the

21   _____

22        ⁵ Plaintiff argues that he was never served with a copy of defendant Khan's
Motion to Dismiss. [Dkt. No. 85]. In his Reply, defendant Khan states that Plaintiff was
23   properly served electronically, as "the CM/ECF system indicates that Mr. Acosta, is
registered to receive an automated Notice of Electronic Filing to his e-mail address
24   acostatrees@msn.com." [Dkt. No. 86, n.1].

6

1  required date will result in the dismissal of all claims against that defendant." Id.; see

2  Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is

3  filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the

4  action without prejudice against that defendant or order that service be made within a

5  specified time.")  Plaintiff has failed to serve a number of defendants by the Court

6  ordered deadline who must be dismissed from the case.

7        A. **Defendant Eileen M. Decker**

8        On May 9, 2018, Plaintiff filed a Proof of Service of the Summons and Complaint

9  upon defendant Eileen M. Decker[6] ("Decker") "as an individual defendant" by service

10 upon Genoveva Ortega/United States Attorney's Office Clerk by personal service in Los

11 Angeles on March 6, 2018 at 11:28 a.m. and by certified mail on April 12, 2018.  The

12 name and signature of the process server is Jesus Alvarez.  [Dkt. No. 21].

13       On June 28, 2018, Plaintiff re-filed the identical Proof of Service of the Summons

14 and Complaint for defendant Decker that he previously filed on May 9, 2018.  [Dkt. No.

15 35].  On July 25, 2018, the Moving Defendants filed an Opposition to Plaintiff's Motion

16 for Entry of Default wherein they argued, among other things that Plaintiff has failed to

17 meet the proper service requirements under Fed. R. Civ. P. 4(i), and thus Decker has not

18 been properly served:

19              Under Rule 4(i)(3), an officer of the United States sued in her individual
20              capacity must be served under Rule (e), (f), or (g).  Plaintiff has failed
                to comply with these service requirements.  The attached proof of
21              service only indicates that Ms. Decker was served through "Genovega
                Ortega/US Attorney's Office Clerk, Authorized to Accept Service of
22              Process." [ ]  Such a conclusory statement is not supported by any

23       _____
         [6] Eileen Decker is the former United States Attorney for the Central District of
24 California, serving from 2015 to 2017.  [Dkt. No. 44, Opposition to Plaintiff's Motion for
   Default, 1].

> indication that Ms. Ortega, in fact, accepted service of process for Ms.
> Decker. [ ]  Not only is Ms. Ortega <u>not</u> authorized to accept such service
> for Ms. Decker, as Ms. Decker is no longer an employee of the United
> States Attorney's Office, it is highly improbable that Ms. Ortega would
> do so, even if Ms. Decker was still an employee. [ ]

[Dkt. No. 44, Defendants' Opposition to Plaintiff's Motion for Default, 3-4 (citing to attached Declaration of AUSA, Richard Park; Counsel specifically stated that the United States Attorney's Office has not been authorized to represent Ms. Decker)].

At the November 14, 2018 hearing, the Court discussed with Plaintiff that because Decker is no longer employed by the United States Attorney's Office, and was not at the time of service, the filed Proof of Service did not reflect proper service of process on her as an individual.  Plaintiff indicated at the hearing that he was going to attempt to locate a current address for Decker so he could properly execute service.  At the December 12, 2018 hearing on the Motion to Dismiss, Plaintiff indicated that he was still attempting to locate Decker for proper service.

On January 16, 2019, Plaintiff again filed a Proof of Service of the Summons and Complaint upon Decker.  [Dkt. No. 68].  In this Proof of Service, all details -- including service methods, dates and times -- are the same as previously filed, except now, instead of reflecting that Decker is served as an "individual defendant", the Notice to Person Served section reflects service "on behalf of United States Attorney General."  Despite the dates and time of service being identical to the earlier Proofs of Service, the name and signature of the process server now reflects a different process server, Gonzalo Ponce.  [Dkt. No. 68].

Notwithstanding the dubious nature of Plaintiff's latest Proof of Service, it remains deficient for the same reason as before.  Plaintiff's Complaint specifically states that he is suing Decker "in her individual capacity." [Dkt. No. 1, 3].  As Decker was no

longer employed by the United States Attorney's Office when service was made, Decker has not been properly served.  See Fed. R. Civ. P. 4(i)(1) and (2).

Plaintiff has been given numerous opportunities to properly serve Decker.  The January 25, 2019 service deadline has passed.  Plaintiff has not established proper service on Decker.  It is therefore recommended that Decker be dismissed from the case entirely, without prejudice.[7]

### B. Michael Dier

The caption of Plaintiff's Complaint lists only eight defendants, but the body of the Complaint contains claims and allegations against others.  Page three of the Complaint, for example, lists the defendants and includes Michael Dier.  Michael Dier is also discussed in the body of the Complaint as the individual who discovered Plaintiff engaging in fire suppression activities on August 23, 2015 and told him to cease his activities.  [Dkt. No. 1, 5].  At the November 14, 2018 hearing, a lengthy discussion was held in an attempt to identify each named defendant and where service stood as to that defendant.  Only the eight defendants listed in the caption of the Complaint were identified by Plaintiff at the hearing.  Dier was not identified by Plaintiff.

Despite this inclusion of Dier in the body of the Complaint, the record reflects Plaintiff never made any attempts to have a summons issued for Dier and never filed a Proof of Service on Dier.  The January 25, 2019 service deadline has now passed.  It is

---

[7] Federal Rule of Civil Procedure 41(b) grants district courts the authority to dismiss actions for failure to prosecute or to comply with court orders.  See Link v. Wabash R.R., 370 U.S. 626, 629 (1962) ("The power to invoke this sanction [sua sponte] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."); Much v. Langston, 2018 WL 5905827  * 3 (C.D. Cal. October 23, 2018).

therefore recommended that Dier be dismissed from the case entirely for lack of service of process by the Court ordered deadline, without prejudice.

### C.  <u>United States Magistrate Judge Sheri Pym</u>

Plaintiff did not identify United States Magistrate Judge Sheri Pym as a defendant at the November 14, 2018 hearing.  Judge Pym is not listed in the caption of the Complaint or named as a defendant on page three with a listing of all the parties.  However, Judge Pym is discussed within the body of the Complaint, and certain of the stated causes of action are asserted specifically against her (namely, Deprivation of Right to Trial by Jury, Deprivation of Right to Speedy Trial and Abuse of Process).  [Dkt. No. 1, 17-19].  Judge Pym presided over Plaintiff's trial regarding the misdemeanor citation he was issued pertaining to his fire suppression activity on August 23, 2015.  Once again, however, Plaintiff has made no attempts to have a summons issued for Judge Pym and no Proof of Service on Judge Pym is reflected on the Court docket.

The January 25, 2019 service deadline has now passed.  Plaintiff has made no effort to serve Judge Pym.  Moreover, judges are absolutely immune from individual capacity claims when those claims arise from judicial acts undertaken in their judicial capacities within the jurisdiction of their courts.  <u>See</u> <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (en banc) (citing <u>Richardson v. Koshiba</u>, 693 F.2d 911, 913 (9th Cir. 1982)); <u>see also</u> <u>Tanner v. Heise</u>, 879 F.2d 572, 576-78 (9th Cir. 1989) (applying judicial immunity to a federal magistrate judge).  An act is considered "judicial" when it is a "function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity."  <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978).

It is therefore recommended that Judge Pym be dismissed from the case in its entirety, without prejudice.

10

### D. Unnamed Domestic Partners/Spouses/Betrothed

Plaintiff names as defendants the "domestic partner/spouse" and "assumed/presumed or actual betrothed and/or domestic partner" of the individually named defendants.  However, Plaintiff has never filed a Proof of Service evidencing service of process on any of the individual defendant's domestic partners/spouses or betrotheds.  It is recommended that all such individuals be dismissed from this case because the January 25, 2019 service deadline has passed.

### E. Defendant United States Attorney General

At the November 14, 2018 hearing, Plaintiff stated on the record that he is suing the United States Attorney General ("Attorney General") in his official capacity only. With this clarification, the Court ruled that, pursuant to Fed. R. Civ. P. 4(i)(2), Plaintiff had properly served the Attorney General.  Defendants' counsel stated no objection to this ruling.  An Amended Minute Order, dated November 14, 2018, states that a responsive pleading by the Attorney General is due by December 14, 2018.  [Dkt. No. 56].  Counsel for the Moving Defendants stated at the hearing that he would be representing the Attorney General and that he had no objection to the due date.  At the December 12, 2018 hearing on the Moving Defendants' Motion to Dismiss, counsel stated that he "anticipated filing a similar motion to dismiss for the Attorney General which the Court has asked for by Friday [December 14]."  [Dkt. No. 79, December 12, 2018 hearing transcript, at 5: 11-13].

To date, no responsive pleading or answer has been filed by the Attorney General. Despite defendant Attorney General's failure to answer or appear in the case, Plaintiff fails to state a claim against the Attorney General, as is discussed in detail below.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## IV.    **MOTIONS TO DISMISS**

### A.  **Summary of Parties' Arguments**

Moving Defendants' Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  [Dkt. No. 28].  The Moving Defendants argue that Rule 12(b)(1) authorizes dismissal of all of Plaintiff's asserted common law tort causes of action for lack of subject matter jurisdiction because Plaintiff named improper parties and failed to exhaust his administrative remedies as required for claims under the Federal Tort Claims Act.  Moving Defendants further contend that Rule 12(b)(6) authorizes dismissal of Plaintiff's cause of action pursuant to California Penal Code Section 118.1, because the statute does not contain a private right of action.  They also argue all of Plaintiff's Section 1983 causes of action against the federal defendants should be dismissed for failure to state a claim upon which relief can be granted because that statute is not applicable to federal officials.

Plaintiff opposes the Moving Defendants' Motion to Dismiss, in relevant part,[8] on the basis that he was not served with notice of the motion in accordance with the

---

[8] Plaintiff asserts various statements and allegations in his Opposition that do not appear to address the issues raised in the Motion to Dismiss and, therefore, are not going to be addressed by the Court.  For example, the Opposition objects to minute orders as having "no force or affect to any man/woman", and to orders of the Court that are not "signed and sealed".  The Opposition states, "Respondents breached the 'quid pro quo contracts' they had with Claimant.  These 'quid pro quo contracts' i.e., are the Oaths of Office each of the federal employees had with Claimant to protect me and my property.  Each of the Respondents failed to protect me and my property commencing August 2015 through the end of the Trial, which was January 2017."  Plaintiff did not assert a breach of contract claim in the at-issue complaint nor was it raised in the Motion to Dismiss.  To the extent an argument is raised in the briefs of the parties, but not addressed here, it has been deemed immaterial to the resolution of the issues before the Court.

California Code of Civil Procedure, California Rules of Court, and California Practice Guide.[9]  [Dkt. No. 59].  Plaintiff objects that the Moving Defendants failed to sufficiently meet and confer with him prior to filing the Motion to Dismiss.[10]  Plaintiff asserts this Court has jurisdiction pursuant to 28 U.S.C. § 1343.  Plaintiff asserts that Section 1983 claims do not require exhaustion of administrative remedies under the Federal Torts Claim Act ("FTCA").  Plaintiff argues the United States is a "person" for the purposes of Section 1983, and therefore its employees are subject to liability under Section 1983.

Defendant Khan's Motion to Dismiss is brought on the identical bases as the Moving Defendants' Motion to Dismiss.  [Dkt. No. 83].  Plaintiff's Opposition [Dkt. No. 85] to defendant Khan's Motion to Dismiss, asserts all of the same arguments, though augmented, including the procedural arguments related to notice and the meet and confer requirement.  Finally, Plaintiff clarifies that he does not assert any tort claims under the Federal Tort Claims Act in his Complaint.

## B. __Standard of Review__

### 1. Rule 12(b)(1) Motion to Dismiss

Although defendant is the moving party on a Rule 12(b)(1) motion, plaintiff, the party invoking the court's jurisdiction, bears the burden of establishing subject matter

---

[9] As set forth in detail below, the Court finds notice of both Motions to Dismiss proper and sufficient.

[10] The meet and confer requirement, stated in Local Rule 7-3 of the Central District of California, is intended to reduce the need for motion practice.  As required, counsel for Khan and the Moving Defendants included a statement in the notice of motions, that he had communicated with Plaintiff regarding the contents of the motions and the dates on which he did so.  Plaintiff admits being contacted by counsel regarding each of the motions, prior to their filing.  As such, and in light of Plaintiff's refusal to file an amended complaint to address the issues raised in the Motions to Dismiss, the Court finds no impropriety in Defendants' meet and confer efforts.

1   jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78

2   (1994) (noting that it is to be presumed that a cause lies outside limited federal court

3   jurisdiction and the burden of establishing jurisdiction rests upon the party asserting

4   jurisdiction); In re Wilshire Courtyard, 729 F.3d 1279, 1284 (9th Cir. 2013) ("The

5   burden of establishing subject matter jurisdiction rests on the party asserting that the

6   court has jurisdiction.")  There are two different ways to challenge subject matter

7   jurisdiction with a Rule 12(b)(1) motion: a "facial" attack of jurisdiction solely on the

8   basis of the allegations in the complaint; and a "factual" attack of jurisdiction where the

9   court is permitted to look beyond the complaint to extrinsic evidence.  Courthouse News

10  Service v. Planet, 750 F.3d 776, 780 & n. 3 (9th Cir. 2014).  A Rule 12(b)(1) motion

11  should only be granted, if it appears certain that plaintiff cannot prove any set of facts in

12  support of his or her claim entitling plaintiff to relief.  In re FEMA Trailer Formaldehyde

13  Products Liab. Litig. (Mississippi Plaintiffs), 668 F.3d 281, 287 (5th Cir. 2012).

14       Here, the Moving Defendants assert a factual challenge and have filed a

15  supporting declaration.  When a defendant makes a factual challenge "by presenting

16  affidavits or other evidence properly before the court, the party opposing the motion

17  must furnish affidavits or other evidence necessary to satisfy its burden of establishing

18  subject matter jurisdiction."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

19  With a factual Rule 12(b)(1) attack, a court may need not presume the truthfulness of

20  the plaintiff's allegations in his complaint.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir.

21  2000);  see also Commodity Trend Service, Inc. v. Commodity Futures Trading

22  Comm'n, 149 F.3d 679, 685 (7th Cir. 1998) ("The presumption of correctness that we

23  accord to a complaint's allegations falls away on the jurisdictional issue once a

24  defendant proffers evidence that calls the court's jurisdiction into question.");

1  Courthouse News Service v. Planet, 750 F.3d 776, 780 (9th Cir. 2014).

2         2.  Rule 12(b)(6) Motion to Dismiss

3         Rule 12(b)(6) allows a motion to dismiss a complaint for plaintiff's failure to state

4  a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The legal sufficiency

5  of a plaintiff's asserted claim or claims in his complaint is tested with a Rule 12(b)(6)

6  motion.  Strom v. United States, 641 F.3d 1051, 1067 (9th Cir. 2011).  Dismissal is proper

7  under Rule 12(b)(6) when the complaint either fails to allege a "cognizable legal theory"

8  or fails to allege sufficient facts "to support a cognizable legal theory."  Caltex Plastics,

9  Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016); Balisteri v. Pacifica

10 Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

11        To overcome a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough

12 facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.

13 Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is a screening

14 mechanism designed to weed out cases that do not warrant either discovery or trial."  Id.

15 at 558-59.  "A claim has facial plausibility when the plaintiff pleads factual content that

16 allows the court to draw the reasonable inference that the defendant is liable for the

17 misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

18        When reviewing a Rule 12(b)(6) motion, the court must "construe the complaint

19 in the light most favorable to the plaintiff, taking all her allegations as true and drawing

20 all reasonable inferences from the complaint in her favor."  Doe v. United States, 419

21 F.3d 1058, 1062 (9th Cir. 2005).  Courts, however, "are not bound to accept as true a

22 legal conclusion couched as a factual allegation."  Bell Atlantic Corp. v. Twombly, 550

23 U.S. at 555; Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994) ("court is

24 not required to accept legal conclusions cast in the form of factual allegations that

cannot reasonably be drawn from the facts alleged").

## C. <u>Lack of Subject Matter Jurisdiction Over Plaintiff's Tort Claims</u>

The Complaint appears to assert a number of common law tort claims.  Plaintiff appears to assert at least three common law tort claims in his Complaint that make no reference to Section 1983.[11]  They are as follows: (A) "5th Cause of Action – <u>Abuse of Process</u>" against "Sheri Pym, United States and USAG"; (B) "7th Cause of Action – <u>Emotional Distress</u>" against "United States, San Bernardino National Forest, United States Attorney General, Deputy Attorney General Anwar Kahn, Mark R. Snyder, Eileen M. Decker, Joseph B. Widman, Deveree Kopp"; and (C) "9th Cause of Action – <u>Slander/defamation of Character</u>" against "United States, United States Attny Gen'l, Deputy A.G. Anwar Kahn."  [Dkt. 1, Complaint, 18-22].

Federal employees are not personally liable for torts committed while acting within the scope of their employment.  28 U.S.C. § 2679(b)(1).  The real party in interest is the United States Government under the FTCA and the exclusive remedy for these torts is an action against the United States.[12]  <u>Id.</u>; <u>Billings v. United States</u>, 57 F.3d 797, 799 (9th Cir. 1995) (the purpose of the law substituting the United States for a federal

---

[11] The Complaint contains additional potential common law tort causes of action, such as for false arrest and malicious prosecution, however, they also include a reference to Section 1983.  Plaintiff has repeatedly stated that he only asserts Section 1983 claims, that there are no Federal Tort Claim causes of action and that the FTCA exhaustion of administrative remedies requirement does not apply to his claims.  [Dkt. No. 85, 5; Dkt. No. 89, 4, 5, and 8].  In addition, Plaintiff has refused to file an amended complaint to clarify for the Court and the parties whether he seeks to assert these claims as common law torts or under Section 1983.  To the extent Plaintiff intends to assert claims as common law torts, they fail for lack of subject matter jurisdiction.

[12] Federal courts have exclusive jurisdiction over claims against the United States for torts committed by governmental employees in the course and scope of their employment.  28 U.S.C. § 1346(b).

employee with regard to a torts claim was "to remove the potential personal liability of Federal employees for common law torts committed within the scope of their employment, and . . . instead provide that the exclusive remedy for such torts is through an action against the United States under the Federal Tort Claims Act.") (citation omitted).  The FTCA is also the exclusive remedy for tort actions against a Federal agency.  28 U.S.C. § 2679(a).  The United States is therefore the only proper defendant to an FTCA claim.  Thus, to the extent the claims asserted here are state law tort claims, the only proper defendant is the United States and not the individual government agencies or federal employee individual defendants named in the Complaint.

However, Plaintiff has not provided any evidence that he has exhausted his administrative remedies.  Pursuant to 28 U.S.C. § 2675(a), prior to filing a tort suit against the United States, the FTCA requires the exhaustion of administrative remedies. 28 U.S.C. § 2675(a) ("claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail"); McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  A claimant is required (1) to present the claim to the appropriate Federal agency; and (2) the Federal agency must have finally denied the claim in writing and sent by certified or registered mail so as to make a final disposition of the claim or failed to make such a final disposition within six months after being filed by the claimant. 28 U.S.C. § 2675(a); see Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992) ("We have repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'") (citing Burns v. United States, 764 F.2d 722, 724 (9th Cir. 1985)).

Plaintiff makes no reference in his Complaint to exhausting his administrative remedies.  In support of their Motion to Dismiss, the Moving Defendants submit a Declaration of Steven M. Casey, a Supervisory Legal Administrative Specialist of the United States Forest Service Claims Branch.  [Dkt. No. 29].  Mr. Casey declared that "neither the [Forest Service's] . . . database nor the [Forest Service's] administrative claim files reflect the receipt of an administrative tort claim form from Joaquin Acosta." Id. at 3:22-24.  In response to the evidence, at the December 12, 2018 hearing, when asked by the Court whether he had previously filed any such administrative claim, Plaintiff admitted that he had not made any efforts to do so.  [Dkt. No. 79, December 12, 2018 hearing transcript, at 17:18-18:9].  Similarly, neither of Plaintiff's Oppositions nor his Supplemental Reply state that Plaintiff exhausted his administrative remedies and no such evidence been provided by Plaintiff.  [Dkt. Nos., 59 and 61].  Instead, Plaintiff repeatedly argues that his claims are not subject to the FTCA's administrative exhaustion requirement. [Dkt. Nos. 59, 61 and 85].

Plaintiff makes no distinction between his common law tort claims and his Section 1983 claims in his Oppositions or Supplemental Reply.  Plaintiff contends that "the AUSA has totally misapprehended and misrepresented that §1983 Claims must first have exhausted administrative remedies under the FTCA" as "Congress never intended that those making § 1983 claims must first exhaust FTCA remedies before filing."  [Dkt. No. 59, Opposition to MTD, 10-11].  The authority Plaintiff cites in support of his argument are cases holding that exhaustion of *state* remedies is not required under Section 1983.[13]  [Id. at 16; and Dkt. No. 61, Supplemental Reply, 3].  In his Opposition to

---

[13] These cases are without relevance to whether exhaustion of remedies is

18

Khan's Motion to Dismiss, Plaintiff also claims that he is not asserting any FTCA claims. [Dkt. No. 85].

The United States Forestry Service and the Federal employee defendants are not proper defendants under the FTCA.  As to tort claims against the United States, Plaintiff has not pled administrative exhaustion.  Plaintiff has not provided any evidence to establish that he has exhausted his administrative remedies.  Plaintiff admits that he has not made any effort to exhaust his administrative remedies.  Plaintiff has made no statement that gives the Court a basis to believe that he can plead administrative exhaustion including the fact that Plaintiff has refused to amend his Complaint despite the issue being raised by the Court specifically during the hearing.  As such, the Court finds that Plaintiff has not and cannot meet his burden of establishing that this Court has subject matter jurisdiction over any FTCA claim he may have against the United States.  It is therefore recommended that all of the common law tort claims, abuse of process, emotional distress, and slander/defamation of character, to the extent Plaintiff is asserting any, be dismissed against the United States Forestry Service, the Attorney General and the Federal employee defendants Khan, Snyder, Decker, Widman, Kopp and Pym, as improper defendants and against the United States for lack of subject matter jurisdiction under Rule 12(b)(1).

**D. <u>California Penal Code Section 118.1 Claim</u>**

Plaintiff's sixth cause of action asserts a claim pursuant to California Penal Code Section 118.1, which makes it a crime in California for a peace officer to deliberately put

---

required to assert state law tort claims against the United States under the FTCA.

false information into a report on a criminal matter.  This claim is asserted against defendants Snyder, Khan, and the Attorney General.  The claim relates to the issuance of the misdemeanor citation to Plaintiff and the resulting trial of the citation.  [Dkt. No. 1, 19-20].

Moving Defendants argue there is no private right of action to prosecute an alleged violation of Section 118.1.  Plaintiff has not pled a statutory basis for finding a private right of action exists for Penal Code Section 118.1.  Plaintiff asserts no arguments in opposition to the Motion to Dismiss on this point.  As such, Plaintiff has failed to state a claim upon which relief can be granted.  See Hillblom v. County of Fresno, 539 F. Supp. 2d 1192, 1212 (E.D. Cal. 2008) (dismissing claims under Penal Code Section 118.1 for plaintiffs' failure to demonstrate a private right of action).

Accordingly, it is recommended that Plaintiff's sixth cause of action under California Penal Code Section 118.1 be dismissed against defendants Snyder, Khan, and the Attorney General.

### E.  Plaintiff's 42 U.S.C. § 1983 Claims

Plaintiff asserts five Section 1983 claims in his Complaint.  They are as follows: (A) "1st Cause of Action – False Arrest" against "Mark R. Snyder, United States, USAG; (B) "2nd Cause of Action – Deprivation of Right to Trial by Jury" against "Sheri Pym, United States"; (C) "3rd Cause of Action – Deprivation of Right to Speedy Trial" against "Sheri Pym, United States"; (D) "4th Cause of Action – Malicious Prosecution" against "U.S. Attorney General, Assistant U.S. Attorney Anwar Kahn and the United States of America"; and (E) "Eight Cause of Action – Commencement of a false action" against "United States, San Bernardino National Forest, United States Attorney General, Deputy Attorney General Anwar Kahn, Mark R. Snyder, Eileen M. Decker, Joseph B. Widman,

Deveree Kopp."  [Dkt. 1, Complaint, 16-22].

A Section 1983 claim cannot be brought against the United States, its agencies, or a federal employee.  See District of Columbia v. Carter, 409 U.S. 418, 424-425 (1973). "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit."  United States v. Dalm, 494 U.S. 596, 608 (1990) (citations and internal quotation marks omitted); Hercules. Inc. v. United States, 516 U.S. 417, 422 (1996).  In other words, "the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983).  In particular, the United States has not waived its sovereign immunity for suits brought under the civil rights statutes, and such claims are barred by sovereign immunity.  Martinez v. United States, 812 F. Supp. 2d 1052, 1058 (C.D. Cal. 2010) (citing Davis v. United States Dep't of Justice, 204 F.3d 723, 726 (7thCir. 2000); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999)). Thus, this Court has no jurisdiction to entertain Plaintiff's Section 1983 claims against the United States and/or the United States Forestry San Bernardino National Forest.

Plaintiff also cannot maintain a Section 1983 claim against the individual named defendants because they are all federal employees.  To state a claim for liability under 42 U.S.C. § 1983, a "plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law."  Tsao v. Desert Place, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012) (citing Chudacoff v. Univ. Med. Ctr of S. Nev., 649 F.3d 1143, 114 (9th Cir. 2011)).  Section 1983 "provides no cause of action against federal agents acting under color of federal law."  Billings v. U.S., 57 F.3d at 801; Daly-Murphy v. Winston,

837 F.2d 348, 355 (9th Cir. 1988) ("There is no valid basis for a claim under section 1983, in that [plaintiff's] allegations are against federal officials acting under color of federal law.  Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia.) (citation omitted));<u>Gibson v. United States</u>, 781 F.2d 1334, 1343 (9th Cir. 1986) ("Federal officers acting under federal authority are immune from suit under section 1983 unless the state or its agents significantly participated in the challenged activity).

Here, Plaintiff asserted each of the five above listed causes of action as being brought under Section 1983.  However, all of the defendants in the Complaint are federal actors.  Plaintiff appears to allege that each of the defendants was acting under color of federal law with regard to the asserted allegations.  The gravamen of Plaintiff's Complaint is alleged constitutional violations by federal employees during the prosecution of Plaintiff for federal criminal offenses.  As Plaintiff makes no allegations that any defendants were acting under color of state law or were state actors, Plaintiff fails to state a claim under Section 1983.

The proper vehicle through which a plaintiff may vindicate violations of his constitutional rights committed by federal officials acting under color of *federal law* is an action under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971); see <u>Daly-Murphy</u>, 837 F.2d at 355 (holding that when a plaintiff's allegations are against federal officials acting under color of federal law, the "only possible action is an action under the authority of <u>Bivens</u>").  However, Plaintiff has refused to amend his Complaint to clarify that he wishes to pursue his civil rights claims as <u>Bivens</u> claims,

1  rather than Section 1983 claims. [14]

2  In fact, to the contrary, just recently in Plaintiff's sur-reply to Khan's Motion to

3  Dismiss, filed on April 24, 2019, he argues, without any legal support, "§ 1983 claims do

4  not require a Bivens action..."  Plaintiff goes on to argue that Congress waived its

5  sovereign immunity when it enacted 42 U.S.C. § 1983, that the federal government is a

6  "state" under Section 1983, and that because no Circuit Court has addressed the issue of

7  "state", "this Court must finally determine that the term 'state' also means federal

8  actors/employees..." [Dkt. No. 89, 5-7].  As such, Plaintiff is clear that his Complaint

9  intends to state Section 1983 claims and not <u>Bivens</u> claims.  Plaintiff is the master of his

10  claims and has every right to prosecute those claims he sees fit to pursue.

11  However, even if the Court were to treat the Section 1983 claims as <u>Bivens</u> claims,

12  they still fail state a claim.  See <u>Starr v. Baca</u>, 652 F.3d 1202, 1206 (9th Cir. 2011) ("[A]

13  <u>Bivens</u> action is the federal analog to an action against state or local officials under §

14  1983"); <u>Slice v. Lappin</u>, 2010 WL 965518, at *1 (N.D. Cal. March 17, 2010) (as civil rights

15  actions under Section 1983 and <u>Bivens</u> are virtually identical "[w]hen reviewing a <u>Bivens</u>

16  action for which there is no case on point, therefore, § 1983 cases are applied by

17  analogy") (citing <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978)).  The Court addresses

18  only three of the five claims detailed above – those which are not stated solely against

19  Judge Pym who has not been served, and as discussed in detail above, should be

---

21  [14] Indeed, at the December 12, 2018 hearing, the Court explained the distinction

22  between a <u>Bivens</u> claim and a Section 1983 claim to Plaintiff and asked Plaintiff which
he was intending to assert in his Complaint.  Plaintiff stated that he was unable to

23  address this issue at the hearing but agreed that he would clarify in a First Amended
Complaint, to be filed by January 25, 2019.  Plaintiff, however, refused to file a First

24  Amended Complaint and thus the Court is left to determine as best as possible Plaintiff's
intended claims.

1  dismissed from the case.

2        1.  <u>A Bivens Claim Must Allege a Defendant's Personal Involvement and Can Only Be Brought Against a Federal Defendant in His Individual Capacity</u>

3

4        Plaintiff's civil rights claims against the United States may not be construed as a

5  <u>Bivens</u> claim since "<u>Bivens</u> does not provide a means of cutting through the sovereign

6  immunity of the United States itself."  <u>Arnsberg v. United States</u>, 757 F.2d 971, 980 (9th

7  Cir. 1985), cert. denied, 475 U.S. 1010 (1986); <u>Cato v. United States</u>, 70 F.3d 1103, 1110

8  (9th Cir. 1995).  A <u>Bivens</u> action will not lie against a defendant in his or her official

9  capacity, a federal agency, or the United States.  <u>FDIC v. Meyer</u>, 510 U.S. 471, 484

10  (1994); <u>Thomas-Lazear v. FBI</u>, 851 F.2d 1202, 1207 (9th Cir. 1998); <u>Daly-Murphy</u>, 837

11  F.2d at 355.  Accordingly, all of Plaintiff's civil rights claims against the United States,

12  the United States Forestry San Bernardino National Forest and the Attorney General[15]

13  should therefore be dismissed.[16]

14        2.  <u>Plaintiff Fails to State a Claim for False Arrest</u>

15        The only individual defendant sued in his individual capacity with regard to

16  Plaintiff's claim for false arrest under Section 1983 is defendant Snyder.  The Complaint

17  states, in relevant part, as follows:

18          Snyder made a false arrest without probable cause.  Snyder then
       without authority issued a warrant for me to appear.  Snyder as an
19          executive officer of the United States may not execute judicial
       department functions, which are issuing warrants, subpoenas.  This
20          violates Article III of the federal constitution.  Said issuance of the

21

22        [15] As noted above, as the November 14, 2018 hearing, Plaintiff stated on the record that he is suing the Attorney General in his official capacity only.

23        [16] Plaintiff's civil rights claims purportedly brought against Judge Pym should also be dismissed on the basis of judicial immunity.

24

1
2

warrant/subpoena was wrong and false from the beginning. [Dkt. 1, 16:20-25].

3
4
5
6
7
8
9
10
11
12
13
14
15
16

The Court applies California law to Plaintiff's false arrest claim. <u>See</u> <u>Tekle v. United States</u>, 511 F.3d 839, 853 (9th Cir. 2007) (citing to numerous federal cases applying the law of the state in which the alleged tort occurred in assessing federal liability); <u>Galvin v. Hay</u>, 374 F.3d 739, 758 (9th Cir. 2004) (applying California law to an FTCA claim for false arrest by federal law enforcement officers). The elements of a claim for false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." <u>Young v. County of Los Angeles</u>, 655 F.3d 1156, 1169 (9th Cir. 2011); <u>Shoyoye v. County of Los Angeles</u>, 203 Cal. App .4th 947, 962 (2012). False arrest is not a different tort; it is merely "one way of committing a false imprisonment." <u>Collins v. City & Cnty. Of San Francisco</u>, 50 Cal. App. 3d 671, 673 (1975); <u>Martin v. City of San Diego</u>, 650 F. Supp. 2d 1094, 1105 (S.D. Cal. 2009) ("The tort of false imprisonment and false arrest are considered one in the same, because false arrest is but one way of committing a false imprisonment.").

17
18
19
20
21
22
23
24

Here, Plaintiff makes no allegation in his Complaint of a non-consensual confinement lasting for any length of time, however brief. Plaintiff contends that when Michael Dier arrived upon the scene where Plaintiff was engaged in fire suppression activity, he "immediately told [Plaintiff]to quit [his] . . . activity" and that Plaintiff "accepted his offer to cease after seeing that fire crews and equipment started to arrive and prepare to fight the anticipated fire . . ." [Dkt. 1, Complaint, 5, ¶ 4.10] Plaintiff states that "Dire [sic] instructed me to go home." <u>Id</u>. at ¶ 4.12. The Complaint further alleges that "Mark R. Snyder wrote the UNITED STATES DISTRICT COURT

1   VIOLATION NOTICE no FAEYOOOQ at 18:34. It took Snyder a couple of hours before

2   he gave me the violation notice." <u>Id.</u> at ¶ 4.13. No further factual allegations are

3   asserted with regard to the issuance of the citation to Plaintiff. The only other allegation

4   in the Complaint with regard to the false arrest claim reads as follows:

5          I suffered deprivation of liberty because i [sic] was not free to cease from
           going to court on the criminal case, and the citation was a means of
6          posting a bail which in this matter on person recognizance on the
           condition of reporting continually to the court, through the day of trial,
7          and the penalty for failure to show, would inititate [sic] an arrest
           warrant be issued for failure to appear and a failure to appear criminal
8          charge would commence.[cf] Estate of Smith v. Marasco, 318 F.3d 497,
           521 (3rd Cir. 2003); Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).
9

10  <u>Id.</u> at ¶ 4.48]. This paragraph, however, also does not allege an actual confinement of

11  Plaintiff by defendant Snyder.

12         There are simply no facts set forth in the Complaint establishing of any sort of

13  actual confinement and nor has Plaintiff provided any basis for believing he can make

14  such an allegation. See <u>Broam v. Bogan</u>, 320 F.3d 1023, 1026 (9th Cir. 2003) (stating

15  that a court may not look beyond the complaint and consider new facts alleged in a

16  plaintiff's opposition to a defendant's motion to dismiss); <u>Buckey v. County of Los</u>

17  <u>Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992) (noting that in evaluating a motion to dismiss

18  under Fed. R. Civ. P. 12(b)(6), review is limited to the contents of the complaint);

19  <u>Monzon v. Southern Wine & Spirits of California</u>, 834 F. Supp. 2d 934, 940-41 (N.D.

20  Cal. 2011) .

21         As Plaintiff does not allege a <u>Bivens</u> claim for false arrest, it is recommended that

22  his first cause of action for false arrest be dismissed for failure to state a claim under

23  Fed. R. Civ. P. 12(b)(6).

24

3.  <u>Plaintiff Fails to State a Claim for Malicious Prosecution</u>

The only individual defendant sued in his individual capacity with regard to Plaintiff's claim for malicious prosecution under Section 1983 is defendant Khan.  Khan was the Assistant United States Attorney who served as the prosecutor in the misdemeanor criminal bench trial against Plaintiff.  All of the allegations made against Khan in Plaintiff's Complaint relate to his prosecution of the citation against Plaintiff.  Specifically, the malicious prosecution cause of action states as follows:

> 42 U.S.C. 1983 – Malicious Prosecution by the U.S. Attorney General, Assistant U.S. Attorney Anwar Kahn, and the United States of America, commenced August 23, 2015 ending at Trial on January 27, 2017, decision of **acquittal**.  Despite Defendants complete knowledge of 36 U.S.C. 261, et seq. including 36 U.S.C. 261.1(d), they ignored [the §261.1(d)] law, thereby continuing to prosecute from the time I presented said defense at arraignment, but was ignored, thus commencing Malicious Prosecution.

[Dkt. 21, Complaint, 18].

Plaintiff here does not allege a constitutional violation with regard to his malicious prosecution cause of action and therefore does not allege a <u>Bivens</u> claim.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (a plaintiff must assert that a right secured by the Constitution or laws of the United States was violated to state a <u>Bivens</u> claim).  Indeed, Plaintiff makes absolutely no reference or allegation of a constitutional right or law of the United States that was violated by the prosecution against him of the issued citation.

In addition, prosecutors have absolute immunity from suit for any and all conduct that is "intimately associated with the judicial phase of the criminal process." <u>Van de Kamp v. Goldstein</u>, 555 U.S. 335, 343 (2009); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427 (1976) (Prosecutors are entitled to absolute immunity from § 1983 claims). Prosecutors also have absolute immunity for any actions taken in their role as advocates.

1    <u>Rehberg v. Paulk</u>, 566 U.S. 356, 363 (2012) (noting that prosecutors have absolute

2    immunity from liability for damages under § 1983); <u>see also</u> <u>Reichle v. Howards</u>, 566

3    U.S. 658, 668 (2012) ("[P]rosecutors enjoy absolute immunity for their decisions to

4    prosecute.").  Absolute immunity also extends to a prosecutor's pre-litigation acts

5    pertaining to the defendant's prosecution.  <u>See</u> <u>Burns v. Reed</u>, 500 U.S. 478 (1991).  The

6    immunity also reaches to prosecutorial acts that involve malice, bad faith, or conspiracy,

7    and any alleged failure or refusal to adequately investigate the accusations against a

8    defendant before filing charges because intent plays no role in the immunity inquiry.

9    <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Ashelman v. Pope</u>, 793 F.2d 1072,

10   1075 (9th Cir. 1986); <u>Broam v. Bogan</u>, 320 F.3d at 1029.

11         Here, all of the alleged acts of prosecutorial misconduct fall within the

12   protections of the doctrine of prosecutorial absolute immunity.  <u>See</u> <u>Hartman v. Moore</u>,

13   547 U.S. 250, 261-62 (2006) ("A <i>Bivens</i> . . . action for retaliatory prosecution will not be

14   brought against the prosecutor, who is absolutely immune from liability for the decision

15   to prosecute."); <u>see</u> <u>also</u> <u>Ismail v. County of Orange</u>, 917 F. Supp. 2d 1060, 1069 (C.D.

16   Cal. 2012) ("Application of prosecutorial absolute immunity at the 12(b)(6) stage is

17   particularly appropriate given the Supreme Court's admonition that "the federal courts

18   should be particularly reluctant to relax pleading requirements in cases such as this,

19   where the purpose of the . . . immunity doctrine is to free officials from the concerns of

20   litigation, including the avoidance of disruptive discovery.") (citing <u>Iqbal</u>, 556 U.S. at

21   685 (citing <u>Siegert v. Gilley</u>, 500 U.S. 226, 236 (1991)).

22         Though <u>Bivens</u> and prosecutorial immunity were not raised in the Motions to

23   Dismiss, Plaintiff was put on notice of the <u>Bivens</u> issue at the December 12, 2018

24   hearing.  Plaintiff stated that he could not respond to the issue at the time but would

address the issue in a First Amended Complaint.  Plaintiff, however, has since refused to amend his Complaint.  Plaintiff's refusal to do so is interpreted as the inability to plead facts to state a claim for malicious prosecution.  It is therefore recommended that the fourth cause of action for malicious prosecution be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

### 4.   Plaintiff Fails to State a Claim for "Commencement of False Action"

Plaintiff asserts a cause of action for "commencement of a false action" under 42 U.S.C. § 1983 against all defendants.  The Complaint is not clear the exact claim Plaintiff intends to assert.  Plaintiff cites no statute or caselaw that establishes such a claim. Plaintiff also alleges no constitutional violation actionable as a Bivens claim.  During the December 12, 2018 hearing, the Court discussed with Plaintiff that the allegations and claims in his Complaint are vague and uncertain.  Plaintiff agreed that he would file a First Amended Complaint to clarify his claims.  Moreover, the Court's Order of December 12, 2018, requiring Plaintiff to file a First Amended Complaint by no later than January 18, 2018, also noted that Plaintiff should clarify his allegations and claims. [Dkt. No. 63].  Plaintiff, however, has refused to amend and make such clarifications. [Dkt. No. 75].

Even with the leniency provided Plaintiff as a pro se plaintiff and the requirements of a Rule 12(b)(6) motion, Plaintiff simply fails to allege a "cognizable legal theory" in connection with this asserted claim.  See Caltex Plastics, Inc., 824 F.3d at 1159 ("A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories.") (citation omitted).  As such, it is recommended that Plaintiff's eighth cause of action for "commencement of false action" be dismissed for failure to state a claim.

1

### F.  <u>Plaintiff Received Proper Notice of the Motions to Dismiss</u>

2

Plaintiff's most repeated argument in opposition to the entirety of the Moving

3

Defendants' Motion to Dismiss is that it should be denied based on Defendants' failure

4

to give proper notice.  Plaintiff asserts the noticed Motion to Dismiss did not include the

5

hearing date and time, as required by California Code of Civil Procedure §1010 and

6

California Rule of Court 3.1110.   Moving Defendants filed and served a notice of motion

7

and Motion to Dismiss on Plaintiff on June 19, 2018. [Dkt. No. 28].  On July 23, 2018,

8

this Court issued a Minute Order Granting Defendants' <u>Ex</u> <u>Parte</u> Application to

9

Continue Motion Hearing Date, Vacating Hearing, and Requiring Service [Dkt No. 43],

10

which took the Motion to Dismiss hearing off calendar and issued a briefing schedule.

11

The December 12, 2018 hearing was later set by the Court in the Minute Order Denying:

12

(1) Motion for Entry of Default, and For Default Judgment; (2) Motion to Strike the

13

Motion to Dismiss; and (3) Motion for Order for Publication of Summons.  [Dkt.No. 57].

14

Plaintiff's opposition was filed on November 28, 2018.  [Dkt. No. 59].  This Court finds

15

Plaintiff was served with the Motion to Dismiss and received ample notice of the hearing

16

on the Motion to Dismiss.  Moreover, California Code of Civil Procedure §1010 and

17

California Rule of Court 3.1110 do not establish the requirements for notice of a motion

18

to dismiss in federal district court.

19

Plaintiff again argues improper notice with regard to Defendant Khan's Motion to

20

Dismiss.  Plaintiff also contends that Defendant's statements in the notice are too broad

21

and fail to justify the relief sought.  [Dkt. No. 85, 12-13].  Despite these assertions,

22

however, Plaintiff is registered to receive electronic service through the CM/ECF and he

23

filed both an opposition and a sur-reply in a timely manner setting forth significant

24

substantive arguments as to why his asserted Section 1983 claims against Khan should

not be dismissed.  The Court thus finds Plaintiff was given adequate notice of Khan's motion and the relief sought therein.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, this Court recommends the following: (a) any and all unserved defendants, including Eileen M. Decker, Michael Dier, United States Magistrate Judge Sheri Pym and the individual defendants' domestic partners/spouses or betrotheds, should be dismissed for lack of service of process; (2) any and all tort claims brought under the FTCA should be dismissed for lack of subject matter jurisdiction; (3) and all claims asserted pursuant to 42 U.S.C. Section 1983 or California Penal Code 118.1 should be dismissed for failure to state a claim upon which relief can be granted.

There being no remaining claims against properly served parties, this Court further recommends that the District Judge issue an Order as follows: (1) accepting this Report and Recommendation; (2) granting the Moving Defendants' Motion to Dismiss; (3) granting Defendant Khan's Motion to Dismiss; (4) dismissing the action in its entirety without leave to amend; and (5) directing that Judgment be entered accordingly.


Dated:   May 07, 2019                    _____/s/ Autumn D. Spaeth_____
                                         THE HONORABLE AUTUMN D. SPAETH
                                         United States Magistrate Judge

31